Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. DE C.V.,<br><br>Defendant. | No. 1:25-cv-06703<br><br>**~~[PROPOSED]~~ TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 65(B)** |

Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC have applied *ex parte* under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and order to show cause against Defendant Media Deportes Mexico, S. de R.L. de C.V. ("MDM").

Having reviewed the papers, declarations, exhibits, and memorandum of law, the Court hereby makes the following findings of fact and conclusions of law:

1. Plaintiffs have demonstrated that they are entitled to the injunctive relief sought by establishing that they are likely to succeed on the merits of their claims, that they are likely to suffer irreparable harm absent the injunctive relief, that the equities weigh in favor of the injunctive relief, and that the public interest weighs in favor of the injunctive relief.

2. With respect to the likelihood of success on the merits, the evidence shows the following:

a. Fox Corporation granted Twenty First Century Fox ("21CF") a non-exclusive license to use certain Fox Sports trademarks.

b. 21CF assigned its non-exclusive license to the following Fox Sports trademarks to MDM for use in Mexico (the "Fox Sports Trademarks"):

| | Mark Name | Mark Image | International Classes | Country | Status | App No. | Registration Number |
|---|---|---|---|---|---|---|---|
| 1 | AGENDA FOX SPORTS | | 41 | Mexico | Registered | 1717649 | 1652939 |
| 2 | CIRCUITO FOX SPORTS | | 41 | Mexico | Registered | 1436830 | 1449424 |
| 3 | COPA FOX SPORTS KIDS | | 9 | Mexico | Registered | 1350927 | 1369012 |
| 4 | COPA FOX SPORTS KIDS | | 38 | Mexico | Registered | 1350928 | 1369013 |
| 5 | COPA FOX SPORTS KIDS | | 41 | Mexico | Registered | 1350930 | 1369014 |
| 6 | FOX FIGHT CLUB | | 41 | Mexico | Registered | 1483645 | 1478450 |
| 7 | FOX GOL MEXICO | | 41 | Mexico | Registered | 694259 | 867973 |
| 8 | FOX SPORTS | | 16 | Mexico | Registered | 753483 | 915316 |
| 9 | FOX SPORTS | | 41 | Mexico | Registered | 265869 | 636281 |
| 10 | FOX SPORTS | | 38 | Mexico | Registered | 265870 | 636282 |
| 11 | FOX SPORTS | | 9 | Mexico | Registered | 1535691 | 1525583 |
| 12 | FOX SPORTS (Oval Two) | | 38 | Mexico | Registered | 1306352 | 1339943 |
| 13 | FOX SPORTS (Oval Two) | | 41 | Mexico | Registered | 1306349 | 1339940 |
| 14 | FOX SPORTS (Oval Two) | | 25 | Mexico | Registered | 1630071 | 1600775 |
| 15 | FOX SPORTS + (Banner) | | 41 | Mexico | Registered | 1035021 | 1132816 |
| 16 | FOX SPORTS + (Banner) | | 38 | Mexico | Registered | 1035022 | 1138645 |
| 17 | FOX SPORTS 2 | | 38 | Mexico | Registered | 1298816 | 1318302 |
| 18 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1298817 | 1336214 |
| 19 | FOX SPORTS 2 | | 38 | Mexico | Registered | 1306350 | 1339941 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1306351 | 1339942 |
| 21 | FOX SPORTS 3 | | 38 | Mexico | Registered | 1299818 | 1336215 |
| 22 | FOX SPORTS 3 | | 41 | Mexico | Registered | 1299820 | 1336216 |
| 23 | FOX SPORTS 3 | | 38 | Mexico | Registered | 1306356 | 1339945 |
| 24 | FOX SPORTS 3 | | 41 | Mexico | Registered | 1306358 | 1339944 |
| 25 | FOX SPORTS CANTERA | | 41 | Mexico | Registered | 1406890 | 1417195 |
| 26 | FOX SPORTS PLAY | | 9 | Mexico | Registered | 1283313 | 1324838 |
| 27 | FOX SPORTS PLAY | | 38 | Mexico | Registered | 1283316 | 1327138 |
| 28 | FOX SPORTS PLAY | | 41 | Mexico | Registered | 1283318 | 1323027 |
| 29 | FOX SPORTS PLAY | | 42 | Mexico | Registered | 1283020 | 1327374 |
| 30 | FOX SPORTS RADIO | | 38 | Mexico | Registered | 1233187 | 1283912 |
| 31 | FOX SPORTS RADIO | | 41 | Mexico | Registered | 1233191 | 1284787 |
| 32 | LATITUD FOX (Grayscale) | | 41 | Mexico | Registered | 1860943 | 1770079 |
| 33 | FOX PLAY | | 9 | Mexico | Registered | 1282827 | 1319645 |
| 34 | FOX PLAY | | 38 | Mexico | Registered | 1282829 | 1319646 |
| 35 | FOX PLAY | | 41 | Mexico | Registered | 1282831 | 1320075 |
| 36 | FOX PLAY | | 42 | Mexico | Registered | 1282832 | 1320537 |

