**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL LLC,**<br>**Plaintiffs,** | § | |
| | § | **CAUSE NO.** 4:25-CV-4650 |
| **V.** | § | |
| **LAURA POALA ARROYO RODRIQUEZ,**<br>**Defendant.** | § | |

**TEMPORARY RESTRAINING ORDER**

This matter came before the Court by way of Plaintiffs Fox Corporation, Fox Media LLC, and Sports En Español LLC (collectively "Plaintiffs" or "Fox") Application for Emergency Ex Parte Temporary Restraining Order against Defendant Laura Poala Arroyo Rodriquez ("Defendant" or "Rodriquez") as a result of a fraudulent transfer of real property under the Texas Uniform Fraudulent Transfer Act ("TUFTA") in accordance with Rule 65 of the Federal Rules of Civil Procedure. Based on Plaintiffs' Complaint and Application for Emergency Ex Parte Temporary Restraining Order, including supporting Declarations and Exhibits, the Court hereby makes the following findings of fact and conclusions of law for purposes of this Temporary Restraining Order:

1. Plaintiffs have demonstrated that they are entitled to injunctive relief sought by establishing that they are likely to succeed on the merits of their claims, that they are likely to suffer irreparable harm absent injunctive relief, that the

equities weigh in favor of the injunctive relief, and that the public interest weighs in favor of the injunctive relief.

2. The evidence shows that a temporary restraining order should issue without notice to Defendant. This case arises out of the likely fraudulent transfer of real property in Montgomery, Texas by Rodriquez's brother, Manuel Arroyo ("Arroyo"), to Rodriquez after the United District Court for the Southern District of Texas found Arroyo to be in civil contempt for violating a Temporary Restraining Order. Plaintiffs have demonstrated that notice to Rodriquez and her brother, Manuel Arroyo, should be excused, because Arroyo and Rodriquez are likely to further transfer or encumber the real property if provided notice of the Application for Temporary Restraining Order and such actions would cause immediate, irreparable harm to Plaintiffs by dissipating most if not all of Arroyo's known assets. This immediate and irreparable harm will likely occur if an emergency ex parte TRO is not granted. For these reasons, a temporary restraining order without notice to Defendant is appropriate.

3. With respect to the likelihood of success on the merits, the evidence shows the following:

a. By Order dated August 14, 2025, the United States District Court in the SDNY (the "District Court in the SDNY") issued a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction Under Federal Rule of Civil Procedure 65(b) prohibiting MDM from using Fox Sports Trademarks in Mexico, using U.S. Fox Sports marks in the U.S., pursuing legal or regulatory action relating

to the Fox Sports trademarks in Mexico, and disrupting Fox's relationships with certain business partners.

b. On August 29, 2025, the District Court in the SDNY issued an Order modifying the Temporary Restraining Order to specifically prohibit MDM from seeking to enforce an injunction issued on August 27, 2025, by the Civil Department 42 of the Superior Court of Justice of Mexico City.

c. On August 29, 2025, the District Court in the SDNY issued Orders finding that MDM and its president, Manuel Arroyo, with others had acted in civil contempt of the Temporary Restraining Order and ordered civil contempt sanctions against MDM and Arroyo by imposing a fine of $200,000 per day to be paid daily to the Clerk of the Court of the SNDY. Arroyo received notice of the contempt order against him the same day.

d. Within three days of the entry of the Contempt Order, with full knowledge that the Contempt Order had been issued, Arroyo transferred real property located at 3 Philbrook Way, Spring, Texas 77382-1377 in Montgomery, Texas by executing a Special Warranty Deed on or about September 2, 2005, transferring ownership of the property to Rodriquez.

e. This transfer likely constituted a fraudulent transfer under TUFTA with the intent to hinder, delay, and defraud Plaintiffs and frustrate the contempt order of the District Court in the SDNY, based on the number of "badges of fraud" listed in TUFTA, including but not limited to: a) the transfer was made to an insider, Arroyo's sister. TEX. BUS. & COM. CODE. § 24.005(b)(1); b) Before the transfer

was made, MDM and Arroyo were held in contempt for not complying with the Temporary Restraining Order. TEX. BUS. & COM. CODE. § 24.005(b)(4); c) The transfer occurred on September 2, 2025 shortly after a substantial debt by Arroyo was incurred by issuance of the Contempt Order on August 29, 2025, which imposed a daily fine of $200,000. TEX. BUS. & COM. CODE. § 24.005(b)(10); d) The transfer likely was not for reasonably equivalent value. TEX. BUS. & COM. CODE. §§ 24.005(b)(8) and 24.004; d) the transfer likely involved most if not all of Arroyo's assets in Texas. TEX. BUS. & COM. CODE. § 24.005(b)(5); and e) Arroyo is in Mexico and has absconded from Texas. TEX. BUS. & COM. CODE. § 24.005(b)(6).

