United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Fox Corporation, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4650 |
| | § | |
| Laura Paola Arroyo Rodriguez, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court are several motions: Defendant Laura Paola Arroyo Rodriquez's Motion to Compel Joinder, Doc. 17; Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC's Motion to Modify Preliminary Injunction, Doc. 37; and Defendant's Motion to Stay, Doc. 51. All three of these motions are denied.

The parties' joint request for a status conference to discuss these motions, Doc. 65, is denied as moot. However, if it would be helpful to the parties moving forward, upon motion of any party, the Court can schedule a status conference to discuss any other issues in the case.

Plaintiffs' Motion for Protective Order, Doc. 61, is hereby referred to Magistrate Judge Yvonne H. Ho for further adjudication. *See* 28 U.S.C. § 636(b)(1)(A).

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises of out a dispute that is being litigated in the United States District Court for the Southern District of New York. *Fox Corporation et al. v. Media Deportes Mexico*, No. 25-cv-6703 (S.D.N.Y. Aug. 14, 2025). In that case, Plaintiffs sued Media

Deportes Mexico, a Mexican broadcasting company, for misappropriation of intellectual property and other related causes of action. *Id.* And as part of that case, Plaintiffs obtained a contempt judgment against the president of Media Deportes Mexico, Manuel Arroyo. *Id.*, Doc. 45.

Plaintiffs brought this case to void a transfer of Texas real property from Arroyo to his sister, Defendant Laura Paola Arroyo Rodriguez. Doc. 1. Plaintiff argues that Defendant transferred the property just after the contempt judgment was entered in an effort to shield the asset from Plaintiffs. Doc. 27 at 3 (First Amended Complaint). The Court granted Plaintiffs an *ex parte* Temporary Restraining Order, in which the Court "exercise[d] in rem jurisdiction over the property," "voided" the transfer of title, enjoined "[a]ny transfer or encumbrance" of the property, and ordered the property to be "preserved in a constructive trust for Plaintiffs." Doc. 3 at 6. The parties then agreed to a preliminary injunction with similar terms. Doc. 22.

After the injunction was entered, Plaintiffs filed a separate case in this district to register the contempt judgment from the Southern District of New York. *See Fox Corp. et al. v. Arroyo*, No. 4:25-mc-2271 (S.D. Tex. Nov. 11, 2025).

Before the entry of the preliminary injunction, Defendant moved to join her brother as a necessary party. Doc. 17. Then, Plaintiffs moved to modify the preliminary injunction and asked the Court to allow them to record a lien against, and force the sale of, the property to collect on the contempt judgment while this case remains ongoing. Doc. 37. After that, in the judgment registration case in this district, Defendant's brother moved to vacate the contempt judgment against him in the underlying case, *see* Doc. 2, *Fox Corp. v. Arroyo*,

2

No. 4:25-mc-2271 (S.D. Tex. Nov. 11, 2025), and Plaintiff then moved to stay this case pending the resolution of that motion, Doc. 52.

## II.  LEGAL STANDARD

### A.  Joinder

Under Federal Rule of Civil Procedure 19, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" one of two conditions is met. First, such a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, such a party must be joined if he "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

### B.  Modification of Preliminary Injunction

A party seeking a preliminary injunction must establish the following elements: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "A preliminary injunction is an extraordinary remedy and should only

be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* (internal quotation marks omitted).

Modification of a previously granted preliminary injunction falls within the continuing jurisdiction of a district court, and "the court is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974) (citation omitted).

### C. Stay

"The power to stay a matter is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Langiano v. City of Fort Worth, Texas*, 131 F.4th 285, 290 (5th Cir. 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to stay a case, the Court must "weigh competing interests and should only grant a stay when special circumstances exist, such as the need to avoid substantial and irreparable prejudice." *Id.* at 291 (internal quotation marks and citations omitted).

Plaintiffs argue that whether to stay the case is governed by *Nken v. Holder*, 556 U.S. 418 (2009). Doc. 57 at 7. But *Nken* is about whether to stay final judgment in a case pending appeal, not whether to stay one case pending another case's disposition. *Id.* at 421. And in cases involving stays for a related case, courts that have considered whether to apply the *Landis* test or the *Nken* test "have overwhelmingly concluded that the *Landis* test or something similar governs." *Kuang v. U.S. Dep't of Defense*, No. 18-cv-3698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) (collecting cases).

4

### III.  ANALYSIS

First, the Court denies Defendant's motion to join her brother as a necessary party because he does not claim an interest in the property and because the Court can administer complete relief without him. *See* Fed. R. Civ. P. 19(a). Second, the Court declines to modify the preliminary injunction because doing so would not preserve the status quo. And finally, the Court declines to stay the case because moving forward at this stage will not cause harm.

#### A.  Joinder

Defendant argues that her brother is a necessary party because the Court cannot accord complete relief without his presence in the case. Doc. 18 at 3. The Court disagrees.

First, Defendant's view is that her brother has already transferred the property to her, so Defendant has not shown that her brother actually claims an interest in the disputed real property. Rule 19(a)(1)(B), which only applies to a third party who "claims an interest relating to the subject of the action," thus does not apply.

