**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL LLC,** | § | |
| **Plaintiffs,** | § | |
| | § | **CAUSE NO. 4:25-CV-4650** |
| **V.** | § | |
| | § | |
| **LAURA PAOLA ARROYO RODRIGUEZ,** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSES TO DEFENDANT'S**
**SECOND AMENDED OBJECTIONS TO TRIAL EXHIBIT LIST**

| No. | Description | Defendant's Objection | Response to Objection |
|---|---|---|---|
| 13. | Deed for 63 E. Hullwood Circle, Spring, TX (FOX 000051 – FOX 000053) | Irrelevant; does not prove any element of a TUFTA claim. | Exhibit 13 is relevant to the element of fraudulent intent; it shows that Rodriguez already owns a house in Texas. |
| 14. | Tax Assessor Info for 63 E. Hullwood (FOX 000054) | Irrelevant; does not prove any element of a TUFTA claim. | Exhibit 14 is relevant to the element of fraudulent intent; it shows that Rodriguez already owns a house in Texas. |
| 17. | Photograph of 63 E. Hullwood Circle (FOX 000071) | Irrelevant; does not prove any element of a TUFTA claim. | Exhibit 15 is relevant to the element of fraudulent intent; it shows that Rodriguez already owns a house in Texas. |
| 18. | Deed for 87 Lakeside Green to Arroyo Monge (FOX 000713 – FOX 000715) | Irrelevant; does not prove any element of a TUFTA claim. The Lakeside property was homesteaded, not subject to TUFTA | Exhibit 18 is relevant to the badge of fraud regarding transfer "of substantially all the debtor's assets," § 24.005(b)(5), and to show a pattern of divesting assets. |
| 20. | SDNY Dkt. No. 42-1, Exs. A, A1, B, B1 (FOX 000754-000797) | Irrelevant; the document purports to be a lawsuit in Mexico by MDM against Fox et al. MDM is not a party to this case, and Mexican litigation is not an element in this case. | Exhibit 20 is relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing violations of the SDNY injunction. |
| 22. | Response in Support of Plaintiffs' Emergency Motion to Hold Defendant Media Deportes Mexico and Non-parties Mexico Sports Distribution LLC, Grupo Lauman Holding and Manuel | Irrelevant; the document does not bear on any element in the case under TUFTA or jurisdictional SDNY issues. Further, the pleading is by Fox with no response by MDM or | Exhibit 22 is relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing violations of the SDNY injunction. |

| | | | |
|---|---|---|---|
| | Arroyo in Contempt - SDNY ECF No. 66 (FOX 000804-000819) | Arroyo; thus, the document has not been subject to any scrutiny and is therefore unreliable. | |
| 26. | Email correspondence between Gutierrez Firm and Jackie Ward Law Firm regarding transfer from August 29, 2025 to September 8, 2025 regarding transfer and creation of LLC (PG0031 – PG 0033) - Patricio Gutierrez Deposition 04/21/2026 | Irrelevant; the email relates to the potential transfer of the house at issue to a limited liability company between a party representing Mr. Arroyo and the Gutierrez law firm. Neither is a principal; neither represents Ms. Paola, the owner of the house at that time; neither has authority to transfer the house, and the house was not transferred to an LLC. | Exhibit 26 is relevant to showing fraudulent intent by Arroyo's efforts to place property out of the reach of creditors and establishing the badges of fraud for (1) a pattern of divesting assets, (2) transfer of substantially all of Arroyo's assets, (3) Arroyo maintaining control over the property after transfer. |
| 27. | E-mails between Gutierrez Law Firm representatives and Rosaura Rebeca Valdez Chow quoting price for property transfer to LLC dated September 4, 2025 (PG0029 – PG0030) - Patricio Gutierrez Deposition 04/21/2026 | Irrelevant; the email relates to the potential transfer of another house, not the one at issue, to a limited liability company between a party representing Mr. Arroyo and the Gutierrez law firm. Neither is a principal; neither represents the owner of the other house, the owner of the house at that time; neither has authority to transfer the house, and the house was not transferred to an LLC. Also, the Lakeside property, the other house, was under homestead; it is and was not subject to TUFTA; therefore, its transfer was unquestionably lawful, and Fox did not file suit on it. | Exhibit 27 is relevant to showing fraudulent intent by Arroyo's efforts to place property out of the reach of creditors and establishing the badges of fraud for (1) a pattern of divesting assets, (2) transfer of substantially all of Arroyo's assets, (3) Arroyo maintaining control over the property after transfer. |
| 28. | E-mail from Guitierrez Law Firm representative Patricio Gutierrez to Rosaura Rebeca terminating attorney-client relationship dated September 12, 2025 - Patricio Gutierrez Deposition 04/21/2026 | Irrelevant, Gutierrez's withdrawal from representing Mr. Arroyo was solely based upon Mr. Gutierrez's aversion to anything litigation-related. He testified it had nothing to do with Mr. Arroyo, Mr. Gutierrez would have withdrawn from any client who was in litigation. | Exhibit 28 is relevant to demonstrating fraudulent intent under TUFTA. It shows that Arroyo was trying to further transfer the property in question to get it out of reach of creditors and his attorney terminated their relationship because he did not want to represent a client involved in the Fox SDNY litigation. |
| 29. | Gutierrez Law Firm Refund for Second Engagement to transfer to LLC (PG0191, PG0192 and PG0111) - Patricio Gutierrez Deposition 04/21/2026 | Irrelevant, Gutierrez's withdrawal from representing Mr. Arroyo was solely based upon Mr. Gutierrez's aversion to anything litigation-related. He testified it had nothing to do | Exhibit 29 is relevant to demonstrating fraudulent intent under TUFTA. It shows that Arroyo was trying to further transfer the property in question to get it out of reach of creditors and |

