United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Fox Corporation, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4650 |
| | § | |
| Laura Paola Arroyo Rodriguez, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION FOR JUDICIAL NOTICE**

Before the Court is Plaintiffs' Opposed Motion to take Judicial Notice. Doc. 78. For the reasons set forth below, the Motion is GRANTED IN PART.

Under Federal Rule of Evidence 201, a court may judicially notice an adjudicative fact that is "not subject to reasonable dispute" because it either: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the necessary information to do so. Fed. R. Evid. 201 (c)(2).

Furthermore, a court is permitted to take judicial notice of documents filed in another court for the limited purpose of establishing the fact of that litigation. In *Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998), the Fifth Circuit has held that while a court may take judicial notice of documents filed in another court to establish the fact of such litigation, it may not take judicial notice of the factual findings of another court because such findings are disputable. *Id.* at 830–31. The Fifth Circuit reaffirmed this

principle in *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004), holding that "although [a court] cannot take judicial notice of findings of fact of other courts, the fact that a judicial action was taken by another court is indisputable and is therefore amenable to judicial notice." *Id.* at 407 n.7.

First, Plaintiffs ask this Court to take judicial notice of Exhibits A–G, Doc. 78 ⁋ 9, which are statements from orders entered by the Hon. Judge Jed S. Rakoff in *Fox Corporation v. Media Deportes Mexico,* No. 1:25-cv-6703 (S.D.N.Y. Aug. 14, 2025). Doc. 78 ⁋ 3. Here, Plaintiffs ask the Court to judicially notice specific statements made by Judge Rakoff within these orders related only to his judicial actions; not his factual findings. *Id.* ⁋ 8. As evidenced in Exhibits A–G, the Plaintiffs only seek judicial notice of Judge Rakoffs's statements related to his judicial actions in this suit. *See id.* ⁋ 9. As such, for these reasons and because Defendant raises no objection, the Court finds that Exhibits A–G may be properly judicially noticed.

Second, Plaintiffs ask this Court to take judicial notice of Exhibit H, which is a statement from a final declaratory judgment entered by the Hon. Judge J. Paul Oetken in *Fox Cable Network Servs., LLC v. Grupo Lauman Holding,* No. 1:25-cv-06512 (S.D.N.Y. Aug. 7, 2025). Doc. 78 ⁋⁋ 4, 5, 12. As discussed at Docket Call, on October 2, 2026, Defendant objects to Plaintiffs' Motion insofar as it states in paragraph four that the declaratory judgment action was filed against Manuel Arroyo. Doc. 78 ⁋ 4. Defendant further objects to Plaintiffs introducing documents with respect to judicial actions which Manuel Arroyo was not a party to. In response, Plaintiffs stated that this request for judicial

notice is no longer germane to their presentation in this case and accordingly withdrew their request. As such, this portion of Plaintiffs' Motion with respect to Exhibit H is DENIED AS MOOT.

Lastly, Plaintiffs ask this Court to judicially notice Exhibits I–K, which are statements from three of Plaintiffs' pleadings in *Fox Corporation v. Media Deportes Mexico,* No. 1:25-cv-6703 (S.D.N.Y. Aug. 14, 2025). Doc. 78 ⁋⁋ 3, 5, 14. Plaintiffs contend that they do not seek judicial notice of the content of these pleadings for their truth; rather only to establish that such statements were made. *Id.* In *Callan v. Deutsche Bank Tr. Co. Americas*, 11 F. Supp. 3d 761, 765 n.2 (S.D. Tex. 2014), the court, relying on the Fifth Circuit's holding in *Taylor*, judicially noticed contents of certain documents that were filed with another court solely for the fact that they were filed, not for the truth of the statements. *Id.* at 765 n. 2. As such, because Plaintiffs here seek only to introduce these statements for the fact that they were filed, and Defendant raises no objection, this Court finds that Exhibits I-K may be properly judicially noticed.

For the reasons set forth, Plaintiffs' Opposed Motion to take Judicial Notice, Doc. 78, is GRANTED IN PART. The Court hereby takes judicial notice of Exhibits A–G and I–K as provided in Doc. 78 ⁋⁋ 9, 14.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 8th of October, 2026.

Nicholas J. Ganjei
United States District Judge