# Exhibit D

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**FIRST INFORMATION SUBPOENA TO MANUEL ARROYO** |

TO: Manuel Arroyo
PII [redacted]
marroyo@comtelsat.com.mx

**WHEREAS,** on August 29, 2025, in an action in the United States District Court for the Southern District of New York, between Plaintiffs Fox Corporation, Fox Media LLC, and Fox Sports en Español LLC (collectively, "Plaintiffs" or "Fox") and Defendant Media Deportes Mexico, S. de R.L. de C.V, the Court entered an order holding Manuel Arroyo ("Arroyo" or "Judgment Debtor") in contempt ("Contempt Order");

**WHEREAS**, the Contempt Order imposed sanctions, jointly and severally, of $200,000 per day, beginning September 6, 2025 and to be paid daily to the Clerk of the Court of the Southern District of New York, against Mexico Sports Distribution, LLC, Grupo Lauman, S. de R.L. de C.V., and Arroyo ("Non-Party Contemnors") and continuing each day until Defendant and those acting in concert with it, including the Non-Party Contemnors, comply with the Court's Temporary Restraining Order and Preliminary Injunction;

**WHEREAS**, on September 9, 2025, the Court modified the Contempt Order to make the civil contempt sanction payable to Fox rather than to the Clerk of the Court;

**WHEREAS**, as of the date of this information subpoena, Arroyo has accrued $59,400,000 in compensatory contempt sanctions, all of which is currently due to Plaintiffs.

**WHEREAS,** service is being made on Manuel Arroyo by mailing the subpoena to his last known address pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). Separately, the Court has authorized service of the subpoena to be made on Manuel Arroyo via electronic mail (as opposed to Hague Service). Service of the subpoena pursuant to Hague Convention procedures is not required for several reasons. First, Hague Service only applies to service of process on foreign defendants, and thus excludes service of judicial documents other than the summons and complaint. *See, e.g.*, *In re One Apus Container Ship Incident on Nov. 30, 2022*, No. 22 MD. 3028 (PAE), 2022 WL 17370122, at *2, n.1 (S.D.N.Y. Dec. 2, 2022); *S & S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Grp. Co.*, No. 07-CV-4909 NGG RER, 2012 WL 958528, at *6 (E.D.N.Y. Jan. 13, 2012); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395 RWS, 2011 WL 666158, at *4 (S.D.N.Y. Feb. 14, 2011); *In re Advance Watch Co., Ltd.*, 587 B.R. 598, 604-605 (Bankr. S.D.N.Y. 2018). Second, the subpoena seeks discovery from a judgment debtor to assist in the enforcement of the monetary contempt sanction imposed by the Court. As a result, the subpoena falls within the category of "provisional or protective measures" that Article 15(3) of the Hague Convention designates as exempt from Hague Service. *See Fox Corp. et al v. Media Deportes Mexico, S. de R.L. de C.V.*, 820 F. Supp. 3d 299, 308 (S.D.N.Y. 2026) (holding that "civil contempt sanctions are inherently 'protective' [and] 'provisional'"); *id.* at 312 ("Article 15(3) of the Hague Convention permits [the Court] to exercise jurisdiction in this matter for the purposes of entering temporary injunctive relief and of enforcing that relief by appropriate civil contempt sanctions."). Third, Hague Service only applies to foreign litigants if their address is known. Hague Convention, Article 1. The only known address for Manuel Arroyo is the aforementioned address located in the United States.

**PLEASE TAKE NOTICE** that, pursuant to Local Civil Rule 83.6(c)(5), Rules 45 and 69(a)(2) of the Federal Rules of Civil Procedure ("Federal Rules"), and Sections 5223 and 5224(a)(3) of the New York Civil Practice Law and Rules ("CPLR"), You are hereby commanded to answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within seven (7) days of your receipt of the questions and this subpoena. See CPLR § 5224(a)(3). Your responses may be delivered to cberg@steptoe.com or via the prepaid, addressed return envelope accompanying the subpoena.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court, and You may be liable for a fine for all losses and damages sustained by the party aggrieved.

DATED: Los Angeles, California
June 30, 2026

*/s/ Christopher T. Berg*
Christopher T. Berg

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**QUESTIONS IN CONNECTION WITH FIRST INFORMATION SUBPOENA TO MANUEL ARROYO** |

TO: Manuel Arroyo
[redacted]

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

1. This information subpoena ("Subpoena") seeks information during the period beginning August 14, 2025 through the present, unless some other time period is specified in a particular request.

2. "YOU," "YOURSELF," and "YOUR" mean and refer to Manuel Arroyo, as well as any attorney, agent, or representative acting on your behalf.

3. This Subpoena applies to information contained within all documents and communications in Your possession, custody, or control, regardless of whether such documents are held by you or your affiliates, designees, alter egos, agents, managers, employees, representatives, attorneys, custodians, nominees, or any other person.

4. In the event that You contend that any part of the requests in the Subpoena is objectionable, in whole or in part, state with particularity each such objection and the bases thereof, and respond to the remainder of the request to the extent that You are not objecting to it.

5. These requests are continuing. If, after responding to this Subpoena, You become aware of additional information that is responsive to these requests, You are required to supplement Your responses immediately.

**REQUESTS**

1. Describe in detail the content of all communications in which Manuel Arroyo directed, instructed, authorized, or otherwise participated in Mexico Sports Distribution LLC transferring any of its assets after September 9, 2025.

2. Identify by date, time, and recipient(s) all communications referenced in YOUR response to Request No. 1.

3. Describe in detail the content of all communications in which Manuel Arroyo directed, instructed, authorized, or otherwise participated in Media Deportes Mexico, S. de R.L. de C.V. transferring any of its assets after September 9, 2025.

4. Identify by date, time, and recipient(s) all communications referenced in YOUR response to Request No. 3.

5. Describe in detail the content of all communications in which Manuel Arroyo directed, instructed, authorized, or otherwise participated in Grupo Lauman Holding, S. de R.L. de C.V. transferring any of its assets after September 9, 2025.

6. Identify by date, time, and recipient(s) all communications referenced in YOUR response to Request No. 5.

7. Describe in detail all of Manuel Arroyo's assets anywhere in the world, including the address where they are located and/or the institution, entity, or company at which they are held or maintained.