United States District Court
Southern District of Texas
ENTERED
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Fox Corporation, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4650 |
| | § | |
| Laura Paola Arroyo Rodriguez, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY**

Before the Court is Plaintiffs' Opposed Motion to Exclude the Opinions and Testimony of Defendant's Expert David Lopez. Doc. 79. For the reasons set forth, Plaintiffs' Motion is GRANTED.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that the proponent must demonstrate to the court that the testimony is more likely than not that: (a) the expert's specialized knowledge will help the trier of fact; (b) the testimony is based on sufficient facts or data; (c) the testimony is the produce of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of those methods to the facts of the case. Fed. R. Evid. 702.

This rule "assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." *Curtis v. M & S Petroleum Inc.*, 174 F.3d 661, 668 (5th Cir. 1999), citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Expert testimony must be both "relevant and reliable" to be admissible. *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003).

In making this assessment, courts must make "a preliminary assessment" as to the validity of the reasoning or methodology underlying the testimony and "whether that reasoning or methodology properly can be applied to the facts in issue." *Brown v. Illinois Central Rail Co.*, 705 F.3d 531, 535 (5th Cir 2013). And "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Furthermore, to be admissible, the proponent of the expert must prove by a preponderance of the evidence that the expert's opinion is relevant and reliable. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002).

Here, Defendant retained David Lopez as an expert witness to "opine on the enforceability of a $3.8 million Judgment issued by the U.S. District Court for the Southern District of New York against Manuel Arroyo, a Mexican resident, in Mexico." Doc. 79-1 ⁋ 1.5. David Lopez is an attorney licensed to practice in Texas and California and is a partner at a U.S.-Mexico law firm, Cacheaux, Cavazos & Newton, LLP. Doc. 79-1 ⁋ 1.1. Furthermore, Lopez is a purported expert on Mexican law, who studies and researches the Mexican legal system. *Id.* ⁋⁋ 1.2–1.4. Lopez also teaches and lectures on the Mexican legal system and has testified as an expert on Mexican law in other cases. *Id.* ⁋⁋ 1.3–1.4.

As a threshold matter, the Court notes that during a docket call hearing on October 2, 2026, Defendant represented that she is no longer calling David Lopez as a witness for

her case-in-chief in response to this Court's Order denying her Motion to Vacate. *See* Doc. 103. Defendant nonetheless requests permission to utilize Lopez as an expert rebuttal witness.

Plaintiffs argue that Lopez's opinions as to the enforceability of judgments in Mexico should be excluded under Rule 702(a) because they are not relevant to issues in this suit arising the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Doc. 79 at 12–14. Plaintiffs contend that Lopez's opinions and testimony will not assist the trier of fact to understand the evidence or determine a fact in issue in this case. *Id.* at 15–16. The Court agrees.

Here, Defendant calls Lopez to testify as an expert in Mexican law as to whether the contempt order from the Southern District of New York and accompanying final judgment entered against Manuel Arroyo are enforceable in Mexico. Doc. 79-1 ⁋ 1.5. However, this case involves claims brought by Plaintiffs under TUFTA to void an alleged fraudulent transfer of a house located in Spring, Texas, from Arroyo to his sister, Defendant Rodriguez. The Court has already addressed Defendant's arguments in this case with respect to the enforceability of the SDNY orders against Manuel Arroyo in its Order denying Defendant's Motion to Vacate. *See* Doc. 103. Furthermore, as Defendant conceded at docket call, in light of the Court's Order Denying Defendants Motion to Vacate, Doc. 103, Lopez's testimony is no longer relevant to her case-in-chief.

As such, Defendant fails to meet her burden to establish by a preponderance of the evidence that Lopez's opinions or testimony regarding the enforceability of those orders

under Mexican Law would assist this Court in determining any element of Plaintiffs' TUFTA claim. *See* Tex. Bus. & Com. Code § 24.005. As Plaintiffs point out in their Motion, Doc. 79 at 16, this testimony is only relevant here insofar as it relates to the TUFTA badges of fraud under Section 24.005(b)(5), with respect to whether the house at issue constituted substantially all of Arroyo's assets. Doc. 79 at 12. However, regardless of any minute relevance this testimony may have to any badge of fraud contention under TUFTA, Lopez was specifically noticed by Defendant for the purpose of opining on Mexican law and the enforceability of judgments in Mexico, Doc. 79-1 ⁋ 1.5, which Defendant herself concedes is no longer relevant to this case.

Because the Court finds that Defendant fails to meet her burden to establish the relevance of Lopez's testimony to this case under Rule 702(a), Plaintiffs' Motion, Doc. 79, is GRANTED. As such, the opinions and testimony of Defendant's expert, David Lopez, are excluded.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 21st of October, 2026.

Nicholas J. Ganjei
United States District Judge