**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIA DEPORTES MEXICO, S. de R.L. de C.V.,<br><br>Defendant. | Case No.: 1:25-cv-06703-JSR<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR CONTEMPT AGAINST NONPARTIES MEXICO SPORTS DISTRIBUTION LLC, GRUPO LAUMAN HOLDING, AND MANUEL ARROYO** |

Pursuant to Federal Rule of Civil Procedure 65(d)(2)(C), Plaintiffs seek emergency relief to hold non-parties Mexico Sports Distribution LLC, Grupo Lauman Holding, S. de R.L. de C.V., and Manuel Arroyo in contempt for being in active concert with Defendant in obtaining a second Mexico injunction ("Second Mexico Injunction") in violation of the Court's temporary restraining order ("TRO"). ECF No. 29.

On August 14, 2025, the Court issued a TRO enjoining Defendant from pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico, including seeking to enforce an injunction it obtained on March 26, 2025 from the Civil Department 42 of the Superior Court of Justice of Mexico City. *See* ECF No. 29. The same day, Plaintiffs provided notice of the TRO to Defendant's counsel in Mexico. Also on the same day, Plaintiffs provided Defendant's affiliate, Mexico Sports Distribution LLC ("MSD"), with notice of the TRO by emailing a copy to MSD's U.S. counsel. MSD's counsel confirmed receipt the following day. August 28, 2025 Declaration of Christopher Berg ("Berg Decl."), Ex. C. Defendant and MSD conduct business together under the name "Fox Sports Mexico" and are indirectly-owned by Grupo Lauman Holding. ECF No. 13-1 at 2.

PLAINTIFFS
4:25-cv-4650
EXHIBIT 19

Defendant immediately violated the TRO: it did not remove any of the offending marks from its platforms and repeatedly displayed new content bearing those marks. *See* ECF Nos. 35 and 36. On August 18, 2025, Defendant and Grupo Lauman Holding issued a press release in El Financiero, a Mexican newspaper owned by Grupo Lauman Holding, openly rejecting this Court's jurisdiction and effectively declaring that Defendant had no intent of complying with the TRO. ECF No. 36-2. Defendant and Grupo Lauman Holding's actions were directed by Manuel Arroyo, CEO of Grupo Lauman Holding, President of El Financiero, and President of Fox Sports Mexico—the business operated by Defendant and MSD. Berg Decl., Ex. D. Manuel Arroyo is the principal actor directing all of these entities to violate the Court's TRO.

On August 22, 2025—eight days after Defendant and MSD received notice of this Court's temporary restraining order—Defendant and MSD requested that the Civil Department 42 of the Superior Court of Justice of Mexico City issue a second injunction in its favor. This time, Defendant and MSD asked the Mexico court to enjoin Plaintiff Fox Corporation, Plaintiff Fox Media LLC, and non-party Fox Cable Network Services LLC ("Fox") from using any trademarks in Mexico containing the word "FOX" in connection with sports content, Berg Decl., Ex. A—a clear violation of the TRO's prohibition of "pursuing any legal or regulatory action relating to the Fox Sports Trademarks in Mexico," ECF No. 29.

On August 28, 2025, the Mexico City court issued the Second Mexico Injunction. Berg Decl. Ex. B. That order stated that the court was expanding the scope of its March 26, 2025 injunction ("First Mexico Injunction"), which was premised on Defendant's claim to have an exclusive license to the Fox Sports marks, *see* ECF No. 13-1, to enjoin Fox's use of any trademark containing the word "FOX" in connection with sports content, *see* Berg Decl., Ex. B

at 1. The Mexico City court ordered that notice of the Second Mexico Injunction be provided to several of Fox's business partners. *Id.* at 2.