In doing so, MDM assumed the obligations that 21CF owed to Fox, including (1) subjecting itself to personal jurisdiction in New York and agreeing to litigate any disputes arising out of the Fox Sports Trademarks in a New York court, as well as (2) agreeing not to take any actions that would harm the reputation and good will of the Fox Sports Trademarks.

c. MDM thereafter operated a sports broadcasting business using the Fox Sports Trademarks in Mexico under the brand name Fox Sports Mexico. Over the last 18 months, MDM experienced broadcast disruptions and lost licensing rights to several major

sporting events for failure to pay licensing fees. These rights losses were reported in the news media.

d. Because of these rights losses, Fox Corporation terminated MDM's license to use the Fox Sports Trademarks, because MDM's failure to pay its licensing fees, and the loss of rights that resulted, harmed the reputation and good will of the Fox Sports Trademarks, in breach of MDM's agreement.

e. Following that termination, MDM initiated litigation in Mexico and obtained an injunction prohibiting Fox Corporation, Fox Media LLC, and Fox Cable Network Services LLC from injuring MDM's rights to use the Fox Sports Trademarks. In seeking the injunction, MDM asserted that it held an exclusive license to use the Fox Sports Trademarks in Mexico. The injunction included a prohibition against using the "Fox Deportes" mark, which was not included in MDM's agreement granting it a non-exclusive license to use the Fox Sports marks. MDM's injunction asked that 17 of Fox's business partners receive notice of the injunction. At least two of those companies received notice of the injunction and asked Fox about its legal basis for doing business in Mexico.

f. In seeking the Mexico injunction, MDM asserted that the IFT, a Mexican telecommunications regulator, ordered that MDM must receive an exclusive license to use the Fox Sports Trademarks. That contention is inconsistent with the license-granting language in MDM's agreement and is inconsistent with statements made by the IFT.

g. MDM published a notice in a Mexican newspaper announcing its license to use the Fox Sports Trademarks. That notice state that both the original registrant of those marks and MDM had the exclusive right to use the Fox Sports Trademarks. Fox Corporation or one of its affiliates is the original registrant of the Fox Sports Trademarks.

h. MDM obtained the Mexico injunction in March 2025. To date, no party subject to the injunction has been served with a complaint asserting the claims that underlie MDM's injunction.

i. In April 2025, MDM requested an order from the Mexican Trademark Office, IMPI, to conduct a raid of MediaPro, a studio production company that provides live Spanish-language programming for Fox Sports en Español for broadcast in the United States. MediaPro is Fox Sports en Español's primary facility for producing Spanish-language content for Fox's U.S. audience. In its order, IMPI cited MDM's injunction as the basis for granting MDM's request.

j. In June 2025, IMPI officials attempted to search MediaPro's facilities in Mexico for material in violation of MDM's injunction. MediaPro refused IMPI entry to its facilities. As a result of this raid, MediaPro required Fox to indemnify it for any harm arising from producing content for Fox in Mexico.

k. On August 11, 2025, IMPI shutdown MediaPro's facilities in Mexico. As a result of that shutdown, Fox's ability to broadcast Spanish-language content to the United States was disrupted. Fox incurred costs to find alternative avenues to produce and broadcast live Spanish-language content for consumption in the U.S.

l. On August 12, 2025, MDM called personnel at Fox to ascertain where else in Mexico Fox maintains production facilities. During that call, MDM indicated that it was seeking to disrupt additional facilities used by Fox.

m. Fox Media LLC owns the following U.S.-registered trademarks relating to Fox Sports (the "U.S. Fox Sports marks"):

- A standard character mark to "Fox Sports" under serial number 74486901 and classified as Class 038 for use in television and cable television broadcasting services.
- A standard character mark to "Fox Sports" under serial number 74802818 and classified as Class 041 for use in entertainment services in the nature of production and distribution of television programs.
- A standard character mark to "Fox Sports" under serial number 75524006 and classified as Class 041 for use in providing on-line information in the field of sports via a global communications network.
- A mark to a particular illustration with "Fox Sports" surrounded by a stylized oval under serial number 78488856 and classified as Class 038 for use in television transmission services:
- A mark to the same illustration with "Fox Sports" depicted *supra* but under serial number 78488865 classified as Class 41 for use in entertainment services in the nature of television programming; providing on-line information in the field of sports via the Internet.

n. MDM uses marks identical to the U.S. Fox Sports marks on websites and social media that are accessible in the United States. The marks used by MDM are likely to cause consumer confusion because they are identical to the U.S. Fox Sports marks.

Case 5:25-cv-00703-JKP Document 29 Filed 08/14/25 Page 7 of 11

o. MDM does not have a license to use the U.S. Fox Sports marks in the U.S.

p. The evidence shows that MDM breached the forum selection clause of its license agreement by seeking the Mexico injunction.

q. The evidence shows that Fox Corporation is likely to succeed in showing MDM breached its license agreement by failing to pay licensing fees for sports content associate with the Fox Sports Trademarks.

r. The evidence shows that Fox Corporation is likely to succeed in showing that (1) MDM sought its Mexico injunction in bad faith by basing its request on the false claim that it holds an exclusive license to use the Fox Sports Trademarks, and (2) MDM used its Mexico injunction to interfere with Fox's business relations, including Fox's relationship with MediaPro.

s. The evidence shows that Fox is likely to succeed in showing that MDM infringed the U.S.-registered Fox Sports marks.