f. Under TEX. BUS. & COM. CODE. § 24.008(a)(1), Plaintiffs are likely entitled to an order requiring the transfer of the real property in Montgomery County, Texas back into the name of Arroyo and/or voiding the transfer of the property in Montgomery County, Texas from Arroyo to Rodriquez.

g. Plaintiffs are entitled to injunctive relief under TUFTA "against further disposition… of the asset transferred" and for "any other relief the circumstances may require." TEX. BUS. & COM. CODE § 24.008(a)(3)(A) and (B).

h. Because the property was likely obtained as a result of the fraudulent transfer, the real property in Montgomery County, Texas should, in equity, be held in constructive trust for the benefit of Plaintiffs.

4. With respect to the imminent and irreparable harm factors, the evidence shows that the Plaintiffs will suffer imminent, irreparable harm. The evidence of insider transfer, the timing of the transfer, and other classic badges of fraud show a

concrete risk of further disposition that would "impair [a] Court's ability to grant an effective remedy" on the merits. *See Janvey v. Agluire*, 647 F.3d 585, 598-606 (5th Cir. 2011) (affirming preliminary injunction freezing assets where dissipation of the very property at issue would thwart equitable remedies under TUFTA). Preserving the real property is necessary to ensure that levy or sale in satisfaction of judgment remains possible and to prevent a subsequent sale or encumbrance that would irretrievably complicate or defeat this relief. Irreparable harm is therefore imminent and non-speculative. *See Janvey*, 647 F.3d at 598-606. The failure to undo the transaction also will cause irreparable harm, because Fox has been unable to locate any other significant assets that Arroyo has in Texas or the United States that could be executed upon to satisfy a money judgment, and the transfer will dissipate most if not all of Arroyo's assets that can be used to recover the contempt sanction.

5. There is no adequate remedy if the transfer of the real property is not voided, and the property is not returned to Arroyo. There is substantial risk of further disposition from Rodriquez to a *bona fide* purchaser or lender through a second transfer or otherwise encumbering the property at issue, which would further frustrate avoidance and leave Plaintiffs chasing proceeds.

6. The balance of equities and public interest favor issuance of the requested injunctive relief and will be served by the promotion of ethical behavior, ensuring the compliance of orders issuing by the federal courts, and the protection of property rights. Rodriquez has no countervailing interest, as she paid no consideration for the real property.

Based on the above findings of fact and conclusions of law, I find that Plaintiffs are entitled to a TRO.

THEREFORE, IT IS HEREBY ORDERED THAT A TEMPORARY RESTRAINING ORDER SHALL ISSUE AS FOLLOWS:

1. The Court hereby exercises in rem jurisdiction over the real property located at 3 Philbrook Way, Spring, Texas 77382-1377 in Montgomery County, Texas with a legal description of Woodlands Village of Carlton Woods 13, Block 1, Lot 10, with Property ID 300698, Geographic ID 9600-13-01000, Tax Office ID 9600-13-01000 ("the Philbrook Way property");

2. Arroyo's transfer of title of the Philbrook Way property to Rodriguez by Special Warranty Deed dated September 2, 2025 is hereby voided. By operation of this Order, title to the Philbrook Way property is now held by Arroyo. Plaintiffs are ordered to cause this injunction to be recorded with the Montgomery county clerk's office, and the Montgomery county clerk's office is directed to record this order upon the Philbrook Way property;

3. Any transfer or encumbrance of the Philbrook Way property in Montgomery, Texas is hereby enjoined to prevent dissipation of the fraudulently transferred asset;

4. The Philbrook Way property in Montgomery County, Texas shall be preserved in a constructive trust for the benefit of Plaintiffs;

It is further ORDERED that Plaintiffs are excused from posting a surety or other bond for good cause shown.

It is further Ordered that a preliminary injunction hearing is set for _________ at ______ but Plaintiffs may request one 14 day delay pursuant to Federal Rule of Civil Procedure 65(d)(2).

IT IS SO ORDERD this ____ day of _______________, 2025.

_______________________________________
United States District Judge