Second, Defendant's brother is not necessary to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In fraudulent transfer cases, "the weight of authority is that a transferor is indispensable only where he has retained an interest in the conveyed property." *Takiguchi v. MRI Int'l, Inc.*, Case No. 2:13-CV-01183-JAD-VCF, 2015 WL 13677808, at *2 (D. Nev. Jan. 23, 2015) (collecting cases). As one court explained, "[i]n a suit to set aside a fraudulent conveyance, the grantor is not an indispensable party defendant where he has retained no interest, either legal or equitable,

in the property conveyed." *Allan v. Moline Plow Co.*, 14 F.2d 912, 915 (8th Cir. 1926) (citation omitted).

There are two reasons for this rule. First, "[t]he property in such a case has irrevocably passed from the grantor's control [and] he cannot be prejudiced by a decree which subject[s] such property to the payment of his debts." *Id*. (citation omitted). And second, the grantor "cannot enjoy any of the fruits of a successful prosecution of the suit to set aside the fraudulent conveyance, for, after the creditor's demand is satisfied, the remainder of the fund goes to the fraudulent grantee." *Id.* (citation omitted).

The same principles apply here. Under "the law of Texas . . . if a fraudulent conveyance of real property is established, as between the grantor and grantee the grantor no longer has any right in or claim to the fraudulently conveyed property. *United States v. Simmons*, No. 4:13-CV-066-A, 2013 WL 5873366, at *1 (N.D. Tex. Oct. 31, 2013) (citing *Stevens v. Cobern*, 213 S.W. 925, 926 (Tex. 1919)). "[T]itle passes to the vendee in the fraudulent conveyance, as against the debtor and his estate." *Douglas v. First Nat. Bank*, 40 S.W.2d 801, 802 (Tex. 1931). It follows that after the defrauded creditor claims his portion, "any such vendee would receive any excess in the value of the property conveyed." *Id.*

This rule and these reasons apply here and show why Defendant's brother is not a necessary party. If Plaintiffs are ultimately entitled to relief, the Court will be able to accord complete relief without Defendant's brother by simply declaring the transfer fraudulent as to the creditors. Because "title passes to the vendee in the fraudulent conveyance as against the debtor," *Douglas*, 40 S.W.2d at 802, any remaining claim to, or interest in, the property

6

would belong to Defendant, not her brother. In other words, either the conveyance was lawful, in which case Defendant alone holds title to the property, or the transfer was fraudulent, meaning only Plaintiffs (as creditors) and Defendant (as the vendee/grantee) will maintain an interest in it. Regardless, Defendant's brother will not be affected by the lawsuit, so the Court can accord complete relief without his participation. So, because he will not be affected by the lawsuit, the Court can "accord complete relief among existing parties" without him. Fed. R. Civ. P. 19(a)(1)(A).

Defendant argues that "contracting parties [are] indispensable in actions to enforce or cancel contracts," and cites several cases in support of that argument. Doc. 18 at 4. But that principle applies where the necessary party retains an interest in the contract or instrument such that it is impossible for the court to accord complete relief without having the necessary party present. For example, Defendant relies on *Tucker v. National Linen Service Corp.*, 200 F.2d 858, 863 (5th Cir. 1953). Doc. 18 at 4. But in that case, the third parties were necessary because Plaintiffs sought "equitable relief by way of cancellation of certificates standing in the names of persons not parties to the suit." *Tucker,* 200 F.2d at 863. None of Defendant's cases address a situation like this one, in which the absent party does not currently maintain an interest in the property and does not stand to gain any through disposition of the case.

Because he claims no interest in the property, and because the Court can order complete relief without him in the case, the Court declines to join Defendant's brother.

### B. Modification of Preliminary Injunction

The Court declines to modify the preliminary injunction so as to allow Plaintiffs to levy the property to collect on the contempt judgment. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Jonibach Mgmt. Tr. v. Wartburg Enters., Inc.*, 750 F.3d 486 (5th Cir. 2014) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Allowing Plaintiffs to seek execution now would not preserve the status quo.

### C. Stay

In Plaintiffs' case registering the judgment from the Southern District of New York, Defendant's brother has filed a motion to vacate the Southern District of New York's judgment. Doc. 2, *Fox Corp. v. Arroyo*, No. 4:25-mc-2271 (S.D. Tex. Nov. 11, 2025). Defendant asks this Court to stay this case pending the result of that motion. Doc. 51.

In deciding whether to stay a case, the Court must "weigh competing interests and should only grant a stay when special circumstances exist, such as the need to avoid substantial and irreparable prejudice." *Langiano*, 131 F.4th at 290 (citation omitted).

Here, a stay harms Plaintiffs by preventing them from going forward with their case, and Defendant fails to show any resulting prejudice. Defendant argues that it will be harmed by being deprived of the property. Doc. 51 at 6–7. But if the case moves forward, Plaintiffs will not be able to immediately force the property's sale or effectuate a conveyance of title. Rather, the Court's preliminary injunction will remain in place, under which the property will be "preserved in a constructive trust." Doc. 3 at 6; Doc. 22. Because the status of the property cannot even potentially change until later in the case, Defendant

has not shown any hardship or inequity from moving forward at this time. For this reason, exercising its discretion, the Court declines to stay the case. This denial is without prejudice to the filing of a later motion to stay.

## IV.  CONCLUSION

For these reasons, Defendant's motion to join is DENIED, Plaintiff's motion to modify the preliminary injunction, Doc. 37, is DENIED, and Defendant's motion to stay, Doc. 51, is DENIED.

**SO ORDERED.**

SIGNED at Houston, Texas, on the 16th day of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge

9