| | | | |
|---|---|---|---|
| | | with Mr. Arroyo, Mr. Gutierrez would have withdrawn from any client who was in litigation. | his attorney terminated their relationship because he did not want to represent a client involved in the Fox SDNY litigation. |
| 37. | Stoneturn Report (2/16/2026) (FOX 000698 – FOX 000699) | Irrelevant, the asset report is not an element under the pleaded TUFTA claim. | Exhibit 37 is relevant to the badge of fraud regarding transfer "of substantially all the debtor's assets." TUFTA § 24.005(b)(5). |
| 38. | CV of Dan Murphy (FOX 000700 – FOX 000702) | Irrelevant, if Murphy is allowed to testify then no objection to his resume. | Exhibit 38 is relevant to the badge of fraud regarding transfer "of substantially all the debtor's assets." TUFTA § 24.005(b)(5). |
| 39. | CV of Mike Brubaker (FOX 000703 – FOX 000712) | Irrelevant, the value of the house is not an element under the pleaded TUFTA claim. | Exhibit 39 is relevant to the "reasonably equivalent value" element of TUFTA § 24.005(a)(2) and the value of the home for purposes of recovering damages under § 24.009(b)(1). |
| 40. | Appraisal Report (FOX 000716-000746) | Irrelevant, the value of the house is not an element under the pleaded TUFTA claim. | Exhibit 40 is relevant to the "reasonably equivalent value" element of TUFTA. § 24.005(a)(2) and the value of the home for purposes of recovering damages under § 24.009(b)(1). |
| 41. | | Objection withdrawn. | |
| 42 | SDNY Dkt No. 67-5 2025-09-08 Ex. E to Declaration of Chris T. Berg ISO Motion to Hold in Contempt | Objection is withdrawn pending an agreement between counsel. However, the document is an exhibit without any context and by itself is irrelevant to any issue before the Court. Defendant withdraws her objection if the motion, SDNY ECF 42, is included. | Exhibit 42 is relevant to show Arroyo had notice of the SDNY contempt order on August 29, 2025, prior to the transfer of the Philbrook Way property on September 2, 2025. |
| 43 | SDNY Dkt No. 9 - Memorandum of Law in Support of Plaintiff's Exparte Motion | Irrelevant, the exhibit does not relate to Mr. Arroyo. Briefing is not evidence. | Exhibit 43 is relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing violations of the SDNY injunction. |
| 44 | Fox Cable Network Acquisition Letter | Irrelevant, the exhibit is a letter that does not relate to any element of Fox's TUFTA claim. | Exhibit 44 is relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing MDM to breach Fox Corporation's contract and infringe on Fox Media's trademarks, as well as when those claims arose. |
| 45 | MDM Registro Publico de Comercio - Arroyo president | Irrelevant, the document purports to show that Mr. Arroyo was the president of Media Deportes Mexico on November 23, 2022. There is no | Exhibit 45 is relevant to showing that notice to MDM of Plaintiffs' contempt orders against MDM, MSD, and Arroyo can be imputed to Arroyo. |