Manuel Arroyo has directed Defendant, MSD, and Grupo Lauman to act in concert to violate the TRO. Their violating conduct will cause Plaintiffs severe reputational harm and economic injury unless the Court imposes a severe and immediate sanction to coerce their compliance with the TRO. Plaintiffs' preliminary estimate of the economic injury they would face if the Second Mexico Injunction is enforced is at least $200,000 per day. Accordingly, Plaintiffs request that the Court immediately issue an order holding non-party contemnors MSD, Grupo Lauman Holding, and their principal Manuel Arroyo in contempt and impose a sanction of $200,000 per day until Defendant withdraws the Second Mexico Injunction and ceases using any trademark containing the word "FOX."

**LEGAL STANDARD**

"Non-parties can be held in contempt of an injunction." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2025 WL 2374881, at *6 (S.D.N.Y. Aug. 15, 2025). "Under [FRCP 65(d)], an injunction binds an enjoined party's 'officers, agents, servants, employees, and attorneys' and 'other persons who are in active concert or participation with [the enjoined party],' as long as the nonparty receives 'actual notice' of the injunction." *Id.* (quoting Fed. R. Civ. P. 65(d)(2)) (alterations in original). In other words, a nonparty may be held in contempt if it is either "'legally identified' with the enjoined party' or 'abet[s]' the enjoined party's violation of the injunction." *Id.* (quoting *Havens v. James*, 76 F. 4th 103, 111 (2d Cir. 2023)).

**ARGUMENT**

**I. The Non-Parties Should Be Held in Contempt Because Defendant Is in Contempt.**

"Under an aiding-and-abetting theory, a court must first conclude that the party subject to the court's mandate committed contempt." *Havens v. James*, 76 F.4th 103, 112 (2d Cir. 2023)

(internal quotation marks omitted). Defendant is in contempt for the reasons described in Plaintiffs Emergency Motion For Contempt Against Media Deportes Mexico, submitted contemporaneously with this Motion.

**II. MSD, Grupo Lauman Holding, and Manuel Arroyo Should Be Held in Contempt.**

A non-party may be held in contempt if it is either "'legally identified' with the enjoined party or 'abet[s]' the enjoined party's violation of the injunction." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2025 WL 2374881, at *6 (quoting *Havens*, 76 F. 4th at 111). "A nonparty is 'legally identified' with an enjoined party when it shares a 'legal relationship' with that party." *Id.* (quoting *Havens*, 76 F. 4th at 121 n.20). "[S]hared ownership or control can make two parties legally identified[.]" *Id.* (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018)).

A non-party may be liable under the aiding-and-abetting theory if, first, "the party subject to the court's mandate committed contempt," and, second, if "the challenged action of the nonparty was taken for the benefit of, or to assist, a party subject to the decree in violating in the injunction." *Id.* (quotation and citations omitted). The moving party must show that the "nonparty had the intent to assist the enjoined party in violating the injunction." *Id.* (citing *Kelly Toys Holdings LLC v. 19885566 Store*, 2024 WL 532290, at *2 (S.D.N.Y. Feb. 9, 2024)).

**A. MSD Had Notice of the TRO, Is Legally Identified With Defendant, and Aided-and-Abetted Defendant's Violation.**

MSD was on notice of the TRO. The very same day that this Court issued the TRO, Plaintiffs' counsel emailed counsel representing MSD in a separate action in the Central District of California. Berg Decl., Ex. C.

MSD should be held in contempt because it is both legally identified with Defendant and aided-and-abetted Defendant's violation of the TRO. MSD and Defendant are affiliates that use

the "Fox Sports Mexico" name and jointly exploit the Fox Sports Trademarks. ECF No. 13-1 at 2. Both are indirect subsidiaries of Grupo Lauman. *See id.*; *see also Patsy's Brand*, 2025 WL 2374881, at *6 ("[S]hared ownership or control can make two parties legally identified.") (citing *John Wiley & Sons, Inc.*, 327 F. Supp. 3d at 638).