3. With respect to the irreparable harm factor, the evidence shows that Defendant's actions are likely to cause irreparable harm to Plaintiffs. The evidence shows that Defendant's pursuit and use of the Mexico injunction will frustrate the forum selection clause in MDM's license agreement and force Fox Corporation to litigate in a forum not contemplated by the agreement, which constitutes irreparable harm. The evidence shows that MDM's continued use of the Fox Sports Trademarks and pursuit of bad-faith litigation will likely damage Fox Corporation's reputation, which constitutes irreparable harm. The evidence shows that MDM's use of the Mexico injunction will likely prevent Fox from providing its products to its consumers, which constitutes irreparable harm. The evidence shows that MDM's unauthorized use of marks identical to the U.S.-registered Fox Sports marks will likely cause consumer

confusion in the United States, which constitute irreparable harm. A temporary restraining order is necessary to prevent damage to Plaintiffs' reputation, to vindicate the forum selection clause in MDM's license, to enable Plaintiffs to continue providing its broadcasting product to consumers, and to prevent infringement of the U.S.-registered Fox Sports marks.

4. With respect to the balance of equities and public interest factors, the evidence shows that, without an injunction, Fox will be denied its contractual right to the forum-selection clause, continue to suffer irreparable harm by MDM's wrongful use of its marks, and be subject to harassment and disruption arising from litigation that MDM had no right to pursue. MDM has no countervailing interest. The public interest weighs in favor of issuing an injunction because the public interest is served in enforcing contracts, including forum selection clauses, as well as the trademark laws.

5. The evidence shows that an anti-suit injunction prohibiting MDM from seeking to enforce the Mexico injunction, or otherwise use the judicial and regulatory process in Mexico to pursue rights under MDM's license agreement, is appropriate. The parties to the proceeding from which the Mexico injunction issued are substantially similar to the parties in this action, and an injunction would be dispositive of the proceeding in the foreign forum. The evidence also shows that the *China Trade* factors weigh in favor of granting an anti-suit injunction.

6. The evidence shows that a temporary restraining order should issue without notice to Defendant. If provided notice, Defendant is likely to use the Mexico injunction to disrupt Fox's business before this Court could act. In that event, the evidence shows that Defendant is likely to take actions that render this Court unable to grant effective relief. For that reason, a temporary restraining order without notice to Defendant is appropriate.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defendant show cause before a motion term of this Court, at Room 12-B, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on August 28, 2025, at 11:30 a.m. thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be entered granting Plaintiffs a preliminary injunction and restraining Defendant, its agents, employees, attorneys, and any persons in active concert or participation with it, from doing the following:

(1) using the Fox Sports Trademarks in Mexico;

(2) using the U.S. Fox Sports marks in the United States;

(3) pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce the injunction issued on March 26, 2025 by Civil Department 42 of the Superior Court of Justice of Mexico City; and

(4) taking any action to disrupt, hinder, or undermine Fox's business relationships with Audiovisuales Media Pro Mexico, S.A. de C.V. (MEXICO) ("MediaPro"), Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., or Wis Master Mexico S.A. de C.V.

The answering papers, if any, shall be filed and served on or before August 21, 2025. Any reply shall be filed and served on or before August 26 2025.

It is further **ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, Defendant and anyone acting in concert with Defendant are restrained from

(1) using the Fox Sports Trademarks in Mexico;

(2) using the U.S. Fox Sports marks in the United States;

(3) pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce the injunction issued on March 26, 2025 by Civil Department 42 of the Superior Court of Justice of Mexico City; and

(4) taking any action to disrupt, hinder, or undermine Fox's business relationships with Audiovisuales Media Pro Mexico, S.A. de C.V. (MEXICO) ("MediaPro"), Telefonía por Cable S.A. de C.V., Cablemas Telecommunications S.A. de C.V., Total Play Telecommunications S.A.P.I.D, Amazon.com Services LLC, Corporación Novavisión S. de RL de C.V., Claro Video LLC, Grupo W COM S.A. de C.V., Apple Store LLC, Google Store LLC, Stripe LLC, ROKU LLC, Radio Movil Dipsa S.A. de C.V., Libros Foráneos S.A. de C.V., Soccer Media Solutions S.A. de C.V., Next Natal S.A.P.I de C.V., or Wis Master Mexico S.A. de C.V.

It is further **ORDERED** that Plaintiffs are excused from posting a surety bond for good cause shown.

It is further **ORDERED** that providing a copy via electronic mail of this order, all papers submitted in support of Plaintiffs' Motion, and the complaint initiating this action upon the defendant or its counsel on or before *five* o'clock in the *after*noon, *on August 15, 2025* shall be deemed good and sufficient service thereof.

Case 1:25-cv-05703-JSR Document 29 Filed 08/14/25 Page 11 of 11

**IT IS SO ORDERED.**

By the Court:

8/14/25 at 3:15 pm
Dated

[Part I]
United States District Judge