| | | | |
|---|---|---|---|
| | | issue with Mr. Arroyo being president in 2022. He was removed as president in January 2025, which a 2022 document has no bearing or relevance. | |
| 46 | MSD LLC Agreement | Irrelevant, the document purports to show that Mr. Arroyo was the president of Mexico Sport Distribution, LLC, on November 10, 2021. There is no issue with Mr. Arroyo being president in 2021. He was removed as president in January 2025, which a 2021 document has no bearing or relevance. | Exhibit 46 is relevant to showing that notice to MSD of Plaintiffs' contempt orders against MDM, MSD, and Arroyo can be imputed to Arroyo. |
| 47 | SDNY 13-3 2025.03.26 English - MSD MDM motion for injunction - 42nd Mexico court | Irrelevant; the document purports to be a lawsuit in Mexico by MDM against Fox et al. MDM is not a party to this case, and Mexican litigation is not an element in this case. | Exhibit 47 is relevant to showing that notice to MDM and MSD of Plaintiffs' contempt orders against MDM, MSD, and Arroyo can be imputed to Arroyo. It is also relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing MDM to breach Fox Corporation's contract. |
| 48 | SDNY 13-4 2025.03.26 Spanish - MSD MDM motion for injunction - 42nd Mexico court | Irrelevant; the document purports to be a lawsuit in Mexico by MDM against Fox et al. MDM is not a party to this case, and Mexican litigation is not an element in this case. | Exhibit 48 is relevant to showing that notice to MDM and MSD of Plaintiffs' contempt orders against MDM, MSD, and Arroyo can be imputed to Arroyo. It is also relevant to Plaintiffs' status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing MDM to breach Fox Corporation's contract. |
| 50 | Registration Action, Dkt. No. 17 -Arroyo's opposition to Plaintiffs' motion to compel. | Irrelevant, the registration case discovery is not an issue in this case, nor does it satisfy any element of any cause of action or defense. | Exhibit 50 is relevant to showing a statement against interest made by Arroyo relating to his affiliation with Fox Sports Mexico, MSD, and MDM under FRE 804(b)(3)(A). |
| 51 | Registration Action, Dkt. No. 48 - Order granting Plaintiffs' motion to compel | Irrelevant, the registration case discovery is not an issue in this case, nor does it satisfy any element of any cause of action or defense. | Exhibit 51 is relevant to laying the factual predicate to show that Manuel Arroyo is an unavailable declarant under FRE 804(a)(2) and FRE 804(a)(5)(B). |
| 52 | Registration Action, DKt. No. 55 - Motion for contempt against Arroyo for violating MTC order | Irrelevant, the registration case discovery is not an issue in this case, nor does it satisfy any element of any cause of action or defense. | Exhibit 52 is relevant to laying the factual predicate to show that Manuel Arroyo is an unavailable declarant under FRE 804(a)(2) and FRE 804(a)(5)(B). |
| 53 | Opinion & Order – SDNY | Irrelevant, an SDNY opinion is | Exhibit 53 is relevant to Plaintiffs' |

| | | | |
|---|---|---|---|
| | Litigation, Dkt. No. 96 | not evidence. | status as a TUFTA creditor by showing the existence of a "claim" arising from Arroyo causing MDM to breach Fox Corporation's contract. It shows Judge Rakoff ruled that the exclusive forum selection clause in that contract applies to the dispute between MDM and Plaintiffs regarding the Fox Sports trademarks. |
| 54 | Opinion & Order – SDNY Litigation, Dkt. No. 172 | Irrelevant, an SDNY opinion is not evidence. | Exhibit 54 is relevant to showing the judicial acts that establish the SDNY's jurisdiction to issue contempt orders against Arroyo, as well as to show that the SDNY authorized electronic service related to the contempt proceedings and orders. |
| 55 | Email Correspondence from Mr. Shaver to Mr. Tucker regarding agreement of Gutierrez production as business records | Irrelevant, the agreement between counsel on documents is an unnecessary exhibit. | Plaintiffs are withdrawing this exhibit. |
| 56 | Valdez Chow Notice of Intent to take Deposition on Written Questions | Irrelevant, Ms. Chow's subpoena does not satisfy any element of any cause of action or defense. | Plaintiffs are withdrawing this exhibit. |
| 57 | Registration Action, Dkt No 14-3 - Plaintiffs' interrogatories to Arroyo | Irrelevant, the registration case discovery is not an issue in this case, nor does it satisfy any element of any cause of action or defense. | Exhibit 57 is relevant to showing Arroyo is an unavailable declarant under FRE 804(a)(5) because Plaintiffs have been unable to obtain Arroyo's testimony by reasonable means. |
| 58 | Photographs of 3 Philbrook Way | Irrelevant, the photographs do not satisfy any element of any cause of action or defense. | Exhibit 58 is relevant to establishing the absence of "reasonably equivalent value" in the transfer to Rodriguez and to establishing that Arroyo retained control over the property by keeping his personal property there. |
| 59 | SDNY Dkt. No. 137. Memorandum Op. and Order re MSD Contempt | The document is irrelevant as it is an opinion, purportedly, regarding MSD and MDM, not Mr. Arroyo. It is also irrelevant in that it satisfies no element of any cause of action or defense. | Exhibit 59 is relevant to showing Arroyo received notice of SDNY proceedings and rulings by Plaintiffs emailing MDM's legal representatives using email addresses listed on those lawyers' professional webpages. |

Respectfully submitted,
**PHELPS DUNBAR LLP**

*/s/ Marcus Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
1001 Fannin, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL:**
**PHELPS DUNBAR LLP**

D. Michael Hurst, Jr.
MSB No. 99990
1905 Community Bank Way, Ste. 200
Flowood, MS 39232
Telephone: 601-352-2300
***Admitted Pro Hac Vice*

**STEPTOE, LLP**

Katherine A. Petti (CA Bar No. 339052)**
Christopher T. Berg (Bar No. 24082682)
Steptoe LLP
633 W. Fifth Street
Ste 19th Floor
Los Angeles, CA 90071
Telephone: (213) 439-9543
kpetti@steptoe.com
cberg@steptoe.com
**Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of September, the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

*/s/ Marcus R. Tucker*
Of Phelps Dunbar LLP