MSD also aided-and-abetted Defendant's violation because it, together with Defendant, requested the Second Mexico Injunction. The papers submitted in the Mexico City court in support of that injunction show that MSD and Defendant sought the injunction jointly, and thus both violated the TRO. Berg Decl., Ex. A. In short, MSD actively participated in Defendant's request for the Second Mexico Injunction—an effort undertaken to further Defendant's wrongful attempt to pursue legal action in Mexico after being expressly enjoined by this Court's TRO from doing so.

### B. Arroyo and Grupo Lauman Holding Had Notice of the TRO and Aided-and-Abetted Defendant's Violation.

Both Manuel Arroyo and Grupo Lauman Holding were on notice of the TRO. Manuel Arroyo is the President of Fox Sports Mexico—Defendant and MSD's sports broadcasting business. Berg Decl., Ex. D. Once Defendant received notice of the TRO on August 14, 2025, Arroyo necessarily received notice of the TRO as the President of Fox Sports Mexico.

Grupo Lauman Holding received notice of the TRO as evidenced by the press release that Defendant and Grupo Lauman Holding issued on August 18, 2025 responding to the Court's TRO. *See* ECF No. 36-2. In addition, because Manuel Arroyo is Grupo Lauman Holding's CEO, Berg Decl., Ex. D, Grupo Lauman Holding received notice of the TRO when Manuel Arroyo received notice of it on August 14, 2025.

Arroyo aided-and-abetted Defendant's violation of the TRO by directing Grupo Lauman Holding and Defendant to publish the contemptuous August 18, 2025 press release. Arroyo

further facilitated Defendant and Grupo Lauman's violation of the TRO in his capacity as El Financiero's president. *See* Berg Decl. Ex. D. In that role, Arroyo authorized El Financiero to publish Defendant and Grupo Lauman's August 18, 2025 press release. That release stated that Defendant did not recognize the jurisdiction of this Court and plainly signaled Defendant's intent to litigate in Mexico, in violation of the TRO. ECF No. 36-2. The content of the press release leaves no doubt that both Arroyo and Grupo Lauman intended to assist Defendant in violating the TRO.

Arroyo further abetted Defendant's violation of the TRO by authorizing MSD and Defendant to seek the Second Mexico Injunction. As President of Fox Sports Mexico, Berg Decl. Ex. D; ECF No. 13-2 at 2, Arroyo exercises control over both Defendant and MSD and therefore authorized their request for the Second Mexico Injunction. *See Fed. Home Loan Mortgage Corp. v. Berbod Realty Assocs., L.P.*, 1994 WL 1060301, at *7 (S.D.N.Y. Aug. 16, 1993) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the [order] directed to the corporation,… fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt") (*quoting Wilson v. U.S.*, 221 U.S. 361, 376 (1911)), *report and recommendation adopted*, 1995 WL 7988 (S.D.N.Y. Jan. 10, 1995).

As the foregoing makes clear, Manuel Arroyo orchestrated the violating conduct perpetuated by Defendant, MSD, and Grupo Lauman. The Second Mexico Injunction is a direct affront to this Court's authority and carries the potential to disrupt all of Fox's sports business operating in Mexico and significantly harm Fox's Spanish-language business in the United States. The reputational harm posed by the Second Mexico Injunction is irreparable and

definitionally incalculable. The economic injury is equally severe. Plaintiffs estimate that Defendant's conduct could cause them to suffer at least $200,000 per day, resulting from the functional shutdown of their business. For that reason, Plaintiffs request that the Court immediately issue an order holding MSD, Grupo Lauman, and Manuel Arroyo in contempt and sanctioning them with a fine of $200,000 per day until Defendant withdraws the Second Mexico Injunction and ceases using any trademark containing the word "FOX."

Dated: August 28, 2025

ELLIS GEORGE LLP

By: Christopher T. Berg

Eric M. George
Katherine A. Petti, *Admitted Pro Hac Vice*
Christopher T. Berg, *Admitted Pro Hac Vice*
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
152 West 57th Street, 28th Floor
New York, NY 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiff Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC*