# EXHIBIT

# 30

PLAINTIFFS
4:25-cv-4650
EXHIBIT 47

PJCDMX
PODER JUDICIAL
CIUDAD DE MÉXICO

# Integrated Judicial Management System PROMOTION

| | |
|---|---|
| DOCUMENT ID: | 174 2138908 |
| COURT: FILE: | Forty-second Civil 180/2025 |
| DOCUMENT DATE: DATE | 2025-03-26 09:15:35 |
| RECEIVED: COMMENTS: | 2025-03-26 09:03 |
| | 2 TES. NOT., 6 C.S., 3 ANNEXES. 5 TRANSFERS (NEW) |

* This sheet is NOT part of the file;
was generated during the internal digitization process.

PJCDMX
JUDICIARY POWER DE MÉXICO

# Superior Court of Justice of the CDMX

| | |
|---|---|
| DOCUMENT ID | 22967388 |
| APPLICATION ID | 1 |
| SUBJECT ID | C |
| SUBJECT | CIVIL WRITTEN PROCESS 152 |
| ID TRIAL | PRECAUTIONARY |
| TRIAL | MEASURES C42 |
| ID JUDGED | 42ND CIVIL COURT 2025 |
| JUDGED | 180 |
| FILE NUMBER CASE | |
| FILE NUMBER CASE | INIT |
| ID FILE TYPE FILE | INITIAL |
| TYPE FILE TYPE ID | |
| ROOM ID | |
| ROOM | |
| TAP NUMBER AŃO DE TOCA | |
| TYPE OF DOCUMENT | |
| DOCUMENT DATE | 2025-03-24 21:03:36.0 |
| ACTOR | MEDIA DEPORTES MEXICO S DE RL DE CV |
| DEFENDANT | FOX CORPORATION, FIX MEDIA LLC |

6 CS
3 Anexos
5 traslados

180/25 @F.IGNAk

PJCDMX
PODER JUDICIAL
CIUDAD DE MÉXICO
RECIBIDO
24 MAR. 2025
NO. 27 OFFICIAL
OFFICE FOR COURTS AND
3RD COURTS OF FIRST
INSTANCE

MEDIA DEPORTES MEXICO, S. DE R.L. DE C.V. AND MEXICO SPORTS DISTRIBUTION, LLC.
VS
FOX CORPORATION, FOX MEDIA LLC, FOX CABLE NETWORK SERVICES, LLC AND CARLOS ENRIQUE MARTÍNEZ SÁNCHEZ.
REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF
SECRET

JUZGADO
PODER JUDICIAL
CIUDAD DE MÉXICO

C. CIVIL JUDGE OF WRITTEN PROCESS OF THE CITY OF MEXICO, IN TURN.

ROGELIO ARTURO J'SLAS PÉRÊZ, prom

as general attorney-in-fact for lawsuits and collections of Media Deportes México, S. de R.L. de C.V., with Federal Taxpayers Registry MDM191007M83, which in a simple copy I exhibit as Exhibit 1); which I request to be recognized on the basis of the notarial testimony that I exhibit as Exhibit 2) and which, after comparing and verifying same, I request to be returned to me; and of Mexico Sports Distribution, LLC, a company incorporated under the of Delaware, United States of America, and that under oath, I state that it does not have a Federal Taxpayers Registry; I hereby request to be recognized as a notary public in accordance with the notarial testimony that I exhibit as Exhibit 3) and that, after the notarial testimony has been compared and certified, I request that it be returned to me; I indicate as domicile to hear and receive all types of notifications from both companies, including personal notifications, the house marked 148 Alejandro Dumas Street, Colonia Polanco III Sección, alcaldía Miguel Hidalgo, C.P. 11540, in City; I authorize in terms of the third paragraph of article 1069 of the Code of Commerce, the attorneys Paulo Jenaro Diez Gargari, with professional license number 2357604; Carlos David Villasante Santoyo, with professional license number 2613630; Mireya Martínez Gómez, with professional license number 11082666; Alan Said López Ríos, with professional license number 8360468; Rodrigo Bernardo Diez Gargari, with professional license number 7173124 and Mitzi Alejandra Suárez Salazar, with professional license number 13937429; whom from this moment I authorize to promote jointly or separately in the terms mentioned in above mentioned legal precept, and in general, to exercise any procedural act in the interest of my principals; likewise, I authorize to hear and receive notifications, to take possession of the records, to photograph the evidence and to collect documents and securities, signing as necessary, Messer.

Diez Terroba, Jesús Emmanuel Meraz Gómez, Kevin Eduardo Basilio García, Rodolfo Arturo Villa Hernández, Paola Abigail Romero Toscano, Shania Nicole

"'-

*

'

'' * '

|N1////1'C075
24032025 21:03: 36
1 267/24-03 -2P25
.IUZ€IADO 42 DE LO CIV IL
1 52 ME DIDAS CAUTE LA RES EXP:
1 S0/2025

P@DER JUDICIAL
CI t.! DAD DE MEXI NO

COPIES OF TRANSFER OF
DEPOSITORY RECEIPTS
PROMISSORY BILLS
CL1EQUES
RE CIBOS
INVOICES
WITH DEALS
NOTARIAL TESTIMONIES CIV
REGISTER COPI,4S
CERTIFIED COPY
CERTIFIED SIMPLE COPIES
CLOSED SOURCES
OTHERS
TOTAL ATTACHMENTS

PJCDMX
PODER JUDICIAL
CIUDAD DE MEXICO
RECIBIDO
2 4 MAR. 2025
NUMBER 27
OFFICE OF PARTICIPANTS COMifiN
FOR COURTS AND CHAMBERS

Salvador Díaz, Fátima Fabiola Ramírez Mendoza, Catheryne Italia Mondragón Contreras Canchola and Ismael Olán Martinez, indistinctly; before you I respectfully submit:

PRELIMINARY INJUNCTIVE RELIEF

Based on Articles 1, 5 and 17 of the Political Constitution of the United Mexican States, Article 10 of the Universal Declaration of Human Rights, Article 14.1 of the International Covenant on Civil and Political Rights; Articles 8.1 and 25 of the American Convention on Human Rights, and Articles 384 and 388 of the Federal Code of Civil Procedures, of supplementary application to the Code of Commerce, in accordance with the jurisprudential thesis 1a./J. 27/2013(10a.); and with the purpose that the final judgment to be issued in the ordinary commercial lawsuit that my represented parties will file is not a legal act devoid of consequences, which renders their right to an effective judicial remedy illusory, I respectfully request your Honor to issue:

1. The court order, of a **provisional** nature**, consisting in** maintaining **the legal and** factual **situation** that currently prevails, consisting in the **continuous** and **uninterrupted** use **by** Media Deportes México, S. de R.L. de C.V. and/or Mexico Sports **Distribution, LLC, in national territory (i.e., in the** Mexican Republic), of the trademarks described in fact 5 of this **request** for injunctive relief; and

2. The court order, of an **interim** nature**,** by virtue of **Fox Corporation and** Fox Media LLC are ordered to refrain from performing **intimidating, unlawful** and/or **contrary** to good customs acts, **which prevent or hinder** (or may **prevent or hinder)** Media Deportes México, S. de R.L. de C.V. and/or Mexico **Sports Distribution,** LLC, from the **continuous** and **uninterrupted use** of the aforementioned trademarks in **national territory *(i.e.,*** in the **Republic of Mexico); including, without limitation, the improper use by Fox Corporation, Tubi, Inc. and** Fox Media LLC, in the **Mexican Republic, in the Republic of** Mexico); **including, without limitation, the improper** use by Fox Corporation, Tubi, Inc. and Fox Media LLC, in Mexico, of the trademarks **described** in fact 5 of this **request** for injunctive relief, or any other **request for** injunctive **relief**, or any other

**Confusingly similar to them (including, without limitation, "Fox Deportes** , which is a **translation of the referenced marks).**

With the warning to the alleged defendants that, in case of disobedience to the above precautionary measures, or if they continue to carry out intimidating, illicit and/or contrary to good customs acts, they will be subject to a measure of constraint.

The foregoing, as **preliminary injunctive relief,** i.e., prior to the tort action that my principals will file within the term provided by Article 1181 of the Commercial Code.

This petition is based on the following facts and considerations of right:

FACTS

**Background**

1.- My principals Media Deportes México, S. de R.L. de C.V. (hereinafter "MDM") and Mexico Sports Distribution, LLC (hereinafter "FSM") are subsidiaries -indirectly- of Grupo Lauman Holding, S. de R.L. de C.V. (hereinafter **"Grupo Lauman")** that currently operate the business known as *Fox Sports Mexico*[1].

Fox Sports Mexico' business consists primarily of broadcasting sporting events on pay television channels. Since these events are tuned in by a large number of people, several advertisers are interested in contracting time and space to broadcast commercial messages on Fox Sports México's channels. Fox Sports Mexico's business is mainly comprised of the following types of contracts:

- Licensing contracts for rights to broadcast sporting events, under which FSM pays the holders and/or owners of the rights to broadcast sporting events (e.g., soccer teams, the league of

[1] For purposes of document, the term *"Fox Sports Mexico"* should be understood as the set of assets that make up the business currently operated by MDM and FSM.

The Company has also been granted a license to broadcast such sporting events (the "NFL", Formula 1, etc.) as consideration for the grant of a license to broadcast such sporting events.

- Production contracts, for the production and generation of the international signal of the sports events object of the rights license contracts, under which MDM and/or FSM receive payment for the rendering of the referred services.
- Distribution or affiliation contracts, which restricted television and audio service providers (i.e., pay television providers, which in Mexico include, among others, Sky, Totalplay and Izzi) pay FSM and/or MDM a fixed amount for each subscriber to the corresponding service.
- Advertising contracts for the sale to third parties of time and space for commercial messages broadcast on Fox Sports Mexico channels.
- Talent contracts: contracts entered into by FSM and/or MDM with commentators and analysts who add value to their programming.

It is relevant to make a conceptual distinction that is fundamental for the proper understanding of this lawsuit. The Fox Sports Mexico business was originally - before 2019- owned by Twenty-First Century Fox, Inc. (hereinafter "21CF"), a corporation incorporated under the laws of the State of Delaware, United States of America. 21CF was a multinational media corporation controlled by the Murdoch family, which became the fourth largest conglomerate in the United States of America.

4.- In 2019, 21CF merged with a subsidiary of The Walt Disney Company (**"Disney").** Some of the assets of 21CF, however, were excluded from the transaction, and were retained by the original shareholders of 21CF (in particular, the Murdoch family) through the creation of a new company, which was initially known as *"New* Fox" and was eventually incorporated Fox Corporation (hereinafter "Fox Corp."). In other words, the remaining assets, not included in sale to Disney, remained under the control of Fox Corp, a new company also controlled by the Murdoch family. Among the assets originally

transferred to Disney were those corresponding to the Fox Sports Mexico business.

On March 19, 2019, by merging with a subsidiary of Disney, 21CF became a wholly-owned subsidiary of Disney. In the of that acquisition, on the same date, a Trademark License Agreement was entered into between Fox Corp. and 21CF (the **"Fox/Disney License Agreement"),** pursuant to which Fox Corp. granted 21CF a license to use certain trademarks owned by another entity within the Fox Corp. group of companies, the following (referred to herein as the "Fox Sports Marks":

Schedule A to License Assignment Agreement

| | Mark Name | Mark Image | International Classes | Country | Status | App No. | Registration Number | Owners |
|---|---|---|---|---|---|---|---|---|
| | AGENDA FOX | | 41 | Mexico | Registered | 1717649 | 1652939 | Fox Me |
| | CRCLTTOFOX | | 4t | R4mic | Rcpisiycd | IJ36830 | 1449-t2d | Fox . edie Lt.C |
| | COPA FOX SPORTS KIDS | | 9 | Mexico | Registered | 1350927 | 1369012 | Fox Media LLC |
| 2 | COPA FOX SPORTS KIDS | | 38 | Mexico | Registered | 1350928 | 1369013 | Fox Media LLC |
| | COPA FOX SPORTS KIDS | | 41 | N!cx o | Rcemun:d | 13S0930 | 1.3A9014 | F Mcdi# 1.S.C |
| | FOX FIGHT | | 4l | Hand | Rcgisuz<d | t498&t3 | 147S480 | f"hear ¥6odts LL¢' |
| | FOXGOü | | 41 | M':xix | Pgmm'd | b942% | 5679D | Fos Media I.LC |
| | rOÑSPORTS | | 16 | Mexico | Registered | 753483 | 915316 | Fes tcdte t-LC |
| | | | | kiai<" | rcymo "d | I6ss59 | 62 i | |
| | FOX 8PORTS | | 38 | ?'t<xtco | R¢gist¢md | 26?'S70 " | '6ú6Z82 | Fox Media LLC |
| 10 | MXSFORTS | | 9 | Mcx+cq | Rcgtstcrcd | t S?369 I | t32S5$3 | Fox '¥tdta L-LC |
| | FOX SPORTS (Oval Two) | | 38 | Mexico | Registered | 1306552 | 1339943 | Fox Media LLC |
| | FOX SPORTS (Oval Two) | | | Mexico | Registered | 1306549 | 1339940 | Fox Media LLC |
| 13 | FOX SPORTS (Oval Two) | | 25 | Mexico | Registered | 1630071 | 1600775 | Fox Media LLC |
| | FOX SPORTS + (Banner) | FOXSPORTS+ | 41 | Mexico | Registered | 1035021 | 1132836 | Fox Media LLC |
| | FOX SPORTS + | FOXSPORTS+ | 38 | Mexico | Registered | 1035022 | 1139645 | Fox Media LLC |
| 16 | FOX SPORTS 2 | | 38 | xtcx'co | Registered | 1299816 | 1338302 | Fox Media LLC |
| 17 | FOÑSIPORTS2 | | 41 | Mexico | Registered | 1299817 | 1336214 | Fox Media LLC 5 |
| | FOX SPORTS 2 | | 3g | Mexico | Registered | 1306550 | 1339941 | Fox Media LLC |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 0 | FOX SPORTS 2 | | 41 | Mexico | Registered | 1306551 | 1339942 | Fox Media LLC |
| | FOX SPORTS 3 | | 38 | -c-:-° | Rc9i-t-r-d | 12998 I & | I3JM i | Foa 'ucdt4 Lee |
| 22 | FOX SPORTS 3 | | 4 1 | *-c | R-s'st-rcd | I '9sS20 | f3362 I6 | Fa '"dis Lrc |
| | FOX SPORTS 3 | | 38 | Mexico | Registered | 1306556 | 1339945 | Fox Media LLC |
| 24 | FGX SPGRTS 3 | | 4j | Mexico | Registered | 1306555 | 1339944 | Fox Media LLC |
| 25 | FOX SPORTS CANTERA | | 41 | Mexico | Registered | 1406690 | 1417195 | Fox Media LLC |
| 26 | FOX SPORTS PLAY | | 9 | Mexico | Registered | 1285315 | 1324838 | Fox Media LLC |
| 27 | FOX SPORTS PLAY | | 38 | 'u-"-- | Reg':-i.xi | 128s' I a | I'2 t i 5$ | Fox oie4t" LIC |
| | FOX SPORTS PLAY | | .. | Mexico | Registered | 1285318 | 1322027 | Fox Media LLC |
| | FOX SPORTS PLAY | | 42 | 41t*:co | Rc#oicmd | 1?855?O | )-27.74 | Fox Media LLC |
| | FOX SPORTS | | 38 | íĺc-'ca | Ttrgis:vod | t333I83 | 1283912 | Fox Sîedla LJLC |
| | FOXSPORT | | 41 | Mexico | Registered | 1233191 | 1284787 | Fox Media LLC |
| 32 | LATITUD FOX (Grayscale) | | 4 i | llet ico | Rcçisterca | I S6O943 | 17 0079 | Fox 9cdiA II.C |
| 33 | | | 9 | . i i--- | 'Regis:vrcd | li8i8i7 | 13i964s | Fou creua LI.C |
| | | | 38 | Mexico | Registered | 1282829 | 1319646 | Fox Media LLC |
| | FOX PLAY | | 41 | Mexico | Registered | 1282831 | 1320075 | Fox Media LLC |
| | | | 42 | icsic | Regis'.crea | Szszs3' | i3'os37 | ros 't-'l+" LLc: |

**In Mexico, the** merger **between Disney and 21CF was subject to the authorization of,** among **others,** the Instituto **Federal de Telecomunicaciones (the "IFT").**

Prior to the acquisition of the 21CF business, Disney already had a relevant participation in the sports broadcasting market on pay television, the business known as ESPN. Therefore, in order to prevent a monopolistic concentration, the IFT authorized Disney to acquire the assets of 21CF, but subject to condition that the Fox Sports Mexico business be disincorporated from the transaction, i.e., that it be sold by Disney to an independent third party. The foregoing is set forth in the Agreement

P/IFT/110319/122, approved by the Plenum of the IFT on March 11, 2019 (the **"IFT Resolution 2019"),** which is exhibited in public version as **Annex 4).**

Under oath, I state that my principals do not have such resolution in original, therefore, based on Article 1061 of the Code of Commerce, I request that the IFT be required to exhibit it before your Honor, or send a certified copy of it, under the following conditions
If he fails to do so, he shall be liable to a fine, in accordance with the provisions of Article 1067 Bis of the Commercial Code.

In addition, in accordance with the order of the IFT, such divestiture had to comply with certain conditions established in the IFT Resolution 2019, among which was to grant the eventual purchaser of the Fox Sports Mexico business **a free** license for the **exclusive use** of the trademarks related to Fox Sports Mexico for a period of least 3 years.

7.- In accordance with the provisions of condition 8.4.12.4 of the 2019 IFT Resolution, once the sale of the Fox Sports Mexico business is finalized, *"the name 'Fox' will be offered to the Buyer under a* ***free*** *use license* ***exclusively*** **for sports confessions (.../".** The wording of the 2019 IFT Resolution leaves no room for interpretation: the license to be granted to the buyer of the Fox Sports Mexico business (which, eventually, would be my principals), should be a free license for the **exclusive use** of the Fox Sports Trademarks in the territory of the United Mexican States.

That exclusivity in the use of the Fox Sports Trademarks in Mexico was an essential requirement for the regulator to authorize the sale of the Fox Sports Mexico business is evident. For a potential buyer to be interested in acquiring the business, an indispensable element would be the possibility of being the only person authorized to use the Fox Sports Marks in Mexico. The mere possibility that a third party (including Fox Corp.) was authorized to use the Fox Sports Mexico Marks simultaneously with the eventual buyer would have been sufficient for no buyer to be interested in acquiring the business.

The foregoing can be clearly seen in the IFT Resolution 2019, in which the background that gave rise to the conditions that were eventually effectively imposed by the IFT is explained. Among such background, it is pointed out that prior to the IFT

imposed the condition to grant an exclusive use license to the eventual purchaser of the Fox Sports Mexico business, the parties to the (concentration) (Disney and 21CF) proposed to the IFT that the condition be (drafted) (as) follows: *"the name "Fox" shall be offered to (the) Purchaser(s) under a non-exclusive free use license to use such trademark [...]"* However, the IFT itself rejected the proposal submitted by Disney and 21CF, and insisted that the potential purchaser of the Fox Sports Mexico business would have to enjoy the right **to the exclusive and free use of** the trademark in the territory of the United Mexican States, so that, in the 2019 IFT Resolution, the condition that was effectively imposed by the IFT incorporated exclusivity of use as an indispensable element. In this regard, the following is a textual transcription of what the IFT stated in this regard in the IFT Resolution 2019, which is particularly relevant in the context of this document:

> *"(...j consistent with* the *Object of these conditions, it is deemed necessary to adopt measures so that the Parties* do *not affect the viability of the* business, *after its Disincorporation.* Therefore,
>
> **is required** *that the license is free of charge (Y).*
> **esc/os/va /.../".**

Among other things, the foregoing means that, in the opinion of the IFT (which is shared by my representatives), if the license granted in favor of the eventual buyer of the business of Fox Sports Mexico was not license for the exclusive use of the corresponding trademarks in the territory of the United Mexican States, **then** *the* viability of the business of Fox Sports **Mexico** would be affected **(which, by the** way, was **unacceptable** to the IFT).

In the 2019 IFT Resolution, the IFT expressly recognized that the fact that someone other than the eventual buyer of the Fox Sports Mexico business (including any of the parties to the concentration) could make use of the Fox Sports Trademarks in Mexico simultaneously with the , would negatively affect the viability of the Fox Sports Mexico business.

The foregoing is particularly important for the purposes of this request for precautionary measures and for the claim that my principals will formulate since, as will be described in detail below, among other ways in which the future defendants have unlawfully caused damage to my principals, is that of using for their own benefit and without right, from the time they have been in the market for the first time, to the benefit of my principals.

the first days of January 2025, the Trademarks of Fox Sports Mexico during the exclusivity period granted, in compliance with an instruction of the IFT, in favor of MDM. Such use, by violating the exclusivity established in favor of MDM, affects the viability of Fox Sports Mexico's business, which is owned by my principals, MDM and FSM.

In the 2019 IFT Resolution, the IFT clearly and expressly conditioned the transaction through which Disney acquired the assets of 21CF to the eventual buyer of the Fox Sports Mexico business being granted a license for the **exclusive** use of the Fox Sports Trademarks in Mexico.
The IFT reached this decision because the original proposal of 21CF and Disney (to grant a non-exclusive license) was unacceptable to the IFT, as it would have made Fox Sports Mexico's business unviable.

On January 12, 2022, the Plenary of the IFT issued Agreement P/IFT/120122/7, in which the IFT ruled on the compliance with the conditions set forth in the 2019 IFT Resolution (the "IFT Compliance Agreement"). Such agreement was issued in response to the letter dated November 11, 2021, in which Disney and 21CF notified the IFT that the closing of the divestiture of the Fox Sports Mexico business had occurred, and that they considered that the conditions set forth in paragraph 8.4 of the 2019 IFT Resolution had been fully satisfied.

In the IFT Compliance Agreement, such institute stated that the obligation consisting in granting the purchaser of the Fox Sports Mexico business - which, indirectly, was Grupo Lauman- a free license for the exclusive use of the Fox Sports Trademarks in the country, had been complied with, based on what Disney and 21CF stated. Indeed, in relation to condition 8.4.12.4 of the 2019 IFT Resolution (the condition regarding the granting of the referred license), the institute stated the following:

> *"The obligations contained in paragraphs 8.4.12.1 to 8.4.12.5* g **are deemed to be *fulfilled,*** *since from the Closing Documents of the Disincorporation Transaction it is clear that Grupo Lauman acquired the entirety of the Business to be Disincorporated, with the clarifications, adjustments and modifications in some transmission rights that occurred during the period from the issuance of the Resolution to the present date, and of which [sic] the reports of the Independent Auditor gave account".*

The "clarifications, adjustments and modifications" referred to in the IFT Compliance Agreement **do not include** any modification to exclusivity: €2FI the use of the Fox Sports Trademarks in Mexico, as recognized by the IFT itself as recently as February 12, 2025, in an official notice referred to below.

**GrUpo Lauman acquires Fox Sports Mexico**

As a result of this process of disincorporation of the Fox Sports Mexico business, on November 10, 2021 Grupo Lauman Holding acquired (indirectly) the Fox Sports Mexico business from Disney, through the purchase of the shares of the current shareholders: MDM and FSM. Therefore, as of November 10, 2021, the Fox Sports Mexico business is owned by Grupo Lauman Holding, through the current shareholders, MDM and FSM.

Thus, the Fox Sports Mexico business has operated uninterruptedly in the country since 1999 to , under the control of different business groups:

- Prior to 2019, the Fox Sports Mexico business operated under the control of 21CF, controlled, in turn, by the Murdoch family.
- Between 2019 and 2021, the Fox Sports Mexico business operated under Disney's control.
- As of 2021, the Fox Sports Mexico business operates (to date) under the control of Grupo Lauman Holding.

12.- For the purposes of this request for precautionary measures of a prejudicial nature, it is important to bear in mind the distinction between two entities with similar names, but which are totally independent from each other from a corporate point of view:

- On the one hand, Fox Corp., a corporation organized under the laws of the State of Delaware, United States of America, which is listed on the New York Stock Exchange under the ticker symbol "FOX", and which is currently a of the more large corporations.

multinationals with a stake in the media sector; and

- On the other , Fox Sports Mexico, a group of assets which make up a business that is currently (owned) (indirectly) by Grupo Lauman Holding, through today's MDM and FSM Actoras, which are (or may be) holders or licensees of the rights to broadcast various events. sports on pay television in Mexico.

As mentioned above, the Fox Sports Mexico business is owned (indirectly) by Grupo Lauman; FSM and MDM are direct owners and/or holders of the assets that make up the Fox Sports Mexico business.

**License Agreement**

In this context, and in strict compliance with what was ordered by the IFT in Resolution IFT 2019, on November 102021, 21CF
-(then a wholly-owned subsidiary of Disney) and MDM entered into an assignment of rights (but not obligations) agreement, by virtue of which 21CF assigned to MDM its right to use the Fox Sports Marks in the territory of the United Mexican States.

Notwithstanding the fact that the Fox/Disney License Agreement did not establish that the license was exclusive, in fact the license granted in favor of my principals is -and it cannot be otherwise- an **exclusive use** license**,** since that was the condition established by the IFT and accepted by the parties to the merger, who confirmed to the regulator the compliance with each and every one of the conditions.

On July 25, 2022, 21CF -a wholly-owned subsidiary of Disney- and MDM entered into an amendment to the above-mentioned assignment of rights agreement, whereby it was specified that the term of the agreement would be 5 (five) years from November 10, 2021 (collectively with original agreement dated November 10, 2021, **the "License Rights Agreement").**

I exhibit as Exhibit 5), a copy of the Assignment of License Agreement and its translation into Spanish.

Under oath, I declare that my principals do not have the Assignment Agreement executed on November 10, 2021, since a copy of this document was exhibited before the IFT, therefore, based on Article 1061 of the Commercial Code, I request that the IFT be required to exhibit it before your Honor, or exhibit it in certified copy, under penalty that, if it does not do so, it will be subject to a fine.
fine, pursuant to Article 1067 Bis of the Commercial Code.

I also exhibit a certified copy of the Amendment Agreement referred to as Exhibit 5-A).

15.- From the foregoing it follows that, as of today, my represented MDM is the holder of the right to the **exclusive** use of the Fox Sports Trademarks in the territory of the United Mexican States, until at least November 10, 2026, in accordance with the order of the IFT, and with the provisions of the Assignment of License Rights Agreement.

That the term of the **exclusive** right of my client to use the Fox Sports Trademarks in Mexico does not end before November 10, 2026 has even **been recognized by the IFT** -the authority that ordered the execution of the Agreement for the Assignment of License Rights Contract-. Indeed, in the letter dated February 12, 2025, issued by the IFT within the file UCE/CNC-003-2021, such authority acknowledged the following:

> Q "uinto.- In its Response Refusal Brief, Grupo Lauman states that the conditions or obligations of disincorporation ordered by the IFT in Resolution P/IFT/110319/122 "were already considered to have been complied with," since it was so recognized in its Agreement P/IFT/120122/7 dated January 122022. However, this is incorrect, since, as has been pointed out, the ultimate purpose of the disincorporation conditions is **"to preserve [the existence of the FSM Business] as a viable competitor".** Likewise, according to those decisions issued by the IFT the following conditions are still in effect: i) TWDC's obligation not to repurchase the FSM Business, which will continue to be in effect until November 10, 2031.
> -condition 8.4.8.2- and ii) the sublicensing of the **exclusive free** use **of the "FOX" trademark for sports content** agreed between TWDC and 21CF, so that the purchaser of the divested business (in this case, Grupo Lauman) could use such trademark for a minimum period, which, as a result of the negotiations between TWDC/21CF and Grupo Lauman and pursuant to the License Assignment Agreement filed with the IFT on March 16, 2008, the purchaser of the divested business (in this case, Grupo Lauman) could use such trademark for a minimum period of time.

2022, turned out to be 5 (CirlCO) afios, the which would conclude until November 102026, - condition 8.4.12.4.......................'

Electronic writing with digital seal attached as Annex 6).

**Certain conduct by Fox Corp. and Carlos Martinez** in **the re-entry of** Fox Corp. **into** the **Mexican sports broadcasting** market **(limited - at this time - to their illegal attempt to prevent my represented the use of Fox Sports** trademarks**)*.**

At the end of 2023, Fox Corp. expressed to Grupo Lauman its intention to reacquire the business of Fox Sports Mexico, in order to participate again in the sports broadcasting market in Mexico. From that moment on, Fox Corp. has carried out a series of illicit conducts with the purpose of causing damage to my principals, and to be able to unduly replace them in the sports broadcasting market in Mexico. Fox Corp. seeks to unlawfully obtain title to or ownership of my principals' assets without paying them fair market consideration. These unlawful conducts (and the damage they have caused to my principals) will be the main object of the lawsuit that my principals will file at the appropriate time. For the time being, and due to the urgency to avoid affecting the viability of the Fox Sports Mexico business and to protect the viability of my principals as going concerns, it is sufficient to refer to the most recent event through which Fox Corp. has unlawfully attempted to achieve its objectives.

On March 3, 2025, the CFO of Grupo Lauman (among other persons) received an email from Erin Eisner - Senior Vice President of Industrial and General Property Litigation of Fox Corp. - from the addresserin.eisner@fox.com , to which was attached a letter in which Fox Corp. intends to terminate the Assignment of License Rights Agreement in advance, despite the fact that Fox Corp. is not even a party to such agreement. Indeed, the only parties to the Assignment of License Rights Agreement are MDM and 21CF (which is a wholly owned subsidiary of Disney, and has no corporate relationship with Fox Corp.)

---

In the lawsuit that my principals will file in due time, all the conducts that the defendants have unlawfully carried out to re-enter the Mexican market will be discussed in detail, through -among other things- a series of acts executed with the purpose of of causing harm to my principals, depreciating the value of their assets and appropriating them without paying a fair market price for them.

Therefore, the alleged notification made by Fox Corp. has no legal effect whatsoever. Document exhibited as Exhibit 7).

On March 7, 2025, an external advisor of MDM responded to the communication sent by Fox Corp. by e-mail sent from the addresspdiez@dgt.com.mx . In such response, among other things, it was specified that MDM's right to use the Fox Sports Trademarks in Mexico is **exclusive** and with a term of at least 5 (five) years counted as of the signing of the License Assignment Agreement. As of the filing date of this request for injunctive relief, MDM has not received a response from Fox Corp. to the aforementioned letter. Document exhibited as Exhibit 8).

18.- What Fox Corp. intends is to achieve -through any means- that MDM stops using the Fox Sports trademarks in the territory of Mexico, in order to start operating in our country using precisely those trademarks, over the use of which MDM has an exclusive right until at least November 10, 2026. Regardless of the ineffectiveness and illegality of Ms. Erin Eisner's communication, it is undoubtedly an intimidating and unlawful act, executed in bad faith with the purpose of preventing - illegally - MDM from using the referred trademarks in Mexican territory, in clear violation of MDM's contractual rights under the Assignment of License Rights Agreement and its Amending Agreement, which, I repeat, is in force at least until November 10, 2026.

19.- Additionally, on March 6, 2025, several media published a statement allegedly prepared and disseminated by Fox Corp. in which it is said that Fox Corp. "cancelled the license agreement of Grupo Lauman for the Fox Sports Trademark". As previously stated, the right of my principals (and MDM in particular) to use the Fox Sports Marks does not derive from any contract entered into with Fox Corp. but from a contract entered into with 21CF (a wholly owned subsidiary of Disney). Therefore, Fox Corp. is not entitled to terminate the License Assignment Agreement or its Modifying Agreement early, as it is not even a party to either of them. Therefore, the alleged notice given by Fox Corp. does not produce -and cannot produce- any legal effect whatsoever.

Notwithstanding the foregoing, my principals have a well-founded fear that Fox Corp. will persist in its attempt to prevent my principals from using the Fox Sports Trademarks in the United Mexican States, even though Fox Corp. has no authority to prevent them from doing so.

As will be seen in detail in the lawsuit that my principals will file in due course, the intention of Fox Corp. is to make my principals lose all their valuable assets -including the use of the Fox Sports Trademarks- so that Fox Corp. can acquire them without having to pay a fair consideration -in market terms- to my principals. The foregoing, together with the unlawful conduct displayed by Carlos Enrique Martínez Sánchez, Fox Cable and Fox Corp. that will be described in detail in the lawsuit that my principals will file in due , give rise to a well-founded fear in my principals that
any or all of the future defendants, or all of them together, intend to take acts that limit, prevent, interfere with, hinder or hinder (or may limit, prevent, interfere with, hinder or hinder) the normal use by MDM of the Fox Sports Marks in the territory of Mexico, which
This is the reason why my principals feel the urgent need to resort to present request for precautionary measures of a pre-judicial nature, to request the preservation of their legitimate rights under the License Rights Assignment Agreement.

**LAW**

Regarding the requested precautionary measures, although the Commercial Code does not expressly provide for them in its articles, and even though Article 1168 of said Code provides that in commercial lawsuits such as the one at hand, only the "precautionary measures" provided for in said article (retention of person and retention of goods) are applicable, in terms of the provisions of the case law by contradiction of thesis resolved by the H. First Chamber of the Supreme Court of Justice of the Nation, which is transcribed below, it is feasible that, in order to safeguard the existing factual situation, it is possible to supplementarily apply the conservatory or securing measures provided for in Articles 384 to 388 of the Federal Code of Civil Procedures, since through these, it can provide effectiveness in the administration of justice; therefore, what is being requested here is appropriate.

The referred jurisprudential criterion is as follows:

"PRECAUTIONARY MEASURES IN COMMERCIAL MATTERS. WHEN THE REQUEST FOR THE MEASURE IS NOT BASED ON THE CASES PROVIDED FOR IN ARTICLE 1168 OF THE COMMERCIAL CODE, THE RESTRICTION CONTAINED ARTICLE 1171 OF THE SAME LAW TO DICTATE THEM, DOES NOT PREVENT THE SUPPLEMENTARY APPLICATION OF THE MEASURES OF PRECAUTIONARY MEASURES.

INSURANCE PROVIDED FOR IN PARAGRAPHS 384 TO 388 OF THE FEDERAL CODE OF CIVIL PROCEDURES (PARTIAL ABANDONMENT OF THESIS 1a. LXXIX/2007 AND 1a. LXXXI/2007). El

Article 1168 of the Code of Commerce regulates as a precautionary measure what it calls precautionary measures, which can only be issued when there is a fear that the company may be subject to a tax evasion:

I) the person against whom a lawsuit is to be filed or has been filed is absent or concealed; II) the assets on which a real action is to be exercised are concealed or dilapidated, and III) the assets on which the proceeding is to be exercised are concealed or disposed of, provided that the action is personal and the debtor has no other assets. For its part, number 1171 of the same law provides that no can be issued other precautionary measures than those established in the code itself, which will be exclusively, in the case of the mentioned section I, the seizure of the person and, in the cases of the mentioned sections II and III, the seizure of assets. In this sense, if in the Code of Commerce the legislator only regulated and named expressly and in a complete and closed manner the precautionary measure called "providencias precautorias", then, when in a commercial trial a request for a precautionary measure is filed with the purpose of maintaining an existing factual situation, and this is not based on any of the three mentioned hypotheses, it is unquestionable that, on the one hand, the judge would be prevented from issuing a precautionary measure of those provided in article 1168 mentioned above and, on the other hand, by not being able to establish such a precautionary measure, the prohibition contained in article 1171 would be applicable, since the purpose of said prohibition is only to regulate the terms and conditions for the operation of the precautionary measure called precautionary measure provided for in said article 1168, and consequently, such prohibition cannot and should not be understood as extending to any precautionary measure that is legally applicable to commercial matters. In this sense, before the request of a precautionary measure with the purpose of maintaining a factual situation, which is not based on any of the three hypotheses contained in article 1168 of the Code of Commerce, **the relevant content of the Federal Code of Civil Procedures, which provides as a** precautionary **measure the so-called** security measures, **established in its articles 384 to 388, would be applicable supplementary in terms of article 1054 of the same ordinance.** LXXIX/2007 and 1a. LXXXI/2007, in the part that foresees the intention and scope of the restrictive content of article 1171 of the Code of Commerce"(3).

As recognized by the Mexican Supreme Court of Justice, there are precautionary measures that may be ordered in a commercial lawsuit other than those designated as "providencias precautorias" (precautionary measures). The "providencias

The "precautionary measures" provided for in the Commercial Code are only a species of the

3 Epoch: Tenth.) Record: 2003884. Type of Thesis: Jurisprudence. Instance: First Chamber. Subject(s): Civil. Source: Semanario Judicial de la Federación: Judicial Weekly of the Federation and its Gazette. Thesis: 1a./J. 27/2013 (10th.), Book XXI, June 2013, Volume I, Page 552.

genus of "precautionary measures". In this sense, precautionary measures that are different from "precautionary measures" can be issued, since the only ones that are limitedly defined in the Commercial Code are the latter, and not all precautionary measures. It should also be noted that the function

The role of judges goes beyond the mere application of the ley, since the courts of the Mexican State must analyze whether the applicable norm is in accordance with the Federal Constitution or international human rights treaties, as established by the Plenary of the Supreme Court of Justice of the Republic of Mexico, which has ruled that the applicable norm is in accordance with the Federal Constitution or international human rights treaties.

The Company has been notified of the existence of the National Court, in connection with the proceeding to comply with the provisions of the Inter-American Court of Human Rights.

In this sense, the measures requested are appropriate in terms of the facts described in the respective chapter and by virtue what will be explained below.

It is common law that the function of the precautionary measures is to serve as a palliative for the time that the courts spend in resolving the controversies that are brought before them, with purpose that the situation of the parties does not worsen due to the duration of the proceeding, in order to serve as a provisional guarantee so that compliance with the eventual judgment that may be issued in the proceeding is not illusory or impossible.

Thus, the Political Constitution of the United Mexican States establishes the human right to effective judicial protection by providing, in its pertinent part:

> "Article 17.
>
> Every person has the right to have justice administered by courts that will be ready to impart it within the terms and periods established by law, **issuing their resolutions in a prompt, complete** and **impartial manner**. Their service shall be free of charge, and consequently, judicial costs shall be prohibited.
>
> Federal and local laws shall establish the necessary **means so that the independence of the courts and the full execution of their resolutions are guaranteed."**

From the simple reading of the transcribed numeral, it is evident that our Magna Carta provides that the jurisdictional authority must issue judgments that are fully enforceable, that is to say, that they are effective,

that can be executed or complied with from the practical) point of view in order to achieve a real protection of the interests of the party prevaleciente in a lawsuit.

In this sense, the figure of precautionary measures as) a mechanism that tends to preserve the rights and interests during the trial, with the purpose of achieving that the final judgment that in its time is issued, may be effective.

Thus, effective judicial protection not only includes the issuance of final judgments, but also the issuance of precautionary measures in order to ensure that the judgment is effectively enforced.

In this regard, the American Convention on Human Rights, in its articles 8 and 25, provides:

> "Article 8. Judicial Guarantees
>
> Every person has the right to a hearing, with due guarantees and within a reasonable time, by competent, independent, and impartial judge or tribunal, previously established by law, in the substantiation of any criminal charge against him, or for the determination of his rights and obligations of a civil, labor, fiscal, or any other nature.
>
> "Article 25. Judicial Protection
>
> 1. Everyone has the right to simple and prompt recourse, or any other effective recourse**, to a competent court or tribunal for protection against acts that violate his** fundamental **rights** recognized by the constitution or of the state concerned or by Convention, even though such violation may have been committed by persons acting in the course of their official duties.
>
> 2. The States Parties undertake:
>
> a) to ensure that the competent authority provided for by the legal system of the State shall decide on the rights of any person seeking such a remedy;
>
> b) to develop the possibilities of judicial recourse, and
>
> c) **to ensure the enforcement, by the competent authorities, of any decision that the** appeal has been upheld".

Therefore, effective judicial protection is elevated to the rank of a fundamental right.

The Inter-American Court of Human Rights determined that Article 25 of the American Convention on Human Rights imposes two specific responsibilities on the State. First, to enshrine in law and ensure the due application of effective remedies before the competent authorities to protect all persons under its jurisdiction against acts that violate their fundamental rights or that entail the determination of their rights and obligations (Case of Acevedo Jaramillo et al. vs. Peru). The second is to guarantee the means to enforce the respective decisions and final judgments issued by such competent authorities, so that the rights declared or recognized are effectively protected (Case of Baena Ricardo et al. v. Panama).

(Case of Acevedo Buendía et al. v. Peru, Case of Acevedo Jaramillo et al. v. Peru).

As can be seen, the Inter-American Court of Human Rights determined the scope of the fundamental right to effective judicial protection by concluding that States are obliged to guarantee the means to enforce judgments in such a way as to ensure real protection of the rights involved. , any provision that undermines the effective protection of the right in question would be contrary to article 25 of the American Convention on Human Rights and, therefore, Article 17 of the Political Constitution.

This means that it is a constitutional obligation of the judge to guarantee the effective execution of a judgment, through precautionary measures, either expressly regulated by the legal system, or those ad hoc measures that the judge deems necessary to guarantee the effective protection of the protected right.

The foregoing is supported by the decision issued by the Third Collegiate Court in Civil Matters of the First Circuit, in the case of R.C. 253/2011, available on the website of the Federal Judiciary Council[4]; and leads to the conclusion that in the specific case, even though some of the precautionary measures requested are not specifically regulated by the Commercial Code, they are supported by Articles 1 and 17 of the Constitution, insofar as they protect the fundamental right to effective judicial protection, in light of what is expressly requested in this , which is the right to effective judicial protection.

---

[4] htt //w d e c ob x/OUT/00270000107690540003003AST PDF

which is expressly regulated by Article 384 of the Federal Code of Civil Procedure, of supplementary application:

> "Article 384. Before or during the trial, or at the time of its **development,** can be decreed all the measures was that s for a e s ua o of the existing he ho- These measures shall be decreed without a hearing of the counterpart, and no appeal shall be any. The allowed the decision denying the measure.

About the above, also is also the following applicable case law:

> "PRECAUTIONARY MEASURES OR PRECAUTIONARY MEASURES IN COMMERCIAL LAWSUITS. THEY ARE INHERENT TO THE RIGHT TO JURISDICTION, THEREFORE THE LIMITATION OF THEIR GRANTING MUST FOLLOW A FUNCTIONAL INTERPRETATION IN ACCORDANCE WITH ARTICLE 1168 OF THE COMMERCIAL CODE WITH ARTICLES 1 AND 2 OF THE COMMERCIAL CODE.
> 17 CONSTITUTIONAL RIGHTS. In commercial lawsuits, precautionary measures or precautionary measures may be decreed to maintain a pre-existing situation, since this type of instruments are inherent to the right to jurisdiction, having the purpose of making the Judges' sentences effective as provided in Article 17, paragraph seven, of the Political Constitution of the United Mexican States, which provides that: "Federal and local laws shall establish the necessary means to guarantee the independence of the courts and the full execution of their resolutions". Thus, the amendment published in the Official Gazette of the Federation on January 10, 2014 to Articles 1168 and 1171 of the Code of Commerce, was not **intended** to prevent that **in** commercial **lawsuits** the necessary precautionary measures or injunctions are decreed to enforce the enforcement of **judgments, since its purpose was focused on the interpretation of** clear and clear rules that allow creditors to **obtain the effective collection of their unpaid credits,** through **the placement** of persons or the withholding of assets. Thus, the amended text of article 1168, first paragraph, invoked, which establishes: "In commercial lawsuits, only the precautionary measures or precautionary measures provided for in this Code may be issued and which are the following: (...)", should not be interpreted with a **criterion of simple literalism,** since it would be prohibitive as opposed to the duty of the ordinary Judge to preserve the subsisting subject matter of the lawsuit, which, of course, would violate the fundamental rights recognized by the international instruments signed by the Mexican State and by the Political Constitution of the United Mexican States, in accordance with its Article 1o.Nevertheless, a functional and conforming interpretation of that numeral gives the guideline to notice that it is a taxative norm when foreseeing two assumptions applicable to a certain factual situation, which, however, **does not restrict the possibility of the judge** that in compliance with his function in relation to the granting and proceeding of **the different measures of protection**.

> and precautionary measures, they must be adapted to the circumstances and the needs of each case, since these measures must be flexible even with the possibility of modification as **needed** in the procedure in which it is used. The Board, in addition, when granting them, must justify them ***and*** the for them, as well as with respect to the guarantees that are required, in order to avoid abuses by the parties requesting them. By virtue of this, such interpretation is in accordance with the fundamental rights to effective judicial protection and access to the administration of **justice** recognized both by the constitutional article in question, as well as by precept 25 of the American Convention on Human Rights.

In sum, the limitation established by the legislator in Article 1171 of the Code of Commerce in no way restricts the right of my clients to request any other preservation measure aimed at safeguarding the property that is the object of the litigation and, therefore, in accordance with the aforementioned mandatory jurisprudence, **Article 384 of the Federal Code of Civil Procedures is applicable to the case.**

Now, as it is clear from what has been pointed out in the section on the facts of this brief, in this case the requirements of the appearance of good , well-founded fear and danger in the delay inherent to any precautionary measure are met, since:

Appearance of Good Right: My principals exhibit with their claim, originals or certified copies of the documents that are exhibited as Annexes 4) to 8) of this brief.

From the aforementioned documents, it is clear, *puma facie,* that MDM has an unrestricted right to use the trademarks described in this application until at least November 10, 2026, under the License Assignment Agreement, its Modifying Agreement, and the resolutions of the IFT; that Mrs. Erin Eisner did not prove to be a representative of Fox Corp, that Fox Corp. is not entitled to terminate the Assignment of Rights Agreement (nor its Amendment Agreement), since it has not subscribed it; nor is there any clause of the same that empowers anyone -much less Fox Corp.-, to terminate it by means of a simple written notice.

Now, the verisimilitude of the right is a presupposition that conditions the admissibility of the measure and aims at an objective **credibility**.

---

[5] Epoch: Tenth Epoch. Record: 2020903. Instance: Circuit Plenary Courts. Type of Thesis: Jurisprudence. Source: Gaceta del Semanario Judicial: Gazette of the Judicial Weekly of the Federation. Book 71, October 2019, Volume III. Subject(s): Constitutional, Civil, Civil. Thesis: PC.I.C. J/94 C (10a.). Page: 2979.

and serious, which rules out a manifestly unfounded, reckless or) highly questionable claim. This is justified on the grounds that the (c)(autelary) measures, rather than being intended to do justice, are aimed at giving the latter time (to)effectively fulfill its objective.

In case, the appearance of good faith is linked to what is evident from the documents described above, particularly with the resolutions of the IFT with full probative value, in relation to the Assignment of License Rights Agreement and its Modifying Agreement, that clearly
is signed by 21CF and not by Fox Corp.

Therefore, the injurious effect of any claim by Fox Corp. to terminate the Assignment of License Rights Agreement and its Modifying Agreement, and its claim to prevent or hinder the continuous and uninterrupted use of such trademarks by MDM in the national territory must be suspended.

Well-founded fear: In the event that the injunctive relief requested to your Honor is not granted, there is a risk that the alleged defendants will generate more acts tending to prevent or hinder the use the trademarks by MDM, by de facto means or under quasi-legal pretensions.

Peligro in the delay: The urgent adoption of the injunction is necessary, considering, as above, that any of the future defendants may perform acts that hinder, limit or obstruct the use of the trademarks by MDM.

The following criteria are applicable:

"SUSPENSION. IN ORDER TO RULE ON IT, IT IS FEASIBLE, WITHOUT DISREGARDING THE REQUIREMENTS CONTAINED IN ARTICLE 124 OF THE AMPARO LAW, TO MAKE AN ASSESSMENT OF A PROVISIONAL NATURE.
PROVISIONAL OF
THE UNCONSTITUTIONALITY OF THE CHALLENGED ACT.
The suspension of the challenged acts participates in the nature of a precautionary measure, whose presuppositions are the appearance of the good right and the danger in the delay. The former is based on a superficial knowledge aimed at achieving a decision **of mere probability regarding the existence of the** right discussed in the process. Said requirement **applied to the suspension of the challenged acts, implies that, for the granting of the measure, without disregarding the requirements contained in article** 124 of the Amparo Law, it is sufficient to verify the existence of the right being discussed in the **proceeding**.

**appearance of law iriVOcado by the complainant, de The Court of Appeals has** determined that, according to a **probability calculation, it is possible to anticipate that the amparo judgment** will declare the **unconstitutionality of the challenged act.**

This review is also based on Article 107, section X, constitutional, insofar as it establishes that for the granting of the suspension measure, the nature of the alleged violation, among other factors, must be taken into account, which implies that the right that is said to have been violated must be taken into account. That is, the examination of the nature of the alleged violation does not only encompass the concept of violation adduced by the complainant, but also implies the fact or act that involves the violation, considering its characteristics and its transcendence. In any case, such analysis must be carried out, without prejudging on the certainty of the right, is to say, on the constitutionality or unconstitutionality of the challenged acts, since this can only be determined in the amparo judgment based on a broader procedure and with more information, always taking into account that the determination made in relation to the suspension should not influence the judgment on the merits, since such determination is only provisional and is based on mere hypotheses, and not on the certainty of the existence of the pretensions, in the understanding that it must be weighed with the other elements required for the suspension, because if the harm to the social interest or to the public order is greater than the damages of difficult repair that the plaintiff may suffer, the requested suspension must be denied, since the preservation of the public order or of the interest of society is above the particular interest affected. With this procedure, an excessive examination by the judge is avoided, which will always be subject to the rules governing the suspension of the suspension.

"SUSPENSION IN THE INDIRECT AMPARO. RELATION OF THE RESTORATIVE, PROVISIONAL AND ANTICIPATED EFFECT THAT MUST BE GIVEN IN TERMS OF ARTICLE 147, SECOND PARAGRAPH, OF THE LAW OF THE MATTER, WITH THE APPEARANCE OF THE GOOD LAW AND THE PELIGRO IN THE DELAY. De

Pursuant to Article 147, second paragraph, of the Amparo Law, in force since April 3, 2013, in those cases in which the suspension is appropriate, in view of the nature of the challenged act, the jurisdictional body will order that things remain in the state they are in and, if legally and materially possible, will provisionally reestablish the plaintiff in the enjoyment of the violated right, while the amparo judgment is rendered. Thus, from the opinion issued by the Senate of the Republic on the initiative of said law, it is estimated that the aforementioned provision originated because, in accordance with the jurisdictional practice based on the Amparo Law of 1936, it was recognized in cases in which the suspension could not be granted with an effective scope and consistent with the premises of avoiding the consummation of the alleged violations, making them difficult or impossible to repair, and of safeguarding the subject matter of the amparo, if it was not given a restitutory effect,

---

[6] Record digital: 200136. Instance: Plenary. Ninth Epoch. Subject Matter(s): COMMON. Thesis: P./J. 15/96. Source: Judicial Weekly of the Federation and its Gazette. Volume III, April 1996, page 16. Type: Jurisprudence.

provisional and anticipated, because the act claimed was executed at the time (the) (measure) (was) (requested) and) a from from a knowledge superficial y of mere probability of the violation invoked by the complainant, that would result in the objective and serious credibility of the that discard a claim manifestly unfounded, reckless or questionable (appearance of good faith), as well as the danger that, if the execution of the act were to continue, the claim would be frustrated because the violation would be consummated and the subject matter of the amparo would be lost (danger of delay); criteria that surpassed those related to the fact that the suspension should only have conservatory effects and it was not possible, when deciding on its granting, to address any study on the constitutionality of the challenged act since the latter would be the subject of the judgment that would resolve the merits of the amparo. In these conditions, the provision contained in the second paragraph of the cited article 147, is closely related to the provisional approach to the merits of the case to which the judge is obliged, in to determine the appearance of good law, referred to in articles 107, section X, of the Political Constitution of the United Mexican States and 138 of its regulatory law , but, fundamentally, it leads to the analysis of the danger in the delay, given the nature of the precautionary measure that corresponds to the suspension of the challenged act in the amparo trial, in the understanding that the analysis of such danger, as understood in the initially indicated opinion, involves an estimation of mere probability that, if the act is not suspended, the alleged violations will be consummated and will become difficult or impossible to repair, this, in the substantive aspect, and the subject matter of the amparo will disappear, as an adjective consequence of the delay in the paralyzation of the act. Therefore, when in the same normative portion that is being analyzed, the exceptional, provisional and anticipated restorative effect that can be given to suspension of the act is conditioned to the fact that its nature reveals that it is legally and materially possible, the determination of these last aspects must involve the determination of whether there is a real danger that if the suspension is not given the referred effect, the alleged violations will be consummated, become difficult or even impossible to repair in the amparo judgment and the substantive matter of the main trial will be lost, in the understanding also that these expressions constitute normative and control elements that the legislator foresaw, so that granting the suspension, exceptionally, a restorative, provisional and anticipated effect, does not result in an arbitrary decision or susceptible to abuse, because if so, without the danger in the delay and the adjective risk of the disappearance of the subject matter of the amparo, the purpose considered by the legislator to foresee such measure with the exceptional scope described would be distorted. All this, of course, in understanding that, in addition to the appearance of good faith and the danger in the delay, it is inexcusable that it is demonstrated that the social interest is not affected by the granting of the measure and the compliance of the other requirements set forth in the Amparo Law, because if such affectation exists and is greater than the one that the complaining party would suffer, as may be appreciated from its claims, the suspension would be inadmissible and an analysis to the most effective effect to be given to it would be unnecessary, which does not contradict the essence of the jurisprudential criteria that guided the adoption of the current second paragraph of Article 147 of the Law of Amparo, which is the same as that of Article 147 of the Law of Amparo, which is the second paragraph of Article 147 of the Law of Amparo.

> Amparo, contained in the jurisprudences P./J. 15/96 and P./J. 16/96, of the Plenary of the Supreme Court of Justice de the Nation, issued on the basis in the Law of Amparo currently abrogated, but, in terms of the sixth transitory article of the current legislation, seen in relation to the original legislative processes of the current legislation, serve as a guide to determine the specific nature of the weighing judgment on the appearance of good faith and the danger of delay; however, its applicability be full according to the current legislation , because, as was specified, el Constituent ordered that be observed majors requirements to regulate the weighing judgment and the granting of the measure, with the purpose of avoiding abuse and controlling the discretion of the Judge when granting the measure, so that such discretion does not result in arbitrariness, with the consequent injury to the social interest in the granting of the measure with an exceptional effect, when this is not justified and, even before the issuance of the law in force, the Supreme Court itself restricted the applicability of those criteria to the observance of the requirements of article 124 of the abrogated law and, under the current law, the same principle of compliance with each and every one of the requirements that must be met in order to grant the precautionary measure must apply. [7]

It is important to note that the granting of precautionary measures does not prejudge the possible rights of future defendants, so that their actions and means of defense are expedited.

Scope of the measures: The requested measures are perfectly limited in time, since they must remain in force only until the time the present lawsuit is terminated by means of an enforceable judgment and only affect the alleged defendants, and the eventual damages that may be caused said measure will be covered by the bond that your Honor may fix for such purpose.

For this purpose, the following criteria are applicable:

> "SUSPENSION. IN ORDER TO RULE ON IT, IT IS FEASIBLE, WITHOUT DISREGARDING THE REQUIREMENTS CONTAINED IN ARTICLE 124 OF THE AMPARO LAW, TO MAKE AN ASSESSMENT OF A PROVISIONAL NATURE. PROVISIONAL OF THE UNCONSTITUTIONALITY OF THE CHALLENGED ACT.
> The suspension of the challenged acts **participates** in the nature of a precautionary measure, whose presuppositions are the appearance of the good right and the danger in the delay. The first of them is based on **a superficial knowledge aimed at achieving a decision** of mere **probability regarding** the existence of the right discussed in the process. Said

[7] Digital record: 2006949. Instance: Collegiate Courts. Tenth Epoch. Subject Matter(s): Common. Thesis: IV.2o.A.63 K (10a.). Source: Gazette of the Judicial Weekly of the Federation. Book 8, July 2014, Volume II, page 1316. Type: Isolated

requirement applied a the suspension of the The Court of Appeals has ruled that, for the granting of the measure, without disregarding the requirements contained Article 124 of the Amparo Law, it is sufficient to verify the appearance of the right invoked by the plaintiff, in such a way that, according to a calculation of probabilities, it is possible to anticipate that in the amparo judgment the unconstitutionality of the challenged act will be declared. This examination is also based on Article 107, section X, of the Constitution, insofar as it establishes that for the granting of the suspension measure, the nature of alleged violation, among other factors, must be taken into account, which implies that right that is allegedly violated must be taken into account. That is to say, the examination of nature of the alleged violation not only includes the concept of violation alleged by the complainant, but also implies the fact or act that involves the violation, considering its characteristics and its transcendence. In any case, such analysis must be carried out without prejudging about the certainty of the right, that is to say, on the constitutionality or unconstitutionality of the challenged acts, since this can only be determined in the amparo judgment based on a broader procedure and with more information, always taking into account that the determination made in relation to the suspension should not influence the judgment on the merits, since the latter is only provisional and is based on mere hypotheses, and not on the certainty of the existence of the claims, in the understanding that it must be weighed with the other elements required for the suspension, because if the harm to the social interest or to the public order is greater than the damages and prejudices of difficult repair that the plaintiff may suffer, the suspension requested must be denied, the preservation of the public order or the interest of society are above the particular interest affected. With this procedure, an excessive examination by the judge is avoided, which will always be subject to the rules governing the suspension."

"SUSPENSION IN THE INDIRECT AMPARO. RELATION OF THE RESTORATIVE, PROVISIONAL AND ANTICIPATED EFFECT THAT MUST BE GIVEN TO IT IN TERMS OF ARTICLE 147, SECOND PARAGRAPH, OF THE LAW OF THE MATTER, WITH THE APPEARANCE OF THE GOOD RIGHT AND THE DANGER IN DELAY. Pursuant to Article 147, second paragraph, of the Amparo Law, in force since April 3, 2013, in those cases in which the suspension is appropriate, in view of the nature of the challenged act, the jurisdictional body will order that things remain in the state they are in and, if legally and materially possible, will provisionally reestablish the plaintiff in the enjoyment of the violated right, while the amparo judgment is issued. Thus, from the opinion issued by Senate of the Republic on the initiative of said law, it is estimated that the aforementioned provision originated because, in accordance with the jurisdictional practice based on the Amparo Law of 1936, it was recognized that there were cases in which the amparo could not be granted.

Epoch: Ninth Epoch. Record: 917974.) Instance: Plenary. Type of Thesis: Jurisprudence Source: Appendix 2000. Volume VI, Common, Jurisprudence SCJN. Subject Matter(s): Common. Thesis: 440. Page: 374.

suspension with an effective scope and consistent with the premises of preventing the consummation of the violations. the alleged acts, making them difficult or impossible to repair, and of safeguarding the subject matter of the amparo, if it was not given a restitutory, provisional and anticipated effect, because the challenged act was executed at the time the amparo was filed.
the measure was requested and on the basis of knowledge of the
The Court **also considered that there was a** superficial and mere probability of the violation invoked by the plaintiff, which resulted in the objective and serious credibility that would rule out a manifestly unfounded, reckless or questionable claim (appearance of good ), **as well as the danger** that, if **the execution** of the act were to continue, the **claim would be frustrated because the violation was consummated and** the subject matter of the amparo would be lost **(danger in** delay); These criteria surpassed those related to the fact that the suspension should only have conservatory effects and that it was not possible, when deciding on its concession, to address any study on the constitutionality of the challenged act since the latter was the subject matter of the judgment that resolved merits of the amparo. Under these conditions, the provision contained in the second paragraph of the aforementioned article 147, finds close relationship with the provisional approach to the merits of the case to which the judge is obliged, in order to determine the appearance of good law, referred to in articles 107, section X, of the Political Constitution of the United Mexican States and 138 of its regulatory law, but, fundamentally, it leads to the analysis of **the danger in the** delay, given the nature of the **precautionary** measure that **corresponds** to the suspension of the act claimed **in the** amparo **trial**, **in the understanding that the analysis of such danger, as it was understood in the initially** indicated **opinion**, involves a estimation of mere probability that, if the act is not suspended, the **alleged violations will be consummated and will become difficult or impossible to repair, this, in** the **substantive** aspect**,** and the subject matter of the amparo will disappear, as an adjective consequence of the delay in the paralyzation of the act. Therefore, when in the same normative portion that is being analyzed, the exceptional, provisional and anticipated restorative effect that can be given to the suspension of the act is conditioned to the fact that its nature reveals that it is legally and materially possible, in determining of these latter aspects must involve the determination of whether there is a real danger that if the suspension is not given the referred effect, the alleged violations would be consummated, would become difficult or even impossible to repair in the amparo and the merits of the main trial would be lost, in the understanding also that these expressions constitute normative and control elements that the legislator foresaw, so that the granting of the suspension, exceptionally, a restorative, provisional and anticipated effect, does not result in an arbitrary decision, would not result in an arbitrary decision or susceptible to abuse, because if so, without the danger in the delay and the adjective risk of the disappearance of the subject matter of the amparo, purpose considered by the legislator to foresee such measure with the exceptional scope described would be distorted. All this, of course, in the understanding that, in addition to appearance of good faith and the danger in the delay, it is inexcusable that the social interest is not affected by the granting of the measure and the fulfillment of the other requirements set forth in the Amparo Law, because if there is such affectation and it is greater than the one that the law provides for in the Amparo , it is necessary to demonstrate that it does not affect the social interest.

the complaining party, as it) (will appreciate from its claims, the suspension e would be inappropriate unnecessary an analysis as to the most effective effect that should be given to it, which does not contradict the essence of the jurisprudential criteria that guided the adoption of the current second paragraph of article 147 of the Law of Amparo, contained in the jurisprudences P./J. 15/96 and P./J. 16/96, of the Plenary of the Supreme Court of Justice of the Nation, issued based on the currently repealed Amparo Law, but that, in terms of the sixth transitory article of the Amparo Law, seen in relation to the original legislative processes of the current legislation, serve as a guide to determine the specific nature of the weighing trial on the appearance of the good right and the danger in the delay; however, its applicability cannot be full under the current legislation, because it is not possible to determine the specific nature of the weighing trial on the appearance of the good right and the danger in the delay. current legislation, because, as it was stated, the Constituent ordered that be observe requirements to regulate the judgment of weighting and the granting of the measure, with the purpose of avoiding abuse and controlling the discretion of the Judge when providing on its granting the measure, with the purpose of that that this discretion does not result in arbitrariness, with the consequent injury to the social interest in the granting of the measure with an exceptional effect, when this is not justified and, even before the issuance of the law in force, the Supreme Court itself restricted the applicability of those criteria to the observance of the requirements of article 124 of the abrogated law and, in the rule of the current law, the same principle of compliance with each and every one of those that must be satisfied to provide for the precautionary measure must govern "*.

**ADDRESSES FOR NOTIFICATION OF PRECAUTIONARY MEASURES TO BE TAKEN.**

ASK THE FUTURE DEFENDANTS TO

a) A Fox Corporation: 1021 West Pico Blvd, 2121/12, Los Angeles, California 90035, in the United States of America;

b) A Fox Media, LLC: 1021 West Pico Blvd, 2121/12, Los Angeles, California 90035, in the United States of America;

c) To Fox Cable Network Services, LLC: 1021 West Pico Blvd, 2121/12, Los , California 90035, in the United States of America; and

d) Carlos Enrique Martinez Sanchez: 1021 West Pico Blvd, 2121/12, Los Angeles, California 90035, in the United States of America.

---

Epoch: Tenth Epoch. Record: 2006949. Instance: Collegiate Courts. Type of Thesis: Aislada. Source: Gaceta of the Judicial Weekly of the Federation. Book 8, July 2014, Volume II. Subject(s): Common. Thesis: IV.2o.A.63 K (10a.). Page: 1316.

Considering that the domicile of the future defendants is located) outside the jurisdiction of this H. Juzgado, based in I the (article) (1072) of the Código de Comercio, attentively letter rogatoria with the inserts to the C. Judge in Los Angeles, California, United States United States of America, so that through him, you may be served at the address previously provided; requesting from now on that a term of no less than 30 business days be granted to my represented parties to exhibit the translations

The respective letters rogatory shall be made available to my principals, through any authorized persons, to) deliver it to the Ministry of Foreign Affairs.

**ADDRESSES FOR NOTIFICATION**

**THESE MEASURES TO THIRD PARTIES**

The unlawful conducts of the future defendants caused and continue to cause to my principals; and additionally, they have caused the cable television providers and main clients of my principals to refrain from paying them the amounts that legally correspond to them, therefore, I hereby request that the precautionary measures decreed in this file be notified to the following legal entities, at the addresses specified:

| | |
|---|---|
| Telefonía por Cable S.A. de C.V. | Avenida Lázaro Cárdenas No. 1694, Colonia del Fresno, Mexico City |
| Cablemas Telecommunications S.A. de C.V. | Avenida Vasco de Quiroga No. 2000, Colonia Santa Fe, Mexico City |
| Total Play Telecommunications S.A.P.I. D | 252 San Jeronimo Avenue, Colonia La Otra Band, Mexico City |
| Amazon.com Services LLC | Boulevard Manuel Avila Camacho No. 261, Floor 5, Colonia Polanco, Mexico City |
| Corporación Novavisión S. de RL de C.V. | Avenida Insurgentes Sur No. 694, 6th, 7th floors, 8º and 10º, Colonia del Valle Centro, Mexico City |
| Claro Video LLC | 9100 36th St. Suite 101, Doral, Florida, United States United States of America. |
| Grupo W COM S.A. de C.V. | Galileo No. 50, Colonia Polanco IV Section, Mipuel Hidalgo Mayor's Office, Mexico City |
| **Affiliates** | |
| Apple Store LLC | One Apple Park Way, Cupertino, California, 95014, United States of America |
| Google Store LLC | 1600 Amphitheatre Pkwy, Mountain View California, 94043 United States of America |
| Stripe LLC | Paseo de la Reforma 180, Colonia Juárez, Cuauhtémoc City Hall, Mexico City |
| ROKU LLC | 1701 Junction Court, Suite 100, San Jose. California, United States of America |
| App | |
| Radio Movil Dipsa S.A. de C.V. | Lago Zurich No. 245 Edif Telcel Ampliación Granada, Miguel Hidalgo District, Mexico City |

| | |
|---|---|
| FOráneos Books S.A. de C.V. | Avenida Conscripto 311 Acceso 4 Caballeriza 6 D 102, Lomas De Sotelo, Mexico City |
| Soccer Media Solutions S.A. de C.V. | Juan Salvador Agraz No. 65, PISO 14-A, Colonia Santa Fe, Mexico City |
| Next Natal S.A.P.I de C.V. | Guillermo Gonzalez Camarena 800, Piso 4 Colonia Santa Fe, Mexico City |
| Wis Master Mexico S.A. de C.V. | 319 Lago Alberto St., 16th Floor, Miguel Hidalgo City Hall |

Considering that the domicile of some of the aforementioned third parties is located outside the jurisdiction of this Court, based on Article 1072 of the Commercial Code, I kindly request that letters rogatory be sent to the competent Judges in said jurisdictions.

domiciles, so that through you, they may be notified of the order decreeing the precautionary measures requested at the domicile previously provided; requesting from now on that a term of no less than 30 business days be granted to my represented parties to exhibit the respective translations; and that the letter rogatory be granted to my represented parties to exhibit the respective translations; and that the letter rogatory be sent to them at the domicile previously provided.

I hereby request that the respective documents be made available to my principals, through any authorized person, for delivery to the Ministry of Foreign Affairs.

**TESTS**

**1.- THE DOCUMENTARY,** consists of a simple copy of the public version of the 2019 IFT Resolution, which is exhibited as Annex 4).

Under oath, I declare that my principals do not have such resolution in original, therefore, based Article 1061 of the Commercial Code, I request that the IFT be required to exhibit it before your Honor, or send a certified copy of it, under penalty of a fine, in accordance with the provisions of Article 1067 Bis of the Commercial Code.

I relate this evidence to each and every one of the facts of present request, and to the need for the adoption of the precautionary measures requested, and this evidence will prove their origin.

The reason why it is considered that this evidence will prove such extremes is that it is the document in which it is stated that the IFT established as a necessary condition for the authorization of the concentration between 21CF and Disney, that an **exclusive and free** use license be granted to the eventual buyer of the Fox Sports Mexico business.

**2.- THE DOCUMENTARY,** consisting of a copy of the License Rights Assignment Agreement executed on November 10, 2021 and its respective translation, which is exhibited as Exhibit 5) as well as a certified copy of its amendment agreement, dated July 25, 2022, executed between 21CF and MDM, and its respective translation, which are jointly exhibited as Exhibit 5-A).

Under oath, I state that my principals do not have the Assignment Agreement executed on November 10, 2021, since a copy of this document was filed with the IFT, and therefore, based on Article 1061 of the Commercial Code, I request that the IFT be informed of the existence of this document.
The IFT is required to exhibit it before your Honor, or a certified copy thereof, under penalty that if it fails to do so, it will be subject to a fine in accordance the provisions of Article 1067 Bis of the Commercial Code.

I relate this evidence to each and every one of the facts of the present request, and to the need for the adoption of the precautionary measures that are requested, and with the same, their origin will be accredited.

The reason why it is considered that with this evidence such extremes will be accredited is that they are the documents with which it is accredited that MDM is the holder of the **exclusive** right to use the Fox Sports Trademarks in Mexico, at least until November 10, 2026, by virtue of the assignment made in its favor by 21CF, in compliance with what was ordered in the IFT Resolution 2019.

**3.- THE DOCUMENTARY,** consisting of the letter dated February 12, 2025, issued by the IFT, which is exhibited as Exhibit 6).

I relate this evidence to each and every one of the facts of present request, and to the need for the adoption of the precautionary measures requested, and this evidence will prove their origin.

The reason why it is considered that with this evidence such extremes will be accredited is that it is the document with which it is accredited that the validity of the right of my client to the exclusive use of the Fox Sports trademarks in Mexico is until November 102026.

'á-- **THE DOCUMENTARY,** consisting of the printout of the email dated March 3, 2025, that MDM received from the Senior Vice President of Industrial and General Property Litigation of Fox Corp, which is exhibited as Exhibit 7).

I relate this evidence to each and every one of the facts of the present request, and to the need for the adoption of the precautionary measures requested, and this evidence will prove their origin.

The reason why it is considered that this evidence will prove such extremes is that it is the document which proves that Fox Corp. unduly intends that MDM stops using Fox Sports trademarks Mexico (which is only one of the many conducts of Fox Corp., its affiliates and Carlos Martinez, tending to unlawfully cause damages to my principals, with the purpose of obtaining a benefit).

**5.- THE DOCUMENTARY,** consisting of the printout of the email dated March 7, 2025, sent by MDM's legal counsel to Senior Vice President of Industrial and General Property Litigation of Fox Corp. in response to the email referred to in numeral 3 above, which is exhibited as Exhibit 8).

I relate this evidence to each and every one of the facts of present request, and to the need for the adoption of the precautionary measures that are requested, and it will prove their origin.

The reason why it is considered that with this evidence such extremes will be accredited is that it is the document in which it is stated that Fox Corp. knows that the right to use the Fox Sports Trademarks in Mexico owned by me is a right of **exclusive and free** use, with a term of at least 5 years from the date of signature of the License Rights Assignment Agreement.

6.- THE INSTRUMENTAL OF ACTIONS, consisting of all the proceedings in the present trial, as far as it favors the interests of my represented parties. This evidence is related to each and every one of the facts of the present request, and with need for the adoption of the precautionary measures that are requested; and with the same, its origin will be accredited.

**7.- PRESUMED EVIDENCE,** in its double aspect, legal and human, in everything that favors the interests of my represented parties. This evidence is related to each and every one of the facts of the present request, and with the need for the adoption of the precautionary measures that are requested; and with the same, its origin will be accredited.

In view of the foregoing;

TO YOU C. JUDGE, I attentively request:

**FIRST.-** To acknowledge the personality that I hold, in my capacity as general attorney-in-fact for lawsuits and collections of Media Deportes México, S. de R.L. de C.V. and Mexico Sports Distribution, LLC; in merit of the notarial instruments that are exhibited with this document, requesting their return after comparing and comparing them with the attached photocopies.

**SECOND.-** The procedural domicile indicated is deemed to have been indicated and the persons mentioned are deemed to be authorized for the purposes specified.

**THIRD.-** Decree the precautionary measures that are requested, setting the guarantee that legally corresponds.

I protest as necessary
Mexico City, Mexico, March 24, 2025

**ROGELIO ARTURO ISLAS PÉREZ**

**ANEXO 1**

## CÉDULA DE IDENTIFICACIÓN FISCAL

Hacienda
Secretaría de Hacienda y Crédito Público | SAT
SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

MDM191007M83
Registro Federal de Contribuyentes

MEDIA DEPORTES MEXICO
Nombre, denominación o razón social

idCIF: 19110261946
VALIDA TU INFORMACIÓN FISCAL

## CONSTANCIA DE SITUACIÓN FISCAL

Lugar y Fecha de Emisión
**ALVARO OBREGON , CIUDAD DE MEXICO A 14 DE FEBRERO DE 2025**

MDM191007M83

### Datos de Identificación del Contribuyente:

| | |
|---|---|
| **RFC:** | MDM191007M83 |
| **Denominación/Razón Social:** | MEDIA DEPORTES MEXICO |
| **Régimen Capital:** | SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE |
| **Nombre Comercial:** | MEDIA DEPORTES MEXICO |
| **Fecha inicio de operaciones:** | 07 DE OCTUBRE DE 2019 |
| **Estatus en el padrón:** | ACTIVO |
| **Fecha de último cambio de estado:** | 07 DE OCTUBRE DE 2019 |

### Datos del domicilio registrado

| | |
|---|---|
| **Código Postal:**01210 | **Tipo de Vialidad:** CALLE |
| **Nombre de Vialidad:** GUILLERMO GONZALEZ CAMARENA | **Número Exterior:** 600 |
| **Número Interior:**PB | **Nombre de la Colonia:** SANTA FE |
| **Nombre de la Localidad:** ALVARO OBREGON | **Nombre del Municipio o Demarcación Territorial:** ALVARO OBREGON |
| **Nombre de la Entidad Federativa:** CIUDAD DE MEXICO | **Entre Calle:** AGUSTIN MANUEL CHAVEZ |
| **Y Calle:** JUAN SEGALE | |

### Actividades Económicas:



Hacienda
Secretaría de Hacienda y Crédito Público | SAT
SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

**Contacto**
Av. Hidalgo 77, col. Guerrero, C.P. 06300, Ciudad de México.
Atención telefónica desde cualquier parte del país:
MarcaSAT 55 627 22 728 y para el exterior del país
(+52) 55 627 22 728

[redacted]

| Orden | Actividad Económica | Porcentaje | Fecha Inicio | Fecha Fin |
|---|---|---|---|---|
| 1 | Producción de programación de canales para sistemas de televisión por cable o satelitales, excepto a través de Internet | 100 | 07/10/2019 | |

**Regímenes:**

| Régimen | Fecha Inicio | Fecha Fin |
|---|---|---|
| Régimen General de Ley Personas Morales | 07/10/2019 | |

**Obligaciones:**

| Descripción de la Obligación | Descripción Vencimiento | Fecha Inicio | Fecha Fin |
|---|---|---|---|
| Pago definitivo mensual de IVA. | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 07/10/2019 | |
| Declaración anual de ISR del ejercicio Personas morales. | Dentro de los tres meses siguientes al cierre del ejercicio. | 07/10/2019 | |
| Declaración de proveedores de IVA | A más tardar el último día del mes inmediato posterior al periodo que corresponda. | 07/10/2019 | |
| Pago provisional mensual de ISR personas morales régimen general | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 01/04/2020 | |
| Entero de retenciones mensuales de ISR por sueldos y salarios | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 01/06/2023 | |

Sus datos personales son incorporados y protegidos en los sistemas del SAT, de conformidad con los Lineamientos de Protección de Datos Personales y con diversas disposiciones fiscales y legales sobre confidencialidad y protección de datos, a fin de ejercer las facultades conferidas a la autoridad fiscal.

Si desea modificar o corregir sus datos personales, puede acudir a cualquier Módulo de Servicios Tributarios y/o a través de la dirección http://sat.gob.mx

"La corrupción tiene consecuencias ¡denúnciala! Si conoces algún posible acto de corrupción o delito presenta una queja o denuncia a través de: www.sat.gob.mx, denuncias@sat.gob.mx, desde México: (55) 8852 2222, desde el extranjero: + 55 8852 2222, SAT móvil o www.gob.mx/sfp".

Cadena Original Sello: ||2026/02/14|MDM191007M83|CONSTANCIA DE SITUACIÓN FISCAL|200001088888800000031||

Sello Digital: sKYXfosGvSx/BBB4HbBX7+cCBm67PBr6UYSKUVNww8bsdZv8Dwop8T3oRAGGKGPoOez4Vj78Ycy4xoIndXz ovbr2tI56Kbfbmys+IdOJ0aLP0K9Gs+4jRHsQ/PmfNxR6ygb96JDHRCg++OgGLdXgTT6G1gS3QFrfw9MLl4r/pwA =

PJCDMX PODER JUDICIAL CIUDAD DE MÉXICO
RECIBIDO
24 MAR. 2025
NUMERO 27
OFICIALÍA DE PARTES COMÚN PARA JUZGADOS Y SALAS



Hacienda Secretaría de Hacienda y Crédito Público | SAT SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

Contacto
Av. Hidalgo 77, col. Guerrero, C.P. 06300, Ciudad de México.
Atención telefónica desde cualquier parte del país:
MarcaSAT 55 627 22 728 y para el exterior del país
(+52) 55 627 22 728

**ANEXO 2**

**INSTRUMENTO PUBLICO QUE CONTIENE:**

La **PROTOCOLIZACION** del ACTA de la ASAMBLEA GENERAL de SOCIOS de la sociedad denominada **"MEDIA DEPORTES MEXICO", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** celebrada con fecha once de febrero del dos mil veinticinco.

INST. No.: 47,224
LIBRO: 1,791
FECHA: 19/Febrero/2025

NOTARIA No. 250 DE LA CIUDAD DE MÉXICO LIC. ANTONIO LÓPEZ AGUIRRE ESTADOS UNIDOS MEXICANOS

N250

ANTONIO LÓPEZ AGUIRRE

PROTOCOLO ORDINARIO.---------------------------------------------------------------------

NUMERO CUARENTA Y SIETE MIL DOSCIENTOS VEINTICUATRO. ----------. NO REG

LIBRO MIL SETECIENTOS NOVENTA Y UNO. ---------------------------------------- HUSR

----- En la Ciudad de México, a los diecinueve días del mes de febrero del dos mil veinticinco, yo, el Licenciado Antonio López Aguirre, titular de la Notaría número doscientos cincuenta, hago constar: -----------------------------------------------------------------------------------------

----- La **PROTOCOLIZACION** del ACTA de la ASAMBLEA GENERAL de SOCIOS de la sociedad denominada **"MEDIA DEPORTES MEXICO", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, celebrada con fecha once de febrero del dos mil veinticinco. ------------------------------------------------------------------

----- Que realizo a solicitud de la señora Lina Anahí Serrano Morales, en su calidad de Delegada Especial de dicha Asamblea, al tenor de los antecedentes y cláusulas siguientes:----------------

------------------------------------------ **ANTECEDENTES**: ----------------------------------------

----- **Primero**.- **CONSTITUCION**.- Por instrumento número ochenta y dos mil ciento ochenta y dos, pasado en esta Ciudad con fecha cuatro de octubre del dos mil diecinueve, ante el Licenciado Guillermo Oliver Bucio, titular de la Notaría número doscientos cuarenta y seis de la Ciudad de México, actuando como asociado en el protocolo de la Notaría número doscientos doce, de la que es titular el Licenciado Francisco I. Hugues Vélez, inscrito en el Registro Público de Comercio de esta Capital con fecha dieciséis de octubre del dos mil diecinueve, en el Folio Mercantil Electrónico número "N-2019083094" (N guion dos cero uno nueve cero ocho tres cero nueve cuatro), se constituyó "Media Deportes México", Sociedad de Responsabilidad Limitada de Capital Variable, con domicilio social en la Ciudad de México, duración indefinida, capital social variable, con un mínimo fijo de mil pesos, moneda nacional, máximo variable ilimitado y cláusula de admisión de extranjeros. De dicho instrumento copio, en lo conducente, lo que sigue: "..... ESTATUTOS SOCIALES..... ARTICULO TERCERO: OBJETO SOCIAL.- El objeto social de la Sociedad es: a).- Participar como socio, accionista o inversionista en toda clase de personas morales, mercantiles o de cualquier naturaleza, mexicanas o extranjeras, desde su incorporación o mediante la adquisición de acciones o partes sociales en personas morales constituidas, así como ejercitar los derechos corporativos y económicos derivados de dicha participación y comprar, votar, vender, transmitir, suscribir, mantener, usar, gravar, disponer, modificar o rematar bajo cualquir título toda clase de acciones, partes sociales y participaciones de toda clase de personas morales de conformidad con la legislación aplicable y según resulte necesario o conveniente para la realización del objeto social de la Sociedad; b).- Operar, comprar y distribuir señales de televisión por cable y si así lo autorizaren con posterioridad las disposiciones legales también mediante cualquier sistema conocido o por conocerse, obteniendo en su caso los permisos y autorizaciones correspondientes; c).- Licenciar, vender, administrar o distribuir señales, canales deportivos y/o contenidos para servicios de televisión y audio restringido y/o de radiodifusión, así como

distribución de publicidad, incluyendo prestación de servicios de producción deportiva; d).- Adquirir todos los equipos, instalaciones, bienes muebles y enseres necesarios para el cumplimiento del fin anterior; e).- Contratar, usar, arrendar, licenciar y, en general, celebrar cualquier otro acto con todo tipo de personas o empresas dedicadas a la compraventa y comercialización de programación, entretenimiento, espacios, publicidad, etcétera; f).- Prestar servicios como servidor central para proporcionar acceso a internet; g).- Transmitir todo tipo de contenidos audiovisuales a través de internet; h).- Administrar, manejar, comprar, vender, arrendar, subarrendar, adquirir y disponer cualesquier derechos de propiedad, uso y usufructo, a nombre propio o en beneficio de terceros, por cualquier título, respecto de bienes muebles e inmuebles, nacionales y extranjeros y participar como fideicomitente y fideicomisario en los fideicomisos necesarios para el cumplimiento del objeto social de la Sociedad; i).- Prestar y recibir todo tipo de servicios directa y/o indirectamente a través de terceros, a y con todo tipo de personas físicas y morales, incluyendo dependencias gubernamentales, dentro de México o en el extranjero, incluyendo, de manera enunciativa más no limitativa, servicios de personal relacionados con actividades tales como: ventas, ingeniería, reparación y/o mantenimiento, inspección, asesoría técnica, administración, consultoría, supervisión, control, salubridad, seguridad, contabilidad, finanzas, capacitación, investigación, operación, desarrollo y mensajería. j).- Abrir, administrar o cancelar cuentas bancarias y de inversión, así como cualquier otro tipo de cuentas de la Sociedad, ya sea nuevas o existentes, en los Estados Unidos Mexicanos o en el extranjero, incluyendo la facultad para girar en contra de las mismas y nombrar y remover a las personas autorizadas para girar en contra de ellas; k).- Emitir, suscribir, aceptar, endosar, avalar, adquirir, vender, permutar, gravar y, en general, suscribir toda clase de títulos de crédito y llevar a cabo cualquier tipo de operaciones de crédito y garantías; l).- Obtener y otorgar toda clase de financiamientos, préstamos o créditos, y emitir valores, bonos, fianzas, papel comercial, certificados de participación ordinaria y otros tipos de deuda, con o sin una garantía específica, ya sea como garante o aval o en cualquir otra capacidad, incluyendo como obligado solidario; m).- Adquirir, poseer, usar, registrar, renovar, ceder y disponer de toda clase de patentes, marcas, nombres comerciales, franquicias y todo tipo de derechos de propiedad industrial e intelectual; n).- Solicitar, obtener, negociar licenciar, ceder, usar, explotar y disponer de cualquier tipo de permiso, licencia, concesión y/o autorización emitidas por autoridades federales, estatales o municipales; y ñ).- En general, celebrar y llevar a cabo, dentro de México o en el extranjero, por su cuenta o por cuenta de terceros, con personas físicas o morales, incluyendo cualquier dependencia gubernamental, toda clase de contratos, convenios o actos, ya sean principales o auxiliares, civiles o mercantiles, o de cualesquiera otra naturaleza, según sea necesario o conveniente para la realización de su objeto social..... ARTICULO DECIMO CUARTO: ASAMBLEA DE SOCIOS.- La Asamblea de Socios es el órgano supremo de la Sociedad. Las Asambleas de Socios siempre se deberán reunir en el domicilio social, excepto en caso fortuito o fuerza mayor. Las Asambleas de Socios se reunirán para

LIC. ANTONIO LÓPEZ AGUIRRE ESTADOS UNIDOS MEXICANOS NOTARIA No. 250 DE LA CIUDAD DE MÉXICO



resolver cualquiera de los asuntos previstos en el artículo 78 (setenta y ocho) de la Ley General de Sociedades Mercantiles, así como para resolver cualesquiera demás asuntos puestos a su consideración de acuerdo con estos estatutos sociales y las leyes aplicables.- ARTICULO DECIMO QUINTO: FUNCIONAMIENTO DE LA ASAMBLEA DE SOCIOS.- Una Asamblea Anual de Socios se deberá reunir por lo menos una vez al año dentro de los 4 (cuatro) meses siguientes a la clausura de cada ejercicio social, a fin de resolver los asuntos enumerados en el Orden del Día correspondiente, así como los asuntos siguientes: a).- Discusión sobre y, en su caso, aprobación o modificación del reporte del Consejo de Gerentes o del Gerente Unico, según sea el caso, en relación a los negocios y operaciones de la Sociedad durante el ejercicio social anterior, así como los estados financieros de la Sociedad durante el ejercicio social anterior; y b).- Nombramiento o remoción o ratificación de los miembros del Consejo de Gerentes o el Gerente Unico, según sea el caso, y de considerarse necesario, de los miembros del Comité de Vigilancia, de haberse nombrado este órgano, y aprobación de la compensación a pagarse a dichos miembros por el desempeño de sus cargos durante el ejercicio social en curso.- ARTICULO DECIMO SEXTO: CONVOCATORIAS A LAS ASAMBLEAS DE SOCIOS.- Las Asambleas de Socios podrán ser convocadas por el Gerente Unico, por el Consejo de Gerentes o a petición de los Socios que representen por los menos 33% (treinta y tres por ciento) del capital social.- Cada uno de los Socios deberá recibir una notificación por escrito de la convocatoria a Asamblea de Socios con por los (así) menos 15 (quince) días calendario de anticipación a la fecha en que se pretenda celebrar dicha Asamblea de Socios. La(s) persona(s) que convoquen a la Asamblea de Socios deberán conjuntamente con la notificación de la convocatoria, entregar a cada uno de los Socios, el orden del día, detallando los asuntos a ser tratados en dicha asamblea (en detalle razonable, mismo que no deberá incluir mención de asuntos denominados como “misceláneos” u “otros”. Todos los requisitos de la convocatoria podrán ser renunciados por cualquier Socio presente (a su discreción) en la Asamblea de Socios respectiva.- La(s) persona(s) que convoquen a Asamblea General de Socios deberán publicar la convocatoria respectiva en el sistema electrónico establecido por la Secretaría de Economía y entregar personalmente o enviar (por correo con acuse de recibo vía facsímil con confirmación de transmisión) una copia por escrito y firmada de la convocatoria a Asamblea de Socios (la “Convocatoria”) a cada uno de los Socios de la Sociedad a sus respectivos domicilios, de conformidad con lo establecido en el Libro de Registro de Socios, junto con una copia de toda aquella información y documentación que estará sujeta a considerción y discusión en la respectiva Asamblea de Socios; siempre y cuando la Convocatoria se entregue a los Socios por lo menos 8 (ocho) días antes de la fecha agendada para la celebración de la respectiva Asamblea de Socios.- Las Asambleas de Socios podrán reunirse sin convocatoria previa, si al momento de la votación se encuentra presente o representado el 100% (cien por ciento) del capital social de la Sociedad.- ARTICULO DECIMO SEPTIMO: ADMISION A ASAMBLEA DE SOCIOS.- Salvo resolución judicial en

contrario, sólo las personas físicas o morales, cuyos nombres estén inscritos en el Libro de Registro de Socios serán reconocidos como legítimos propietarios de las partes sociales para efectos de su asistencia a la Asamblea de Socios, y dicho registro será suficiente para ser admitidos a la Asamblea.- ARTICULO DECIMO OCTAVO: REPRESENTACION DE SOCIOS.- Los Socios podrán ser representados en las Asambleas por la persona o personas designadas mediante simple carta poder otorgada ante 2 (dos) testigos o mediante mandato otorgado conforme a la legislación vigente.- ARTICULO DECIMO NOVENO: PRESIDENTE Y SECRETARIO DE LA ASAMBLEA DE SOCIOS.- La Asamblea de Socios será presidida por la persona designada para tal efecto por la Asamblea. Así mismo, el Secretario de la Asamblea de Socios será quien designe la Asamblea. El Presidente de la Asamblea deberá designar a uno o más escrutadores quienes harán el recuento de los Socios presentes o representados en la Asamblea, las partes sociales propiedad de cada uno y el número de votos a que tiene derecho cada Socio, a fin de que el Presidente pueda declarar la legal instalación de la Asamblea.- ARTICULO VIGESIMO: QUORUM Y ASISTENCIA; VALIDEZ DE LAS RESOLUCIONES.- Para que la Asamblea de Socios se considere legalmente reunida, en primera convocatoria, deberá estar presente o representado por lo menos el 50% (cincuenta por ciento) de las partes sociales, y las resoluciones serán adoptadas por el voto favorable de los Socios que representen la mayoría del capital social. En caso de segunda o ulterior convocatoria, las Asambleas de Socios se considerarán legalmente reunidas cualquiera que sea el número de partes sociales representadas en la asamblea, y sus resoluciones serán adoptadas por el voto favorable de la mayoría de los presentes.- Las resoluciones que modifiquen los estatutos sociales serán adoptadas por el voto favorable de los Socios que representen, por lo menos, las tres cuartas partes del capital social. Las resoluciones que modifiquen el objeto social o las reglas que determinen un aumento en las obligaciones de los Socios deberán ser aprobadas por unanimidad de votos…..". ------------------------------------------------------------------------

----- La compareciente declara que el antecedente relacionado es el único que se requiere y existe para el otorgamiento de este instrumento.--------------------------------------------------

----- **Segundo**.- **CAPITAL SOCIAL VIGENTE**.- La compareciente declara que por diversos aumentos y/o disminuciones a la parte variable, el capital social total al momento de la celebración de la Asamblea cuya acta se protocoliza, estaba representado por ciento cuarenta y tres millones doscientos setenta y cinco mil ochocientos diecisiete pesos, moneda nacional, de los que corresponden mil pesos, moneda nacional, a la parte fija. ------------------------------------

----- **Tercero**.- **ACTA QUE SE PROTOCOLIZA**.- La compareciente me exhibe el Acta de Asamblea General de socios de la sociedad denominada **"MEDIA DEPORTES MEXICO", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, celebrada con fecha once de febrero del dos mil veinticinco, junto con su lista de asistencia, mismas que protocolizo, agregándolas al apéndice de este instrumento, en un solo legajo marcado con la letra **"A"** y que a continuación transcribo íntegramente como sigue: -----------

----- "…..ASAMBLEA GENERAL DE SOCIOS. ------------------------------------------------

LIC. ANTONIO LÓPEZ AGUIRRE NOTARIA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

N250

ANTONIO LÓPEZ AGUIRRE

----- MEDIA DEPORTES MEXICO, S. DE R.L. DE C.V. ---------------------------------------

----- 11 DE FEBRERO DE 2025 ----------------------------------------------------------------

----- En la Ciudad de México, domicilio social de "MEDIA DEPORTES MEXICO", S. DE R.L. DE C.V. (la "Sociedad") siendo las 10:00 horas del día 11 de febrero de 2025 (dos mil veinticinco), en las oficinas de la misma, se reunieron la totalidad de los socios de la Sociedad, con el objeto de celebrar una Asamblea General de Socios (la "Asamblea"). --------------------

----- Presidencia y Secretaría ----------------------------------------------------------------

----- En cumplimiento de lo dispuesto por los estatutos sociales vigentes de la Sociedad (los "Estatutos Sociales"), los socios por unanimidad de votos nombraron presidenta de la Asamblea a la señora Gabriela Montaño Zúñiga y actuó como secretaria la señora Shaní Mizrahi Villarruel. ----------------------------------------------------------------------------------

----- Escrutadora ----------------------------------------------------------------------------------

----- A continuación, en términos de lo dispuesto por los Estatutos Sociales el Presidente designó como escrutadora a la señora Lina Anahí Serrano Morales, quien estando presente y después de aceptar su cargo, examinó el Libro de Registro de Socios de la Sociedad y elaboró la lista de asistencia, y en la cual hizo constar y certificó que se encontraban presentes o representadas las partes sociales equivalentes al 100% (cien por ciento) en que está distribuido el capital social suscrito y pagado de la Sociedad, según se hace constar en la lista de asistencia que se agrega al legajo de la presente acta como Anexo "A". ---------------------------------------

----- Para tal efecto y en cumplimiento a lo dispuesto por el Artículo 41 del Código de Comercio, se lista a continuación: ----------------------------------------------------------------------------

| SOCIOS | PARTES SOCIALES | CAPITAL FIJO | CAPITAL VARIABLE |
| --- | --- | --- | --- |
| Altener, S.A. de C.V. | 1 | $990.00 | $141,843,059.00 |
| RFC: ALT1606094T9 | | | |
| Rep. por: Shaní Mizrahi Villarruel | | | |
| Grupo Lauman Holding, S. de R.L. de C.V. | 1 | $10.00 | $1,432,758.00 |
| RFC: GLH141118J93 | | | |
| Rep. por: Gabriela Montaño Zúñiga | | | |
| TOTAL: | 2 | $1,000.00 | $143,275,817.00 |

----- LEGALIDAD --------------------------------------------------------------------------------

----- En virtud de la certificación anterior y con fundamento en lo dispuesto por el Artículo Décimo Sexto de los Estatutos Sociales, y toda vez que estaba representado el 100% (cien por ciento) del capital social suscrito y pagado de la Sociedad, la Presidenta declaró legalmente instalada la Asamblea y válidos todos y cada uno de los acuerdos que en ella se adopten, pese no haberse realizado convocatoria previa, con lo cual estuvieron de acuerdo los presentes en la Asamblea por tratarse de una Asamblea totalitaria. --------------------------------------------

----- Acto seguido, la Presidenta instruyó a la Secretaria para que diera lectura al Orden del Día, que habría de desahogarse en la presente Asamblea, de la siguiente manera: -------------------

------------------------------------------ ORDEN DEL DIA ------------------------------------------

----- I.- Propuesta, discusión y en su caso, aprobación para el Otorgamiento de Poderes en favor de los señores Rogelio Arturo Islas Pérez, Juan Colín Domínguez y Román Israel Gómez Castruita. Resoluciones al respecto; ----------------------------------------------------------

----- II.- Designación de delegados especiales que formalicen las resoluciones de la Asamblea. Resoluciones al respecto. --------------------------------------------------------------------

----- Una vez leído el Orden del Día objeto de la Asamblea, fue aprobado por unanimidad de votos de los socios presentes, por lo cual se procedió al desahogo de ésta, conforme a lo siguiente: ---------------------------------------------------------------------------------------

----- I.- "Propuesta, discusión y en su caso, aprobación para el Otorgamiento de Poderes en favor de los señores Rogelio Arturo Islas Pérez, Juan Colín Domínguez y Román Israel Gómez Castruita. Resoluciones al respecto;" ---------------------------------------------------------

----- PUNTO UNO. En desahogo del Primer punto del Orden del Día, la Presidenta de la Asamblea expuso a los presentes la necesidad y conveniencia de otorgar los siguientes poderes y facultades a las siguientes personas y en los términos que se indican: -------------------------

----- En favor de los señores Rogelio Arturo Islas Pérez, Juan Colín Domínguez y Román Israel Gómez Castruita para que lo ejerciten de manera conjunta o separada e indistintamente con las siguientes facultades y en los términos siguientes: ---------------------------------------------

----- PODER GENERAL para pleitos y cobranzas, con todas las facultades generales y aún con las especiales, que de acuerdo con la ley requieran poder o cláusula especial, pero sin que se comprenda la facultad de hacer cesión de bienes, en los términos del párrafo primero del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los demás Códigos Civiles de los Estados de la República Mexicana y el Código Civil Federal. ------------------------------------------------------------------------------------

----- De manera enunciativa y no limitativa se mencionan entre otras facultades las siguientes:

----- i.- Para intentar y desistirse de toda clase de procedimientos, inclusive amparo. -----------

----- ii.- Para transigir. --------------------------------------------------------------------------

----- iii.- Para comprometer en árbitros. ---------------------------------------------------------

----- iv.- Para absolver y articular posiciones. -------------------------------------------------

----- v.- Para recusar. ----------------------------------------------------------------------------

----- vi.- Para recibir pagos. -----------------------------------------------------------------

----- vii.- Para presentar denuncias y querellas en materia penal y para desistirse de ellas cuando lo permita la ley. ----------------------------------------------------------------------------

----- viii.- Para hacer posturas y pujas en remate. --------------------------------------------

----- Después de las deliberaciones respectivas, la Asamblea, por unanimidad de votos, tomó la siguiente: ---------------------------------------------------------------------------------------

LIC. ANTONIO LÓPEZ AGUIRRE NOTARIA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

N250

ANTONIO LÓPEZ AGUIRRE

------------------------------------------ RESOLUCION ------------------------------------------

----- UNICA.- Se aprueba otorgar en favor de los señores Rogelio Arturo Islas Pérez, Juan Colín Domínguez y Román Israel Gómez Castruita para que lo ejerciten de manera conjunta o separada e indistintamente con las siguientes facultades y en los términos siguientes: ----------

----- PODER GENERAL para pleitos y cobranzas, con todas las facultades generales y aún con las especiales, que de acuerdo con la ley requieran poder o cláusula especial, pero sin que se comprenda la facultad de hacer cesión de bienes, en los términos del párrafo primero del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los demás Códigos Civiles de los Estados de la República Mexicana y el Código Civil Federal. ----------------------------------------------------------------------------------------

----- De manera enunciativa y no limitativa se mencionan entre otras facultades las siguientes:

----- i.- Para intentar y desistirse de toda clase de procedimientos, inclusive amparo. -----------

----- ii.- Para transigir. ---------------------------------------------------------------------------

----- iii.- Para comprometer en árbitros. ---------------------------------------------------------

----- iv.- Para absolver y articular posiciones. --------------------------------------------------

----- v.- Para recusar. -----------------------------------------------------------------------------

----- vi.- Para recibir pagos. ----------------------------------------------------------------------

----- vii.- Para presentar denuncias y querellas en materia penal y para desistirse de ellas cuando lo permita la ley. ----------------------------------------------------------------------------

----- viii.- Para hacer posturas y pujas en remate. ------------------------------------------------

----- II.- "Designación de delegados especiales que formalicen las resoluciones de la Asamblea. Resoluciones al respecto." ----------------------------------------------------------------

----- PUNTO DOS.- Dentro del Segundo y último punto del Orden del Día, se acordó designar por unanimidad de votos de los socios presentes, como Delegadas Especiales a las señoras Lina Anahí Serrano Morales y Gabriela Montaño Zúñiga, para que conjunta o separadamente: (a) Comparezcan ante el Notario Público de su elección a consignar los acuerdos tomados en la presente Asamblea y a la protocolización del Acta correspondiente a la misma; (b) Inscriban en el Registro Público de Comercio correspondiente el testimonio notarial respectivo; y (c) Lleven a cabo todos aquellos actos necesarios o convenientes, a fin de dar pleno vigor y efecto a las resoluciones adoptadas por esta Asamblea. ----------------------------------------------------

----- Antes de dar por terminada la Asamblea, ésta fue suspendida por el tiempo necesario para redactar la presente acta, la cual, una vez leída, fue aprobada por todos los que en ella intervinieron y firmada para constancia por el Presidente (así) y Secretario (así). ---------------

----- Presidente.- Una firma.- Gabriela Montaño Zúñiga.- Secretario.- Una firma.- Shaní Mizrahi Villarruel…..". ----------------------------------------------------------------------------

----- LISTA DE ASISTENCIA DE LOS SOCIOS DE MEDIA DEPORTES MEXICO, S. DE R.L. DE C.V., QUE ASISTIERON A LA ASAMBLEA GENERAL DE SOCIOS CELEBRADA A LAS 10:00 HORAS DEL DIA 10 DE FEBRERO DE 2025. ------------------

----- SOCIOS ------------ PARTES ----------------- CAPITAL ------------------ CAPITAL --------
---------------------------- SOCIALES ------------------ FIJO -------------------- VARIABLE -------
----- Una firma. -----------------------------------------------------------------------------------------
----- Altener, S.A. de C.V. ------ 1 -------------------------- $990.00 ---------- $141,843,059.00 ---
----- RFC: ALT1606094T9 ------------------------------------------------------------------------------
----- Rep. por: Shaní Mizrahi Villarruel -----------------------------------------------------------
----- Una firma. -----------------------------------------------------------------------------------------
----- Grupo Lauman Holding, S. – 1 ------------------------ $10.00 ----------- $1,432,758.00 ------
----- de R.L. de C.V. ---------------------------------------------------------------------------------
----- RFC: GLH141118J93 -----------------------------------------------------------------------------
----- Rep. por: Gabriela Montaño Zúñiga -----------------------------------------------------------
----- TOTAL: ------------------------ 2 ------------------------ $1,000.00 ------- $143,275,817.00 ---
----- La Suscrita designada Escrutador para esta Asamblea, CERTIFICA: ------------------------
----- Que todas las partes sociales que integran el capital social de MEDIA DEPORTES MEXICO, S. DE R.L. DE C.V. se encontraban representadas y fueron votadas en la forma arriba indicada. ---------------------------------------------------------------------------------
----- Ciudad de México, a 10 de febrero de 2025 ---------------------------------------------------
----- Una firma.- Lina Anahí Serrano Morales.- Escrutador (así).....". ----------------------------
----- La compareciente protesta la vigencia de su cargo y declara que el Acta y la lista de asistencia que en este acto se protocolizan, la información contenida en las mismas y las firmas que aparecen en ellas son auténticas y corresponden a las personas a quienes se les atribuyen, que las socias acreditaron la titularidad de sus respectivas partes sociales, que las representantes de las mismas acreditaron debidamente su personalidad, misma que no tuvieron impedimento legal o estatutario para ejercer y el suscrito Notario hace constar que no tuvo indicios de su falsedad. -------------------------------------------------------------------------------------------
----- EXPUESTO LO ANTERIOR, se otorgan las siguientes: --------------------------------------
------------------------------------------ **CLAUSULAS**: ------------------------------------------
---- **PRIMERA**.- A solicitud de la compareciente, QUEDA PROTOCOLIZADA el ACTA DE LA ASAMBLEA GENERAL de SOCIOS de la sociedad denominada **"MEDIA DEPORTES MEXICO", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, de fecha diez de febrero del dos mil veinticinco, junto con su lista de asistencia y que han quedado transcritas íntegramente en el antecedente **tercero** del presente instrumento, para lo cual se tienen aquí por íntegramente reproducidas como si a la letra se insertasen.-------
----- **SEGUNDA**.- EN CONSECUENCIA, la señora Lina Anahí Serrano Morales, en su calidad de Delegada Especial de la Asamblea cuya Acta ha quedado protocolizada conforme a la cláusula anterior, FORMALIZA el **OTORGAMIENTO** de **PODERES** de la Sociedad en favor de los señores **ROGELIO ARTURO ISLAS PEREZ, JUAN COLIN DOMINGUEZ** y **ROMAN ISRAEL GOMEZ CASTRUITA**, para que los ejerciten en los términos,

ANTONIO LÓPEZ AGUIRRE · ESTADOS UNIDOS MEXICANOS · NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

**N250**

ANTONIO LÓPEZ AGUIRRE

condiciones y con el cúmulo de facultades que han quedado establecidos en el acta que por este instrumento se protocoliza. ---------------------------------------------------------------------------

-------------------------------- **OBLIGACIONES Y/O AVISOS**: ----------------------------------

----- **Primero**.- **REGISTRO FEDERAL DE CONTRIBUYENTES**.- La compareciente para cumplir con lo dispuesto por el artículo veintisiete del Código Fiscal de la Federación, me exhibe las Cédulas de Identificación Fiscal de las socias de la sociedad, mismas que agrego al apéndice del presente instrumento en un solo legajo marcado con la letra **"B"**.-------------------

----- **Segundo**.- **LEY DE INVERSION EXTRANJERA**.- La misma compareciente declara que la sociedad por la que comparece no está obligada a inscribirse en el Registro Nacional de Inversiones Extranjeras ---------------------------------------------------------------------------

----- YO, EL NOTARIO, DOY FE: I.- De que me identifiqué plenamente como Notario ante la compareciente; II.- De que tuve a la vista el(los) documento(s) y/o testimonio(s) y/o copia(s) certificada(s) y/o cotejada(s) que me fue(ron) presentado(s) por la compareciente para la elaboración de este instrumento mismo(s) que declara es(son) auténtico(s) y que fue(ron) obtenido(s) de forma lícita habiendo cumplido con todos los requisitos legales que para cada caso se requieran, liberando al suscrito Notario de cualquier responsabilidad que pudiera surgir al respecto; III.- De que la compareciente se identificó con el documento oficial que me fue exhibido cuya copia se agrega al apéndice de este instrumento marcada con la letra "**C**", a quien conceptúo con capacidad legal para este acto, por no haber observado en ella manifestaciones de incapacidad natural y no haber tenido noticias de que esté sujeta a incapacidad civil; IV.- De que le advertí de las penas en que incurren quienes declaran con falsedad ante Notario o exhiben documentos apócrifos o alterados en los términos de las disposiciones legales aplicables así como de que es responsable directa de la legitimidad y autenticidad de los documentos que exhibió y que sus declaraciones se consideran hechas bajo protesta de decir verdad; V.- De que a través del Aviso de Privacidad a que se refiere la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, informé a la compareciente cuáles son los datos personales necesarios para el otorgamiento del presente instrumento y los fines para los cuales éstos se recaban, manifestando su consentimiento con el tratamiento de los mismos; VI.- De que enteré a la compareciente que cualquier copia certificada o testimonio que de este instrumento se expida, por razones de seguridad, guarda y custodia se destruirán pasados cinco años desde su fecha de expedición, en tanto que, cualesquier documentos, incluidos escrituras de antecedentes, relacionados con el presente instrumento, se destruirán pasados dos años desde la fecha de firma del mismo; situación y plazos con los que la compareciente manifestó su conformidad, liberando al suscrito Notario de cualquier responsabilidad al respecto; VII.- De que manifestó por sus generales, ser mexicana por nacimiento, originaria de esta Ciudad, nacida el cuatro de marzo de mil novecientos setenta y seis, soltera, abogada y con domicilio en calle Guillermo González Camarena número seiscientos, planta baja, colonia Santa Fe, código postal cero mil doscientos diez, Demarcación Alvaro Obregón, en esta Ciudad; VIII.- De que todas

las menciones relativas al Distrito Federal asentadas en este instrumento, se entenderán hechas a la Ciudad de México; y IX.- De que leído este instrumento a la misma otorgante, a quien le hice saber su derecho a leerlo personalmente y a quien ilustré el valor, consecuencias y alcance legales de su contenido, manifiesta su comprensión plena y conformidad; estampando su huella digital y firma el día diecinueve de febrero del mismo año, en que autorizo definitivamente.- Doy fe. ------------------------------------------------------------------------------------------------

----- HUELLA DIGITAL Y FIRMA DE LA SEÑORA LINA ANAHI SERRANO MORALES.- FIRMA DEL NOTARIO.- El sello de autorizar. ------------------------------------

----- Las notas complementarias se harán en documento por separado que se agrega al apéndice de este instrumento marcado con la letra "D". -----------------------------------------------------

-------------------------------------------- INSERCION: --------------------------------------------

----- ARTICULO DOS MIL QUINIENTOS CINCUENTA Y CUATRO DEL CODIGO CIVIL PARA EL DISTRITO FEDERAL. ------------------------------------------------------------

----- "En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se otorgan con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, para que se entiendan conferidos sin limitación alguna. ------------------------------------

----- En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas. ------------------

----- En los poderes generales, para ejercer actos de dominio, bastará que se den con ese carácter, para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. -------------------------------------

----- Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones o los poderes serán especiales. ---------------------

----- Los Notarios insertarán este artículo en los testimonios de los poderes que otorguen". ----

---------------- EN LAS HOJAS SUBSECUENTES SE REPRODUCEN LOS ----------------

------------------------- DEMAS DOCUMENTOS DEL APENDICE ---------------------------

BOV/ESCRITURAS/47224 PROTO MEDIA DEPORTES MEXICO-5

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

[redacted]

CEDULA DE IDENTIFICACION FISCAL

HACIENDA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO
SAT SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

ALT1606094T9
Registro Federal de Contribuyentes

ALTENER
Nombre, denominación o razón social

idCIF: 16060209234
VALIDA TU INFORMACIÓN FISCAL

HACIENDA SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO
SAT SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

# CONSTANCIA DE SITUACIÓN FISCAL

Lugar y Fecha de Emisión
**BENITO JUAREZ , CIUDAD DE MEXICO A 17 DE MAYO DE 2021**

ALT1606094T9

B

## Datos de Identificación del Contribuyente:

| | |
|---|---|
| **RFC:** | ALT1606094T9 |
| **Denominación/Razón Social:** | ALTENER |
| **Régimen Capital:** | SOCIEDAD ANONIMA DE CAPITAL VARIABLE |
| **Nombre Comercial:** | |
| **Fecha inicio de operaciones:** | 09 DE JUNIO DE 2016 |
| **Estatus en el padrón:** | ACTIVO |
| **Fecha de último cambio de estado:** | 09 DE JUNIO DE 2016 |

## Datos de Ubicación:

| | |
|---|---|
| **Código Postal:** 03100 | **Tipo de Vialidad:** CALLE |
| **Nombre de Vialidad:** SANTA BARBARA | **Número Exterior:** 15 |
| **Número Interior:** | **Nombre de la Colonia:** DEL VALLE |
| **Nombre de la Localidad:** BENITO JUAREZ | **Nombre del Municipio o Demarcación Territorial:** BENITO JUAREZ |
| **Nombre de la Entidad Federativa:** CIUDAD DE MEXICO | **Entre Calle:** SAN BERNARDINO |
| **Y Calle:** CONCEPCION BEISTEGUI | |



GOBIERNO DE MÉXICO

COFEMER Comisión Federal de Mejora Regulatoria

Contacto
Av. Hidalgo 77, col. Guerrero, c.p. 06300, Ciudad de México.
Atención telefónica: 627 22 728 desde la Ciudad de México,
o 01 (55) 627 22 728 del resto del país.
Desde Estados Unidos y Canadá 1 877 44 88 728.
denuncias@sat.gob.mx

11

[redacted]

**Actividades Económicas:**

| Orden | Actividad Económica | Porcentaje | Fecha Inicio | Fecha Fin |
|---|---|---|---|---|
| 1 | Suministro de energía eléctrica a los consumidores finales | 100 | 09/06/2016 | |

**Regímenes:**

| Régimen | Fecha Inicio | Fecha Fin |
|---|---|---|
| Régimen General de Ley Personas Morales | 09/06/2016 | |

**Obligaciones:**

| Descripción de la Obligación | Descripción Vencimiento | Fecha Inicio | Fecha Fin |
|---|---|---|---|
| Pago definitivo mensual de IVA. | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 09/06/2016 | |
| Declaración anual de ISR del ejercicio Personas morales. | Dentro de los tres meses siguientes al cierre del ejercicio. | 09/06/2016 | |
| Declaración de proveedores de IVA | A más tardar el último día del mes inmediato posterior al periodo que corresponda. | 09/06/2016 | |
| Declaración informativa anual de clientes y proveedores de bienes y servicios. Impuesto sobre la renta. | A más tardar el 15 de febrero del año siguiente | 09/06/2016 | |
| Pago provisional mensual de ISR personas morales régimen general | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 01/04/2017 | |

**Sus datos personales son incorporados y protegidos en los sistemas del SAT, de conformidad con los Lineamientos de Protección de Datos Personales y con diversas disposiciones fiscales y legales sobre confidencialidad y protección de datos, a fin de ejercer las facultades conferidas a la autoridad fiscal.**

**Si desea modificar o corregir sus datos personales, puede acudir a cualquier Módulo de Servicios Tributarios y/o a través de la dirección http://sat.gob.mx**

**"La corrupción tiene consecuencias ¡denúnciala! Si conoces algún posible acto de corrupción o delito presenta una queja o denuncia a través de: www.sat.gob.mx, denuncias@sat.gob.mx, desde México: 01 (55) 8852 2222, desde el extranjero: 1 844 28 73 803, SAT móvil o www.gob.mx/sfp".**

**Cadena Original Sello:** ||2021/05/17|ALT1606094T9|CONSTANCIA DE SITUACIÓN FISCAL|200001088888800000031||

**Sello Digital:** MLiv1Rybd86Qpfd/4OYHxxTEWUsq0+b2OOhuO/bbQXzQeLhUTvPWaoYqR5IPx0NWpJKbgSzK/JVAuAFz/XGuUkVr7AZa1YhS//oSH8GbxCVJsSm1DiBvXIqj5ADvURIUHkRYxKgfh9ns5NJrQJb6N11L8GIrsXxMJkKrCdiZI8Q=

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

[redacted]

## CÉDULA DE IDENTIFICACIÓN FISCAL

HACIENDA
SECRETARÍA DE HACIENDA Y CRÉDITO PÚBLICO

SAT
SERVICIO DE ADMINISTRACIÓN TRIBUTARIA

GLH141118J93
Registro Federal de Contribuyentes

GRUPO LAUMAN HOLDING
Nombre, denominación o razón social

idCIF: 15070160806
VALIDA TU INFORMACIÓN FISCAL

## CONSTANCIA DE SITUACIÓN FISCAL

Lugar y Fecha de Emisión
**ALVARO OBREGON , CIUDAD DE MEXICO A 15 DE MAYO DE 2023**

GLH141118J93

### Datos de Identificación del Contribuyente:

| | |
|---|---|
| **RFC:** | GLH141118J93 |
| **Denominación/Razón Social:** | GRUPO LAUMAN HOLDING |
| **Régimen Capital:** | SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE |
| **Nombre Comercial:** | GRUPO LAUMAN HOLDING |
| **Fecha inicio de operaciones:** | 18 DE NOVIEMBRE DE 2014 |
| **Estatus en el padrón:** | ACTIVO |
| **Fecha de último cambio de estado:** | 18 DE NOVIEMBRE DE 2014 |

### Datos del domicilio registrado

| | |
|---|---|
| **Código Postal:**01219 | **Tipo de Vialidad:** CALLE |
| **Nombre de Vialidad:** GUILLERMO GONZALEZ CAMARENA | **Número Exterior:** 600 |
| **Número Interior:** | **Nombre de la Colonia:** LOMAS DE SANTA FE |
| **Nombre de la Localidad:** | **Nombre del Municipio o Demarcación Territorial:** ALVARO OBREGON |
| **Nombre de la Entidad Federativa:** CIUDAD DE MEXICO | **Entre Calle:** CALLE VASCO DE QUIROGA |
| **Y Calle:** CALLE ERNESTO DOMINGUEZ AGUIRRE | |

### Actividades Económicas:





**Contacto**
Av. Hidalgo 77, col. Guerrero, C.P. 06300, Ciudad de México.
Atención telefónica desde cualquier parte del país:
MarcaSAT 55 627 22 728 y para el exterior del país
(+52) 55 627 22 728

13

[redacted]

| Orden | Actividad Económica | Porcentaje | Fecha Inicio | Fecha Fin |
|---|---|---|---|---|
| 1 | Otros intermediarios de comercio ai por mayor | 100 | 18/11/2014 | |

**Regímenes:**

| Régimen | Fecha Inicio | Fecha Fin |
|---|---|---|
| Régimen General de Ley Personas Morales | 18/11/2014 | |

**Obligaciones:**

| Descripción de la Obligación | Descripción Vencimiento | Fecha Inicio | Fecha Fin |
|---|---|---|---|
| Pago definitivo mensual de IVA. | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 18/11/2014 | |
| Declaración de proveedores de IVA | A más tardar el último día del mes inmediato posterior al periodo que corresponda. | 18/11/2014 | |
| Declaración anual de ISR del ejerciclo Personas morales. | Dentro de los tres meses siguientes al cierre del ejercicio. | 18/11/2014 | |
| Pago provisional mensual de ISR personas morales régimen general | A más tardar el día 17 del mes inmediato posterior al periodo que corresponda. | 01/04/2015 | |

**Sus datos personales son incorporados y protegidos en los sistemas del SAT, de conformidad con los Lineamientos de Protección de Datos Personales y con diversas disposiciones fiscales y legales sobre confidencialidad y protección de datos, a fin de ejercer las facultades conferidas a la autoridad fiscal.**

**Si desea modificar o corregir sus datos personales, puede acudir a cualquier Módulo de Servicios Tributarios y/o a través de la dirección http://sat.gob.mx**

**"La corrupción tiene consecuencias ¡denúnciala! Si conoces algún posible acto de corrupción o delito presenta una queja o denuncia a través de: www.sat.gob.mx, denuncias@sat.gob.mx, desde México: (55) 8852 2222, desde el extranjero: + 55 8852 2222, SAT móvil o www.gob.mx/sfp".**

**Cadena Original Sello:** ||2023/05/15|GLH141118J93|CONSTANCIA DE SITUACIÓN FISCAL|200001088888800000031||

**Sello Digital:** jlSzPhXR6qRK9bkUCjHeqG1jQolEuRlDft2XxVka1zzpVl1Jx2dOJiqr5lE7ix2tS0kRUGodTz9hzjO/ulZeWl18PuiX+oVYNLpcF+2TsVDGJa8JPsdLrxPNm22Mx5LXzH77r2CYrcu+0pzR/aylaFDDgAkQS9aCS3ud9Dn3EE0=



HACIENDA | SAT

**Contacto**
Av. Hidalgo 77, col. Guerrero, C.P. 06300, Ciudad de México.
Atención telefónica desde cualquier parte del país:
MarcaSAT 55 627 22 728 y para el exterior del país
(+52) 55 627 22 728

14

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

C


NOMBRE
SERRANO
MORALES
LINA ANAHI
DOMICILIO
COL ANAHUAC 11320
MIGUEL HIDALGO, D.F.
CLAVE DE ELECTOR SRMRLN76030409M300
CURP SEML760304MDFRRN00 AÑO DE REGISTRO 1994 02
ESTADO 09 MUNICIPIO 016 SECCIÓN 5129
LOCALIDAD 0001 EMISIÓN 2016 VIGENCIA 2026
FECHA DE NACIMIENTO 04/03/1976
SEXO M


INE
EDMUNDO [redacted] MOLINA
SECRETARIO [redacted] EJECUTIVO DEL
INSTITUTO NACIONAL ELECTORAL
IDMEX1420511037<<5129004294614
7603042M2612317MEX<02<<06596<7
SERRANO<MORALES<<LINA<ANAHI<<<

Directorio INE   Transmisiones en vivo

INE
Instituto Nacional Electoral

# ¿Está vigente tu credencial?

Tema: **INICIO** / RESULTADO

**CENTRO DE AYUDA**

SÍ VIGENTE

Consulta el **Sistema Conóceles para la elección de Integrantes del Poder Judicial de la Federación** para conocer la identidad, perfil e información curricular de las personas candidatas juzgadoras que participan en la Elección Extraordinaria 2024-2025.

| | |
|---|---|
| CIC | 142051103 |
| Clave de elector | SRMRLN76030409M300 |
| Número de emisión | 2 |
| Distrito Federal | 10 |
| Distrito Local | 5 |
| Número OCR | 5129004294614 |
| Año de registro | 1994 |
| Año de emisión | 2016 |

Fecha de actualización de la información: 18 de febrero del 2025 23:56

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

N250

ANTONIO LÓPEZ AGUIRRE

EXPIDO ESTE **QUINTO TESTIMONIO EN SU ORDEN,** EN **DIECISIETE** PAGINAS UTILES, INCLUIDAS LAS COPIAS DE LOS DOCUMENTOS QUE OBRAN EN SU APENDICE Y QUE POR LEY DEBAN REPRODUCIRSE, PARA **"MEDIA DEPORTES MEXICO", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** A TITULO DE **CONSTANCIA.**- DOY FE.- CIUDAD DE MEXICO, A **DIECINUEVE DE FEBRERO DEL DOS MIL VEINTICINCO.**

HUAR/bov*

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

PJCDMX
PODER JUDICIAL
CIUDAD DE MÉXICO
RECIBIDO
24 MAR. 2025
NUMERO 27
OFICIALÍA DE PARTES COMÚN
PARA JUZGADOS Y SALAS

**ANEXO 3**

**INSTRUMENTO PUBLICO QUE CONTIENE:**

El **PODER GENERAL** que otorga la sociedad denominada **"MEXICO SPORTS DISTRIBUTION LLC"**, en favor de los señores **ROGELIO ARTURO ISLAS PEREZ**, **JUAN COLIN DOMINGUEZ** y **ROMAN ISRAEL GOMEZ CASTRUITA.**

INST. No.: 47,225
LIBRO: 1,791
FECHA: 19/FEB/2025

LIC. ANTONIO LÓPEZ AGUIRRE NOTARÍA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

N250

ANTONIO LÓPEZ AGUIRRE

PROTOCOLO ORDINARIO. ----------------------------------------------------------------------

NUMERO CUARENTA Y SIETE MIL DOSCIENTOS VEINTICINCO. ------------ NO REG

LIBRO MIL SETECIENTOS NOVENTA Y UNO. ------------------------------------- HUSR

----- En la Ciudad de México, a los diecinueve días del mes de febrero del dos mil veinticinco, yo, el Licenciado Antonio López Aguirre, titular de la Notaría número doscientos cincuenta, hago constar el **PODER GENERAL** que otorga la sociedad denominada **"MEXICO SPORTS DISTRIBUTION LLC"**, representada por su Apoderada General, señora Shaní Mizrahi Villarruel, en favor de los señores **ROGELIO ARTURO ISLAS PEREZ, JUAN COLIN DOMINGUEZ** y **ROMAN ISRAEL GOMEZ CASTRUITA**, al tenor de la siguiente: ----------------------------------------------------------------------------------

------------------------------------ **CLAUSULA UNICA**: ------------------------------------------

----- **"MEXICO SPORTS DISTRIBUTION LLC"**, representada como al principio se indicó, otorga en favor de los señores **ROGELIO ARTURO ISLAS PEREZ, JUAN COLIN DOMINGUEZ** y **ROMAN ISRAEL GOMEZ CASTRUITA**, para que lo ejerciten conjunta o INDIVIDUALMENTE, **PODER GENERAL** para **PLEITOS Y COBRANZAS**, con todas las facultades generales y aun las especiales que requieran poder o cláusula especial conforme a la ley, en los términos del primer párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los Códigos Civiles de las demás Entidades de los Estados Unidos Mexicanos y del Código Civil Federal. De manera enunciativa más no limitativa se mencionan entre otras facultades, pero sin que se comprenda la de hacer cesión de bienes, las siguientes: ---------------------------------------------------

----- a) Intentar y desistir de toda clase de procedimientos, inclusive amparo;--------------------

----- b) Transigir; ------------------------------------------------------------------------------

----- c) Comprometer en árbitros; -------------------------------------------------------------

----- d) Absolver y articular posiciones; ------------------------------------------------------

----- e) Recusar; ---------------------------------------------------------------------------------

----- f) Recibir pagos; y ----------------------------------------------------------------------

----- g) Presentar denuncias y querellas en materia penal y para desistirse de ellas cuando lo perimita la ley. ---------------------------------------------------------------------------------

---------------------------------------- **PERSONALIDAD**: ----------------------------------------

----- La señora SHANI MIZRAHI VILLARRUEL, la acredita con segundo testimonio del instrumento número setenta y tres mil ciento treinta y cuatro, pasado en esta Ciudad con fecha veinticuatro de noviembre del dos mil veintidós, ante el Licenciado Guillermo Carranco Romero, titular de la Notaría número cincuenta y cinco de la Ciudad de México, del que una copia cotejada por mí, agrego al apéndice de este instrumento marcada con la letra **"A"**; y declara que la representación que ostenta y por la que actúa está vigente en sus términos y que su representada tiene capacidad legal. ----------------------------------------------------------------

----- **LEY DE INVERSION EXTRANJERA**.- La misma compareciente declara que la sociedad por la que comparece no está obligada a inscribirse en el Registro Nacional de Inversiones Extranjeras.-----------------------------------------------------------------------------

----- YO, EL NOTARIO, DOY FE: I.- De que me identifiqué plenamente como Notario ante

la compareciente; II.- De que tuve a la vista el(los) documento(s) y/o testimonio(s) y/o copia(s) certificada(s) y/o cotejada(s) que me fue(ron) presentado(s) por la compareciente para la elaboración de este instrumento mismo(s) que declara es(son) auténtico(s) y que fue(ron) obtenido(s) de forma lícita habiendo cumplido con todos los requisitos legales que para cada caso se requieran, liberando al suscrito Notario de cualquier responsabilidad que pudiera surgir al respecto; III.- De que la compareciente se identificó con el documento oficial que me fue exhibido cuya copia se agrega al apéndice de este instrumento marcada con la letra **"B"**, a quien conceptúo con capacidad legal para este acto por no haber observado en ella manifestaciones de incapacidad natural y no haber tenido noticias de que esté sujeta a incapacidad civil; IV.- De que le advertí de las penas en que incurren quienes declaran con falsedad ante Notario y de que todas sus declaraciones se consideran hechas bajo protesta de decir verdad; V.- De que a través del Aviso de Privacidad a que se refiere la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, informé a la compareciente cuáles son los datos personales necesarios para el otorgamiento del presente instrumento y los fines para los cuales éstos se recaban, manifestando su consentimiento con el tratamiento de los mismos; VI.- De que manifestó por sus generales, ser mexicana por nacimiento, originaria de esta Ciudad, nacida el diecinueve de octubre de mil novecientos ochenta y nueve, soltera, licenciada en contaduría y con domicilio en calle Guillermo González Camarena número seiscientos, planta baja, colonia Santa Fe, código postal cero mil doscientos diez, Demarcación Alvaro Obregón, en esta Ciudad; VII.- De que todas las menciones relativas al Distrito Federal asentadas en este instrumento, se entenderán hechas a la Ciudad de México; y VIII.- De que leído este instrumento a la misma otorgante, a quien le hice saber su derecho a leerlo personalmente y a quien ilustré el valor, consecuencias y alcance legales de su contenido, manifiesta su comprensión plena y conformidad; estampando su huella digital y firma el día veinte de febrero del mismo año, en que autorizo definitivamente.- Doy fe. --------

----- HUELLA DIGITAL Y FIRMA DE LA SEÑORA SHANI MIZRAHI VILLARRUEL.- FIRMA DEL NOTARIO.- El sello de autorizar. ----------------------------------------------

----- Las notas complementarias se harán en docnmento por separado que se agrega al apéndice de este instrumento marcado con la letra "C". -------------------------------------------

------------------------------------------- INSERCION: -------------------------------------------

----- ARTICULO DOS MIL QUINIENTOS CINCUENTA Y CUATRO DEL CODIGO CIVIL PARA EL DISTRITO FEDERAL. ----------------------------------------------------

----- "En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se otorgan con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, para que se entiendan conferidos sin limitación alguna. -------------------

----- En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas. -----------------

----- En los poderes generales, para ejercer actos de dominio, bastará que se den con ese carácter, para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. -------------------------

----- Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los

LIC. ANTONIO LÓPEZ AGUIRRE NOTARÍA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

N250

ANTONIO LOPEZ AGUIRRE

apoderados, se consignarán las limitaciones o los poderes serán especiales. ---------------------

---- Los Notarios insertarán este artículo en los testimonios de los poderes que otorguen". -----

------------------ EN LAS HOJAS SUBSECUENTES SE REPRODUCEN LOS -----------------

--------------------------------- DOCUMENTOS DEL APENDICE ---------------------------------

NOTARÍA 55
GUILLERMO
CARRANCO ROMERO

A

73134

-------------------**LIBRO MIL SEISCIENTOS VEINTE** -----------------

--------**INSTRUMENTO SETENTA Y TRES MIL CIENTO TREINTA Y CUATRO**-----

- - - - CIUDAD DE MÉXICO, a veinticuatro de noviembre de dos mil veintidós. ------------------------------------------------------

- - - - GUILLERMO CARRANCO ROMERO, titular de la Notaría número CINCUENTA Y CINCO de la Ciudad de México, hago constar: -----------

- - - - **LA PROTOCOLIZACIÓN DE UN DOCUMENTO OTORGADO EN EL EXTRANJERO REDACTADO EN IDIOMAS INGLÉS Y ESPAÑOL** que contiene los poderes que la sociedad de nacionalidad **ESTADOUNIDENSE** denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**, sociedad constituida conforme a las leyes del Estado de Delaware, Estados Unidos de América, otorgó en favor de los señores **GERARDO MANUEL RAMÍREZ ORNELAS**, **LUIS ROBLES SANTAMARINA**, **ÁNGEL FABRICIO ESCALANTE SÁNCHEZ**, **JOSÉ JUAN SÁNCHEZ NAVARRETE**, **ISRAEL ERNESTO SAHAGÚN MORALES**, **PABLO MANUEL RAMÍREZ BLUMENKRON**, **GERARDO RAMÍREZ BLUMENKRON**, **GERARDO FUNTANET BRUNEL**, **FERNANDA MORALES ARREOLA**, **JOSÉ MARÍA ZÚÑIGA BARAJAS**, **EDGAR MADRID SOTO**, **JOSÉ EDUARDO RIVERA ROSAS**, **GABRIEL GUTIÉRREZ CORNEJO**, **LUIS MANUEL DOMÍNGUEZ ORTIZ**, **GERARDO ZAMBITO MADRIGAL**, **ENRIQUE FLORES FRANCO**, **JOSÉ ENRIQUE URUÑUELA LÓPEZ**, **SHANÍ MIZRAHI VILLARRUEL**, **ALEJANDRO MAYORGA REA**, **ROMÁN ISRAEL GÓMEZ CASTRUITA** y **JUAN COLÍN DOMÍNGUEZ**, con la amplitud de facultades que en el mismo se establecen y que más adelante se precisan; protocolización que realizo a solicitud del señor **ALEJANDRO MAYORGA REA**, en su carácter de apoderado de dicha sociedad, de conformidad con los siguientes antecedente y cláusulas: -----------

-----------------------**A N T E C E D E N T E** ---------------------

- - - - ÚNICO.- El señor **ALEJANDRO MAYORGA REA**, me presenta para su protocolización un documento otorgado en el extranjero, redactado en idiomas **inglés y español**, que contiene los poderes que con fecha diecisiete de noviembre de dos mil veintidós, otorgó la sociedad de nacionalidad estadounidense denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**, sociedad constituida conforme a las leyes de Estado de Delaware, Estados Unidos de América. ---------------------------------------

- - - - El citado documento se encuentra debidamente **apostillado**.--

- - - - De **dicho documento** se desprende que la sociedad de nacionalidad estadounidense denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**, representada por el señor Román Israel Gómez Castruita, en su carácter de representante de dicha sociedad, y en ejercicio de las facultades que le fueron conferidas, otorgó en favor de los señores **GERARDO MANUEL RAMÍREZ ORNELAS**, **LUIS ROBLES SANTAMARINA**, **ÁNGEL FABRICIO ESCALANTE SÁNCHEZ**, **JOSÉ JUAN SÁNCHEZ NAVARRETE**, **ISRAEL ERNESTO SAHAGÚN MORALES**, **PABLO MANUEL RAMÍREZ BLUMENKRON**, **GERARDO RAMÍREZ BLUMENKRON**, **GERARDO FUNTANET BRUNEL**, **FERNANDA MORALES ARREOLA**, **JOSÉ MARÍA ZÚÑIGA BARAJAS**, **EDGAR MADRID SOTO**, **JOSÉ EDUARDO RIVERA ROSAS**, **GABRIEL GUTIÉRREZ CORNEJO**, **LUIS MANUEL DOMÍNGUEZ ORTIZ**, **GERARDO ZAMBITO MADRIGAL**, **ENRIQUE FLORES FRANCO**, **JOSÉ ENRIQUE URUÑUELA LÓPEZ**,

**SHANÍ MIZRAHI VILLARRUEL, ALEJANDRO MAYORGA REA, ROMÁN ISRAEL GÓMEZ CASTRUITA** y **JUAN COLÍN DOMÍNGUEZ**, los poderes que más adelante se relacionan. ----------------------------------------------------

- - - - De **la parte redactada en idioma en español de dicho documento** transcribo lo que es del tenor siguiente: --------------------------

---------------------------"..**PODER OTORGADO POR** -------------------

------------------------**MEXICO SPORTS DISTRIBUTION LLC** ------------

En la ciudad de San Diego, California, Estados Unidos de América, el 17 de noviembre de 2022, ante mí, R. Marina Collins, Notario Público de y para el Condado de San Diego, Estados Unidos de América, compareció el señor Román Israel Gómez Castruita (el "**Compareciente**"), quien por sus generales manifestó tener la siguiente nacionalidad, edad, estado civil, ocupación y domicilio:… …y declara: Que comparece en este acto en nombre y representación de **MEXICO SPORTS DISTRIBUTION LLC**, una sociedad constituida conforme a las leyes del Estado de Delaware, Estados Unidos de América (en lo sucesivo, la "Poderdante") para otorgar y conferir los siguientes poderes y facultades: ---------------------------------------------

**A.** En favor de los señores Gerardo Manuel Ramírez Ornelas, Luis Robles Santamarina, Ángel Fabricio Escalante Sánchez, José Juan Sánchez Navarrete, Israel Ernesto Sahagún Morales, Pablo Manuel Ramírez Blumenkron, Gerardo Ramírez Blumenkron, Gerardo Funtanet Brunel, Fernanda Morales Arreola, José María Zúñiga Barajas, Edgar Madrid Soto, José Eduardo Rivera Rosas, Gabriel Gutiérrez Cornejo, Luis Manuel Domínguez Ortiz, Gerardo Zambito Madrigal y Enrique Flores Franco (los "Apoderados A"), para ser ejercido de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones. Los Apoderados A no cuentan con facultades de sustitución por lo que las facultades que se les otorga por el presente poder no son transferibles a cualquier otra persona o entidad. -----------------

**B.** En favor de José Enrique Uruñuela López, Shaní Mizrahi Villarruel y Alejandro Mayorga Rea (los "Apoderados B"): (i) para ser ejercido

5

LIC. ANTONIO L... NOTARIA No. 250 DE LA CIUDAD DE... ESTADOS UNIDOS MEXICANOS
GUILLERMO CARRANCO ROMERO NOTARIA 55 CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

NOTARÍA 55
GUILLERMO
CARRANCO ROMERO



de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones, (ii) para ser ejercido de manera conjunta o separada, poder general para actos de administración en los términos del párrafo segundo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, poder que podrá ser ejercido de manera individual, y (iii) para ser ejercido de manera conjunta con cualquier otro Apoderado B, poder general para actos de dominio, en los términos del tercer párrafo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos. ----------------------------------------------------

Adicionalmente, Shaní Mizrahi Villarruel tendrá poder para abrir, cerrar, modificar y operar cuentas bancarias y de inversión y para designar a las personas que girarán cheques en y operarán las mismas, de conformidad con lo establecido en el artículo noveno de la Ley General de Títulos y Operaciones de Crédito. ----------------------

Los Apoderados B contarán con facultades de sustitución por lo que las facultades que se les otorga por el presente poder podrán ser transferibles a cualquier otra persona o entidad. ----------------

En favor de Román Israel Gómez Castruita y Juan Colín Domínguez (los "<u>Apoderados C</u>"): (i) para ser ejercido de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del

juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones, y (ii) para ser ejercido de manera conjunta o separada, poder general para actos de administración en los términos del párrafo segundo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, poder que podrá ser ejercido de manera individual ----------------------

Los Apoderados C no cuentan con facultades de sustitución por lo que las facultades que se les otorga por el presente poder no son transferibles a cualquier otra persona o entidad. -----------------

**D.** Cualquiera de los mencionados Apoderados A, Apoderados B o Apoderados C, indistintamente, quedan igualmente facultados para protocolizar el presente documento para su uso en los Estados Unidos Mexicanos. ---------------------------------------------------

El idioma español que aparece en este instrumento es la traducción autorizada del idioma inglés que también aparece en este instrumento, en todas sus partes. ---------------------------------------------

El texto del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México), y de los artículos correlativos de los Códigos Civiles de los que integran los Estados Unidos Mexicanos se transcribe a continuación: ------------------------------------------------

"*ARTICULO 2554. En todos los poderes generales para pleitos y cobranzas bastará que se diga que se otorga con todas las facultades generales y las especiales que requieran cláusula especial conforme a la ley, para que se entiendan conferidos sin limitación alguna.--*

*En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas. ----------------------------------*

*En los poderes generales para ejercer actos de dominio, bastará que se den con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. --------------*

*Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones, o los poderes serán especiales. -----------------------------------------*

*Los notarios insertarán este artículo en los testimonios de los poderes que otorguen.*" -------------------------------------------

MEXICO SPORTS DISTRIBUTION LLC…". ---------------------------------

- - - - De la traducción de la apostilla de dicho documento, transcribo lo que es del tenor siguiente: ------------------------------------

------------------------"…**Estado de California** -----------------

7

NOTARÍA 55
GUILLERMO
CARRANCO ROMERO

5

73134

-------------------------**Secretario de Estado** ------------------
Este Certificado no es válido para su uso en ningún lugar dentro de los Estados Unidos de América, sus territorios o posesiones.--------
-----------------------------**APOSTILLE** -------------------------
-----------------(Convention de La Haye du 5 octobre 1961)------
**1. País**:----------------------Estados Unidos de América-----------
**El presente documento público** -------------------------------------
**2. ha sido firmado por**---------*Ernest J. Dronenburg, Jr.*-----------
**3. quien actúa en calidad de** *Asesor/Registrador/Secretario del Condado* -----------------------------------------------------------------
**4. y está revestido del sello / timbre de** *Condado de San Diego, Estado de California* ------------------------------------------------
---------------------------**Certificado** ------------------------
**5. en**--------------Sacramento, California -----------------------
---------------------------------**6. el día** *21 de noviembre de 2022*
**7. por**---------el Secretario de Estado, Estado de California-------
**8. bajo el número** *58299* ---------------------------------------
**9. Sello / timbre**:----------------------**10. Firma**: [Firma ilegible]
[Sello que reza: "EL -----------------------------------------------
GRAN SELLO DEL -------------------------------------------------------
ESTADO DE CALIFORNIA"] ---------------------------------------------
[Aparece texto en el idioma inglés] ---------------------------------
[Aparece texto en el idioma francés] --------------------------------
Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido. ------------------------------------------------------------
Esta Apostilla no certifica el contenido del documento para el cual se expidió. --------------------------------------------------------
Esta Apostilla se puede verificar en la dirección siguiente: apostille.search.sos.ca.gov/ --------------------------------------
Este certificado no constituye una Apostilla en virtud del Convenio de La Haya de 5 de octubre de 1961 cuando se presenta en un país que no es parte del Convenio. En estos casos, el certificado debe ser presentado a la sección consular de la misión que representa a ese país. -------------------------------------------------------------
Formato de la Sec/Estado NP-40 SAC (rev. 01/2021) ----------------
[Sello que reza: "OFICINA DEL SECRETARIO DE ESTADO"] --------------
[Sello que reza: "EL-------CONDADO DE SAN DIEGO-------Sello que reza: MOTIVO MÁS NOBLES ES------Ernest J. Dronenburg Jr.---"SECRETARIO DEL EL BIEN PÚBLICO |-----ASESOR/REGISTRADOR/SECRETARIO DEL---CONDADO | CONDADO DE SAN-----------------CONDADO-------------CONDADO DE SAN-DIEGO"]--------------------www.sdarcc.com------------DIEGO, CA.]
**OFICINA DEL ASESOR**-------------------------**OFICINA DEL REGISTRADOR/**
1600 Pacific Highway, Suite 103--------------**SECRETARIO DEL CONDADO**-

6

San Diego, CA 92101------------------1600 Pacific Highway, Suite 103
(619) 236-3771 *Fax (619) 557-4056---(619) 238-8158 *Fax (619) 557-4
----------------------------------------155 ----------------------
ESTADO DE CALIFORNIA--------)-----------CERTIFICADO DE VERIFICACIÓN
---------------------------)------------FIRMA DEL NOTARIO PÚBLICO-
CONDADO DE SAN DIEGO--------) ------------------------------------
Yo, Ernest J. Dronenburg. Jr. Asesor/Registrador/Secretario del Condado del Condado de San Diego, Estado de California, teniendo por ley un Sello, CERTIFICO POR EL PRESENTE DOCUMENTO que: R. MARINA COLLINS cuyo nombre aparece en el reconocimiento, prueba o declaración jurada, era en el momento de tomar dicho reconocimiento, prueba o declaración jurada, un Notario Público activo en y para el Condado de San Diego, en el Estado de California. El sello que en el aparece es aparentemente el sello de dicho Notario Público, y la firma que en el aparece es aparentemente la firma de dicho Notario Público.--
-------------EN TESTIMONIO DE LO CUAL he firmado y colocado Mi Sello
---------------Oficial, el cual es el Sello del Asesor/Registrador
------------------/Secretario del Condado. -------------------------
------------------DE FECHA: 17 de noviembre de 2022 ----------------
[Sello que reza: "ASESOR /-------[Firma ilegible] -----------------
REGISTRADOR / SECRETARIO---------Ernest J. Dronenburg Jr.----------
DEL CONDADO | CONDADO DE---------Asesor/Registrador/Secretario del-
SAN DIEGO, CA"]------------------Condado --------------------------
---------------------------------Por: [Firma ilegible] ------------
---------------------------------DANIELLE DOON, Secretario Adjunto-
-------------------------------------[Sello que reza: "OFICINA DEL
-----------------------------------------SECRETARIO DE ESTADO"]--
CC510 (09/24/13)…" ----------------------------------------------
- - - - El citado documento debidamente **apostillado**, así como de la traducción de esta última, los agrego al apéndice en el legajo correspondiente a este instrumento marcados con la letra **"A"**.------
- - - - Expuesto lo anterior, se otorgan las siguientes:-----------
-------------------------C L Á U S U L A S -----------------------
- - - - **PRIMERA**.- A solicitud del señor **ALEJANDRO MAYORGA REA**, en su carácter de apoderado de **"MÉXICO SPORTS DISTRIBUTION LLC"**, y en cumplimiento a lo establecido en el artículo ciento cuarenta y tres de la Ley del Notariado para la Ciudad de México, queda protocolizado **el texto en idioma español** a que se refiere el antecedente único del presente instrumento, documento que se tiene por reproducido en la presente cláusula como si literalmente se insertase. -------------
- - - - **SEGUNDA**.- Según consta en el documento que ha quedado protocolizado en la cláusula anterior, la sociedad de nacionalidad estadounidense denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**, sociedad constituida conforme a las leyes del Estado de Delaware, Estados Unidos de América, otorgó a favor de los señores **GERARDO MANUEL**

NOTARÍA 55
GUILLERMO
CARRANCO ROMERO

7

73134

**RAMÍREZ ORNELAS, LUIS ROBLES SANTAMARINA, ÁNGEL FABRICIO ESCALANTE SÁNCHEZ, JOSÉ JUAN SÁNCHEZ NAVARRETE, ISRAEL ERNESTO SAHAGÚN MORALES, PABLO MANUEL RAMÍREZ BLUMENKRON, GERARDO RAMÍREZ BLUMENKRON, GERARDO FUNTANET BRUNEL, FERNANDA MORALES ARREOLA, JOSÉ MARÍA ZÚÑIGA BARAJAS, EDGAR MADRID SOTO, JOSÉ EDUARDO RIVERA ROSAS, GABRIEL GUTIÉRREZ CORNEJO, LUIS MANUEL DOMÍNGUEZ ORTIZ, GERARDO ZAMBITO MADRIGAL, ENRIQUE FLORES FRANCO, JOSÉ ENRIQUE URUÑUELA LÓPEZ, SHANÍ MIZRAHI VILLARRUEL, ALEJANDRO MAYORGA REA, ROMÁN ISRAEL GÓMEZ CASTRUITA** y **JUAN COLÍN DOMÍNGUEZ**, el poder que ha quedado transcrito en el documento otorgado en el extranjero, relacionado en el antecedente único del presente instrumento, y que por esta escritura se protocoliza. -----------------------------------------------

- - - - **TERCERA.**- El compareciente se somete a los Tribunales de la Ciudad de México, para la interpretación y cumplimiento del contenido del presente instrumento. ----------------------------------------

- - - - **CUARTA.**- Los gastos y honorarios que se causen con motivo de la presente escritura serán por cuenta de la sociedad de nacionalidad **estadounidense**, denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**.--------

-------------**ARTÍCULO DOS MIL QUINIENTOS CINCUENTA Y CUATRO** ----

- - - - "En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se otorga con todas las facultades generales y las especiales que requieran cláusula especial conforme a la ley, para que se entiendan conferidos sin limitación alguna. -----------------------------------------------

- - - - En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter, para que el apoderado tenga toda clase de facultades administrativas. ---------------------

- - - - En los poderes generales para ejercer actos de dominio, bastará que se den con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. --

- - - - Cuando se quisieren limitar, en los tres casos antes mencionados las facultades de los apoderados, se consignarán las limitaciones o los poderes serán especiales. ------------------

- - - - Los notarios insertarán este artículo en los testimonios de los poderes que otorguen.". ---------------------------------

------------------------**P E R S O N A L I D A D** ---------------

- - - - El señor **ALEJANDRO MAYORGA REA**, acredita la legal existencia y capacidad de la sociedad de nacionalidad estadounidense denominada **"MÉXICO SPORTS DISTRIBUTION LLC"**, y su carácter de apoderado de dicha sociedad, con el documento que ha quedado protocolizado. -----------------------------------------

- - - - Bajo protesta de decir verdad, el señor **ALEJANDRO MAYORGA REA**, manifiesta que la personalidad con la que comparece conserva

íntegro su vigor, que no le ha sido revocada ni en forma alguna modificada y que su representada tiene capacidad legal. --------

------------------------**G E N E R A L E S**----------------------

- - - - Por sus generales el compareciente manifestó ser mexicano, originario de esta ciudad, donde nació el día dieciocho de julio de mil novecientos ochenta y cuatro, casado, abogado, con domicilio en calle Guillermo González Camarena número seiscientos, planta baja, colonia Santa Fe, en Álvaro Obregón, código postal número cero mil docientos diez, en esta ciudad, con Clave Única de Registro de Población "MARA840718HDFYXL02" (MARA OCHO CUATRO CERO SIETE UNO OCHO HDFYXL CERO DOS), y se identifica con credencial para votar número "DOS CERO UNO CINCO CERO CUATRO SIETE SIETE SIETE UNO NUEVE TRES DOS", expedida por el Instituto Nacional Electoral, misma que en copia cotejada por mí con su original, marcada con la letra **"B"**, agrego al apéndice en el legajo correspondiente a la presente escritura. ------------------------

----------------------**AVISO DE PRIVACIDAD** ---------------------

- - - - Que en términos de lo dispuesto por los artículos ocho y diecisiete de la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, el compareciente manifiesta conocer el aviso de privacidad a que se refiere la mencionada ley, mismo que se encuentra exhibido en diversas áreas públicas de la notaría y que se encuentra a su disposición para ser consultado en cualquier momento en la página de internet "55notaria.com", por lo que con la firma del presente instrumento, el compareciente manifiesta su consentimiento expreso con el tratamiento de sus datos personales. -------------------------------------------

- - - - **YO, EL NOTARIO, CERTIFICO: I.**- Que ante el compareciente me identifiqué plenamente como notario. **II.**- Que lo relacionado e inserto concuerda fielmente con los originales a que me remito y tuve a la vista. **III.**- Que advertí al compareciente de las penas en que incurren quienes declaran falsamente ante notario. **IV.**- Que el compareciente me acreditó su identidad como lo asenté en sus generales. **VI.**- Que el citado compareciente tiene a mi juicio capacidad legal. **VII.**- Que hice saber al compareciente que tiene derecho a leer el presente instrumento. **VIII.**- Que leí al mismo este instrumento, explicándole su valor, consecuencias y alcances legales, a lo que manifestó su comprensión plena. **IX.**- Que manifestó su conformidad y firmó el día de su fecha en unión del suscrito Notario quien AUTORIZA DEFINITIVAMENTE ESTE INSTRUMENTO, POR NO HABER IMPEDIMENTO LEGAL PARA ELLO.- DOY FE. ------------

GCR/SYGM/. ----------------------------------------------------

ALEJANDRO MAYORGA REA.- FIRMA.- GUILLERMO CARRANCO ROMERO.- FIRMA.- EL SELLO DE AUTORIZAR. -------------------------------

NOTARÍA 55
GUILLERMO
CARRANCO ROMERO

9

73134

- - - - ES SEGUNDO TESTIMONIO QUE SE EXPIDE PARA LOS SEÑORES **GERARDO MANUEL RAMÍREZ ORNELAS**, **LUIS ROBLES SANTAMARINA**, **ÁNGEL FABRICIO ESCALANTE SÁNCHEZ**, **JOSÉ JUAN SÁNCHEZ NAVARRETE**, **ISRAEL ERNESTO SAHAGÚN MORALES**, **PABLO MANUEL RAMÍREZ BLUMENKRON**, **GERARDO RAMÍREZ BLUMENKRON**, **GERARDO FUNTANET BRUNEL**, **FERNANDA MORALES ARREOLA**, **JOSÉ MARÍA ZÚÑIGA BARAJAS**, **EDGAR MADRID SOTO**, **JOSÉ EDUARDO RIVERA ROSAS**, **GABRIEL GUTIÉRREZ CORNEJO**, **LUIS MANUEL DOMÍNGUEZ ORTIZ**, **GERARDO ZAMBITO MADRIGAL**, **ENRIQUE FLORES FRANCO**, **JOSÉ ENRIQUE URUÑUELA LÓPEZ**, **SHANÍ MIZRAHI VILLARRUEL**, **ALEJANDRO MAYORGA REA**, **ROMÁN ISRAEL GÓMEZ CASTRUITA** Y **JUAN COLÍN DOMÍNGUEZ**, EN SU CARÁCTER DE APODERADOS.- LE CORRESPONDE SER EL SEGUNDO EN SU ORDEN DE EXPEDICIÓN.- VA EN NUEVE PÁGINAS.- CIUDAD DE MÉXICO, A VEINTICUATRO DE NOVIEMBRE DE DOS MIL VEINTIDÓS.- DOY FE. -----

EXP.22-0462
GCR/poa*

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 55 CIUDAD DE MÉXICO

A

# State of California
## Secretary of State

This Certificate is not valid for use anywhere within the United States of America, its territories or possessions.

**APOSTILLE**
(Convention de La Haye du 5 octobre 1961)

| | | | |
|---|---|---|---|
| 1. **Country:** Pays / País: | United States of America | | |
| **This public document** Le présent acte public / El presente documento público | | | |
| 2. **has been signed by** a été signé par ha sido firmado por | *Ernest J. Dronenburg, Jr.* | | |
| 3. **acting in the capacity of** agissant en qualité de quien actúa en calidad de | *Assessor/Recorder/County Clerk* | | |
| 4. **bears the seal / stamp of** est revêtu du sceau / timbre de y está revestido del sello / timbre de | *County of San Diego, State of California* | | |
| **Certified** Atteste / Certificado | | | |
| 5. **at** à / en | Sacramento, California | **6. the** le / el día | *21st day of November 2022* |
| 7. **by** par / por | Secretary of State, State of California | | |
| 8. **N°** sous n° bajo el número | *58299* | | |
| 9. **Seal / stamp:** Sceau / timbre: Sello / timbre: | [seal] | **10. Signature:** Signature: Firma: | [signature] |

This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears.
This Apostille does not certify the content of the document for which it was issued.
To verify the issuance of this Apostille, see: apostille-search.sos.ca.gov/.
**This certificate does not constitute an Apostille under the Hague Convention of 5 October 1961, when it is presented in a country which is not a party to the Convention. In such cases, the certificate should be presented to the consular section of the mission representing that country.**

Cette Apostille atteste uniquement la véracité de la signature, la qualité en laquelle le signataire de l'acte a agi et, le cas échéant, l'identité du sceau ou timbre dont cet acte public est revêtu.
Cette Apostille ne certifie pas le contenu de l'acte pour lequel elle a été émise.
Cette Apostille peut être vérifiée à l'adresse suivante: apostille-search.sos.ca.gov/.
**Ce certificat ne constitue pas une Apostille en vertu de la Convention de La Haye du 5 Octobre 1961, lorsque présenté dans un pays qui n'est pas partie à cette Convention. Dans ce cas, le certificat doit être présenté à la section consulaire de la mission qui représente ce pays.**

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido.
Esta Apostilla no certifica el contenido del documento para el cual se expidió.
Esta Apostilla se puede verificar en la dirección siguiente: apostille-search.sos.ca.gov/.
**Este certificado no constituye una Apostilla en virtud del Convenio de La Haya de 5 de octubre de 1961 cuando se presenta en un país que no es parte del Convenio. En estos casos, el certificado debe ser presentado a la sección consular de la misión que representa a ese país.**

OFFICE OF THE SECRETARY OF STATE

Sec/State Form NP-40 SAC (rev. 01/2021)

GUILLERMO CARRANCO ROMERO NOTARIA 65 CIUDAD DE MEXICO ESTADOS UNIDOS MEXICANOS

LIC. ANTONIO LÓPEZ AGUIRRE
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

# COUNTY OF SAN DIEGO

Ernest J. Dronenburg, Jr.
ASSESSOR/RECORDER/COUNTY CLERK
www.sdarcc.com

**ASSESSOR'S OFFICE**
1600 Pacific Highway, Suite 103
San Diego, CA 92101
(619) 236-3771 * Fax (619) 557-4056

**RECORDER/COUNTY CLERK'S OFFICE**
1600 Pacific Highway, Suite 260
San Diego, CA 92101
(619) 238-8158 * Fax (619) 557-4155

STATE OF CALIFORNIA }
} CERTIFICATE OF VERIFICATION
} NOTARY PUBLIC SIGNATURE
COUNTY OF SAN DIEGO }

I, Ernest J. Dronenburg, Jr., Assessor/Recorder/County Clerk of the County of San Diego, State of California, having by law a Seal, DO HEREBY CERTIFY that: R. MARINA COLLINS whose name appears on the attached acknowledgment, proof or affidavit, was at the time of taking said acknowledgement, proof or affidavit, an active Notary Public in and for the County of San Diego, in the State of California. The seal affixed thereto appears to be the seal of said Notary Public, and the signature thereon appears to be the signature of said Notary Public.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed My Official Seal, which is the Seal of the Assessor/Recorder/County Clerk.

DATED: November 17, 2022

ASSESSOR / RECORDER / COUNTY CLERK * SAN DIEGO COUNTY, CA *

[signature]

Ernest J. Dronenburg, Jr.

County Assessor/Recorder/Clerk

By: [signature]

DANIELLE DOON, Deputy Clerk

CC510 (09/24/13)

**POWER OF ATTORNEY GRANTED BY MEXICO SPORTS DISTRIBUTION LLC**

In the city of San Diego, California, United States of America, on November 17, 2022 before me, R. Marina Collins, Notary Public for and in the State of San Diego, United States of America, appeared Mr. Román Israel Gómez Castruita (the "Appearing Party"), who stated that his citizenship, age, marital status, occupation and address are as follows:

| | | |
|---|---|---|
| (1) | Citizenship: | Mexican |
| (2) | Age: | 46 years old |
| (3) | Marital Status: | Married |
| (4) | Occupation: | Employed |
| (5) | Address: | Puerta de Bilbao 12, Bosque de Esmeralda, Atizapan de Zaragoza, Estado de México, México. |

and states: That he comes at this time on legal behalf and in the name of **MEXICO SPORTS DISTRIBUTION LLC**, a limited liability company formed under the laws of the State of Delaware, United States of America (hereinafter, "Principal") to grant and confer the following powers of attorney: .

A. In favor of Gerardo Manuel Ramírez Ornelas, Luis Robles Santamarina, Ángel Fabricio Escalante Sánchez, José Juan Sánchez Navarrete, Israel Ernesto Sahagún Morales, Pablo Manuel Ramírez Blumenkron, Gerardo Ramírez Blumenkron, Gerardo Funtanet Brunel, Fernanda Morales Arreola, José María Zúñiga Barajas, Edgar Madrid Soto, José Eduardo Rivera Rosas, Gabriel Gutiérrez Cornejo, Luis Manuel Domínguez Ortiz, Gerardo Zambito Madrigal and Enrique Flores Franco (hereinafter, the "Attorneys in Fact A"), to be exercised jointly or severally, a general power-of-attorney for lawsuits and collections, without any limitation, including all the general powers and special powers that require a special power or clause in

**PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC**

En la ciudad de San Diego, California, Estados Unidos de América, el 17 de noviembre de 2022, ante mí, R. Marina Collins, Notario Público de y para el Condado de San Diego, Estados Unidos de América, compareció el señor Román Israel Gómez Castruita (el "Compareciente"), quien por sus generales manifestó tener la siguiente nacionalidad, edad, estado civil, ocupación y domicilio:

| | | |
|---|---|---|
| (1) | Nacionalidad: | Mexicana |
| (2) | Edad: | 46 años |
| (3) | Estado Civil: | Casado |
| (4) | Ocupación: | Empleado |
| (5) | Domicilio: | Puerta de Bilbao 12, Bosque de Esmeralda, Atizapan de Zaragoza, Estado de México, México. |

y declara: Que comparece en este acto en nombre y representación de **MEXICO SPORTS DISTRIBUTION LLC**, una sociedad constituida conforme a las leyes del Estado de Delaware, Estados Unidos de América (en lo sucesivo, la "Poderdante") para otorgar y conferir los siguientes poderes y facultades:

A. En favor de los señores Gerardo Manuel Ramírez Ornelas, Luis Robles Santamarina, Ángel Fabricio Escalante Sánchez, José Juan Sánchez Navarrete, Israel Ernesto Sahagún Morales, Pablo Manuel Ramírez Blumenkron, Gerardo Ramírez Blumenkron, Gerardo Funtanet Brunel, Fernanda Morales Arreola, José María Zúñiga Barajas, Edgar Madrid Soto, José Eduardo Rivera Rosas, Gabriel Gutiérrez Cornejo, Luis Manuel Domínguez Ortiz, Gerardo Zambito Madrigal y Enrique Flores Franco (los "Apoderados A"), para ser ejercido de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula

LIC. ANTONIO LÓPEZ AGUIRRE NOTARÍA No. 250 DE LA CIUDAD DE MÉXICO



accordance with law, in terms of the first paragraph of article 2554 of the (Mexican) Federal District (Mexico City) Civil Code and its corresponding articles in the Civil Codes for the other States of the United Mexican States, including those set forth in article 2587 of such (Mexican) Federal District (Mexico City) Civil Code, including without limitation, to relinquish the "amparo" process and draw up and file criminal claims, denunciations and accusations and withdraw thereof, to assist with the Attorney General in criminal proceedings, to constitute the Company as a civil party in such proceedings, to grant legal pardon, as well as to settle, arbitrate and articulate and answer depositions.

especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones.

The authority granted to the Attorneys in Fact A by this power of attorney is not transferable to any other party or entity.

Los Apoderados A no cuentan con facultades de sustitución por lo que las facultades que se les otorga por el presente poder no son transferibles a cualquier otra persona o entidad.

**B.** In favor of José Enrique Uruñuela López, Shaní Mizrahi Villarruel and Alejandro Mayorga Rea (hereinafter, the "Attorneys in Fact B"): (i) to be exercised jointly or severally, a general power-of-attorney for lawsuits and collections, without any limitation, including all the general powers and special powers that require a special power or clause in accordance with law, in terms of the first paragraph of article 2554 of the (Mexican) Federal District (Mexico City) Civil Code and its corresponding articles in the Civil Codes for the other States of the United Mexican States, including those set forth in article 2587 of such (Mexican) Federal District (Mexico City) Civil Code, including without limitation, to relinquish the "amparo" process and draw up and file criminal claims, denunciations and accusations and withdraw thereof, to assist with the Attorney General in criminal proceedings, to constitute the Company as a civil party in such proceedings, to grant legal pardon, as well as to settle, arbitrate and articulate and answer depositions, (ii) to be exercised jointly or severally a general power-of-attorney for acts of administration in terms of the second paragraph of article 2554 of the (Mexican) Federal District (Mexico City) Civil Code and its correlative provisions in the Civil Codes of the states of the United Mexican States, and (iii) to be exercised jointly with another Attorney in Fact B,

**B.** En favor de José Enrique Uruñuela López, Shaní Mizrahi Villarruel y Alejandro Mayorga Rea (los "Apoderados B"): (i) para ser ejercido de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones, (ii) para ser ejercido de manera conjunta o separada, poder general para actos de administración en los términos del párrafo segundo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades

general power-of-attorney for acts of ownership in terms of the third paragraph of article 2554 (two thousand five hundred and fifty four) of the (Mexican) Federal District (Mexico City) Civil Code and its correlative provisions in the Civil Codes of the states of the United Mexican States.

federativas de los Estados Unidos Mexicanos, poder que podrá ser ejercido de manera individual, y (iii) para ser ejercido de manera conjunta con cualquier otro Apoderado B, poder general para actos de dominio, en los términos del tercer párrafo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos.

Additionally, Shaní Mizrahi Villarruel will have power to open, close, modify and operate bank and investment accounts and to appoint the individuals who will sign the checks of and operate the same, in accordance with article nine of the (Mexican) General Negotiable Instruments and Credit Operations' Act.

Adicionalmente, Shaní Mizrahi Villarruel tendrá poder para abrir, cerrar, modificar y operar cuentas bancarias y de inversión y para designar a las personas que girarán cheques en y operarán las mismas, de conformidad con lo establecido en el artículo noveno de la Ley General de Títulos y Operaciones de Crédito.

The authority granted to the Attorneys in Fact B by this power of attorney is transferable to any other party or entity.

Los Apoderados B contarán con facultades de sustitución por lo que las facultades que se les otorga por el presente poder podrán ser transferibles a cualquier otra persona o entidad

C. In favor of Román Israel Gómez Castruita and Juan Colín Domínguez (hereinafter, the "Attorneys in Fact C"): (i) to be exercised jointly or severally, a general power-of-attorney for lawsuits and collections, without any limitation, including all the general powers and special powers that require a special power or clause in accordance with law, in terms of the first paragraph of article 2554 of the (Mexican) Federal District (Mexico City) Civil Code and its corresponding articles in the Civil Codes for the other States of the United Mexican States, including those set forth in article 2587 of such (Mexican) Federal District (Mexico City) Civil Code, including without limitation, to relinquish the "amparo" process and draw up and file criminal claims, denunciations and accusations and withdraw thereof, to assist with the Attorney General in criminal proceedings, to constitute the Company as a civil party in such proceedings, to grant legal pardon, as well as to settle, arbitrate and articulate and answer depositions, and (ii) to be exercised jointly or severally a general power-of-attorney for acts of administration in terms of the second paragraph of article 2554 of the (Mexican) Federal District (Mexico City) Civil Code and its correlative provisions in the Civil Codes of the states of the United Mexican States.

En favor de Román Israel Gómez Castruita y Juan Colín Domínguez (los "Apoderados C"): (i) para ser ejercido de manera conjunta o separada, un poder general para pleitos y cobranzas, sin limitación alguna, incluyendo todas las facultades generales y las especiales que conforme a la ley requieran poder o cláusula especial, en los términos del primer párrafo del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, entre ellas aquellas a las que se refiere el artículo 2587 de dicho Código Civil para el Distrito Federal (hoy Ciudad de México), incluyendo, enunciativa y no limitativamente, la de desistirse del juicio de amparo, la de denunciar hechos delictuosos y presentar querellas y desistirse de ellas, constituirse en coadyuvante del Ministerio Público, constituir a la Sociedad como parte en dichos procedimientos, otorgar el perdón legal así como transigir, comprometer en árbitros y absolver y articular posiciones, y (ii) para ser ejercido de manera conjunta o separada, poder general para actos de administración en los términos del párrafo segundo del artículo 2554 del del Código Civil para el Distrito Federal (hoy Ciudad de México) y de sus correlativos en los

LIC. ANTONIO LÓPEZ AGUIRRE NOTARIA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS



The authority granted to the Attorneys in Fact C by this power of attorney is not transferable to any other party or entity.

D. Any of such Attorneys in Fact A, Attorneys in Fact B or Attorneys in Fact C are further empowered to formalize this document for use in the United Mexican States.

The Spanish language which appears in this instrument is the authorized translation of the English language which also appears in this instrument, in all of its parts.

The text of article 2,554 of the Federal District (Mexico City) Civil Code and the corresponding articles in the Civil Codes for the States of the United Mexican States is hereby transcribed:

"*ARTICLE 2,554. In all general powers of attorney for lawsuits and collections it shall be sufficient to state that the power is granted with all the general and the special faculties which require a special clause in accordance with law, in order that they may be considered as conferred without any limitation.*

*In general powers of attorney to administer property, it shall be sufficient to state that they are granted with that character in order for the attorney-in-fact to have all kinds of administrative powers.*

*In general powers of attorney to exercise acts of ownership, it shall be sufficient that they be granted with that character in order for the attorney-in-fact to have all powers of ownership, both with respect to property and in order to take all kinds of steps to defend it.*

*If in the three cases above-mentioned, should it be desired to limit the powers of the attorneys-in-fact, the limitations shall be set out, or the powers shall be special powers of attorney.*

*Notaries shall insert this article in the notarial*

Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, poder que podrá ser ejercido de manera individual.

Los Apoderados C no cuentan con facultades de sustitución por lo que las facultades que se les otorga por el presente poder no son transferibles a cualquier otra persona o entidad.

**D.** Cualquiera de los mencionados Apoderados A, Apoderados B o Apoderados C, indistintamente, quedan igualmente facultados para protocolizar el presente documento para su uso en los Estados Unidos Mexicanos.

El idioma español que aparece en este instrumento es la traducción autorizada del idioma inglés que también aparece en este instrumento, en todas sus partes.

El texto del artículo 2554 del Código Civil para el Distrito Federal (hoy Ciudad de México), y de los artículos correlativos de los Códigos Civiles de los que integran los Estados Unidos Mexicanos se transcribe a continuación:

"*ARTICULO 2554. En todos los poderes generales para pleitos y cobranzas bastará que se diga que se otorga con todas las facultades generales y las especiales que requieran cláusula especial conforme a la ley, para que se entiendan conferidos sin limitación alguna.*

*En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas.*

*En los poderes generales para ejercer actos de dominio, bastará que se den con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos.*

*Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones, o los poderes serán especiales.*

*Los notarios insertarán este artículo en los*

5

*copies of powers of attorney which they authorize.*"

MEXICO SPORTS DISTRIBUTION LLC

By: ____________________
Name: Román Israel Gómez Castruita
Title: Member of the Board

*testimonios de los poderes que otorguen.*"

MEXICO SPORTS DISTRIBUTION LLC

Por: ____________________
Nombre: Román Israel Gómez Castruita
Cargo: Miembro del Consejo

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 65 CIUDAD DE MÉXICO

LIC. ANTONIO LÓPEZ AGUIRRE NOTARIA No 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS



GUILLERMO CARRANCO ROMERO NOTARIA 65 CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

## NOTARIAL CERTIFICATION

In order to comply with the provisions of the Protocol on Uniformity of Powers of Attorney which are to be Utilized Abroad which has been signed and ratified by the United States of America and the United Mexican States, the undersigned,

---------A T T E S T S--------

1. That Mr. Román Israel Gómez Castruita (hereinafter the "Appearing Party") stated that he acknowledges as his signature which appears on the attached power of attorney.

2. That the Appearing Party identified himself to me based on presentation of satisfactory evidence.

3. That the records of MEXICO SPORTS DISTRIBUTION LLC which was shown to me, certifies as to the authority of the Appearing Party as Member of the Board of MEXICO SPORTS DISTRIBUTION LLC.

4. That the Appearing party represents MEXICO SPORTS DISTRIBUTION LLC on whose behalf the Appearing Party acts, and that such authority is legal and enough to grant the powers of attorney.

5. Based on the Certificate of Formation dated as of August 27, 2019, which was shown to me, MEXICO SPORTS DISTRIBUTION LLC is duly organized and legally exists on the date of execution of this document; that the acts for which said power of attorney has been executed are included within the authorized activities of MEXICO SPORTS DISTRIBUTION LLC, a limited liability company in the United States of America.

6. That the Appearing Party stated before me, that his authority has not been modified, nor limited, nor revoked.

## CERTIFICACIÓN NOTARIAL

Para dar cumplimiento con las disposiciones del Protocolo sobre Uniformidad del Régimen Legal de los Poderes suscrito y ratificado por los Estados Unidos de América y los Estados Unidos Mexicanos, quien suscribe,

--------C E R T I F I C A--------

1. Que el señor Román Israel Gómez Castruita (en lo sucesivo el "Compareciente") reconoció como suya la firma que aparece en el poder anterior.

2. Que el Compareciente se identificó plenamente ante mí.

3. Que tuve a la vista los registros de MEXICO SPORTS DISTRIBUTION LLC en los que se hace constar que el Compareciente es el miembro del Consejo de MEXICO SPORTS DISTRIBUTION LLC.

4. Que el Compareciente representa a MEXICO SPORTS DISTRIBUTION LLC en cuyo nombre y representación actúa el Compareciente y que dicha representación es legítima y suficiente para otorgar los poderes.

5. Con base en el Certificado de Formación de fecha 27 de agosto de 2019 que tuve a la vista, se hace constar que MEXICO SPORTS DISTRIBUTION LLC está debidamente constituida y legalmente existente en la fecha de otorgamiento de este poder; que los actos para los cuales este poder fue otorgado están incluidos dentro del objeto social de MEXICO SPORTS DISTRIBUTION LLC, una sociedad de responsabilidad limitada (*LLC*) con sede en los Estados Unidos de América.

6. Que el Compareciente me manifestó que las facultades con que comparece no le han sido modificadas, ni limitadas, ni revocadas.

20

7. That I read this instrument to the Appearing Party and explained its content to him. Once the Appearing Party stated his agreement with the contents of this document, he ratified it, and signed it before me on this date.

7. Que leí el presente documento al Compareciente y le expliqué su contenido. Una vez que el Compareciente manifestó su conformidad con el contenido del presente documento, lo ratificó y firmó ante mí, en esta fecha.

The undersigned notary attests that the Appearing Party, Román Israel Gómez Castruita, identified himself to me on the basis of satisfactory evidence and personally appeared before me with the necessary legal capacity and faculties, as evidenced with the documents submitted, to execute this certification and the power of attorney related hereto.

Yo, la suscrito notario certifico que el Compareciente, Román Israel Gómez Castruita, se identificó plenamente ante mí, y tiene la capacidad legal y facultades suficientes, como se deriva de la documentación comprobatoria presentada, para otorgar la certificación y el poder que antecede.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) ss:
COUNTY OF SAN DIEGO )

On November 17, 2022, before me, R. Marina Collins, Notary Public, personally appeared Román Israel Gómez Castruita, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

R. MARINA COLLINS
Notary Public - California
San Diego County
Commission # 2370276
My Comm. Expires Aug 9, 2025

R. Marina Collins

Notary Public

LIC. ANTONIO LÓPEZ AGUIRRE NOTARIA No. 250 DE LA CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

## Estado de California

**Secretario de Estado**

GUILLERMO CARRANZA ROMERO NOTARÍA DE CIUDAD DE MÉXICO ESTADOS UNIDOS MEXICANOS

Este Certificado no es válido para su uso en ningún lugar dentro de los Estados Unidos de América, sus territorios o posesiones.

**APOSTILLE**

(Convention de La Haye du 5 octobre 1961)

**1. País:** Estados Unidos de América

**El presente documento público**

**2. ha sido firmado por** *Ernest J. Dronenburg, Jr.*

**3. quien actúa en calidad de** *Asesor/Registrador/Secretario del Condado*

**4. y está revestido del sello / timbre de** *Condado de San Diego, Estado de California*

**Certificado**

**5. en** Sacramento, California **6. el día** *21 de noviembre de 2022*

**7. por** el Secretario de Estado, Estado de California

**8. bajo el número** *58299*

**9. Sello / timbre:** [Sello que reza: "EL GRAN SELLO DEL ESTADO DE CALIFORNIA"]

**10. Firma:** [Firma ilegible]

[Aparece texto en el idioma inglés]

[Aparece texto en el idioma francés]

Esta Apostilla certifica únicamente la autenticidad de la firma, la calidad en que el signatario del documento haya actuado y, en su caso, la identidad del sello o timbre del que el documento público esté revestido.

Esta Apostilla no certifica el contenido del documento para el cual se expidió.

Esta Apostilla se puede verificar en la dirección siguiente: apostille.search.sos.ca.gov/

Este certificado no constituye una Apostilla en virtud del Convenio de La Haya de 5 de octubre de 1961 cuando se presenta en un país que no es parte del Convenio. En estos casos, el certificado debe ser presentado a la sección consular de la misión que representa a ese país.

Formato de la Sec/Estado NP-40 SAC (rev. 01/2021)

[Sello que reza: "OFICINA DEL SECRETARIO DE ESTADO"]

ARTURO CARCAÑO PERITO TRADUCTOR TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX DIRECTUM TRANSLATIONS

[Sello que reza: "EL MOTIVO MÁS NOBLE ES EL BIEN PÚBLICO | CONDADO DE SAN DIEGO"]

# CONDADO DE SAN DIEGO

Ernest J. Dronenburg. Jr.
**ASESOR/REGISTRADOR/SECRETARIO DEL CONDADO**
www.sdarcc.com

Sello que reza: "SECRETARIO DEL CONDADO | CONDADO DE SAN DIEGO, CA"]

**OFICINA DEL ASESOR**
1600 Pacific Highway, Suite 103
San Diego, CA 92101
(619) 236-3771 *Fax (619) 557-4056

**OFICINA DEL REGISTRADOR/SECRETARIO DEL CONDADO**
1600 Pacific Highway, Suite 103
San Diego, CA 92101
(619) 238-8158 *Fax (619) 557-4155

ESTADO DE CALIFORNIA )
)
CONDADO DE SAN DIEGO )

CERTIFICADO DE VERIFICACIÓN
FIRMA DEL NOTARIO PÚBLICO

Yo, Ernest J. Dronenburg. Jr. Asesor/Registrador/Secretario del Condado del Condado de San Diego, Estado de California, teniendo por ley un Sello, CERTIFICO POR EL PRESENTE DOCUMENTO que: R. MARINA COLLINS cuyo nombre aparece en el reconocimiento, prueba o declaración jurada, era en el momento de tomar dicho reconocimiento, prueba o declaración jurada, un Notario Público activo en y para el Condado de San Diego, en el Estado de California. El sello que en el aparece es aparentemente el sello de dicho Notario Público, y la firma que en el aparece es aparentemente la firma de dicho Notario Público.

EN TESTIMONIO DE LO CUAL he firmado y colocado Mi Sello Oficial, el cual es el Sello del Asesor/Registrador/Secretario del Condado.

DE FECHA: 17 de noviembre de 2022

[Sello que reza: "ASESOR / REGISTRADOR / SECRETARIO DEL CONDADO | CONDADO DE SAN DIEGO, CA"]

[Firma ilegible]
Ernest J. Dronenburg. Jr.
Asesor/Registrador/Secretario del Condado

Por: [Firma ilegible]
DANIELLE DOON, Secretario Adjunto

[Sello que reza: "OFICINA DEL SECRETARIO DE ESTADO"]

CC510 (09/24/13)

DAVID SURO CARCAMO PERITO TRADUCTOR TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX DIRECTUM TRANSLATIONS

23

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 60 CIUDAD DE MÉXICO

| [Aparece texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma inglés] | [Aparece texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma español] |
| --- | --- |
| | |

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

24

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARIA 66 CIUDAD DE MEXICO

2

| [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma inglés] | [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma español] |
|---|---|
| | |

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

25

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARÍA No. 250 DE LA CIUDAD DE MÉXICO

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 55 CIUDAD DE MÉXICO



| [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma inglés] | [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma español] |
| --- | --- |
| | |

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

| [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma inglés] | [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma español] |
|---|---|
| | |

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 55 CIUDAD DE MÉXICO

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

27

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO



GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 56 CIUDAD DE MÉXICO

| | |
|---|---|
| [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma inglés] | [Continúa texto de **PODER OTORGADO POR MEXICO SPORTS DISTRIBUTION LLC** en el idioma español] |

MEXICO SPORTS DISTRIBUTION LLC
Por: [Firma ilegible]
Nombre: Román Israel Gómez Castruita
Cargo: Miembro del Consejo

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

| [Aparece texto de **CERTIFICACIÓN NOTARIAL** en el idioma inglés] | [Aparece texto de **CERTIFICACIÓN NOTARIAL** en el idioma español] |
| --- | --- |

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 66 CIUDAD DE MÉXICO

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

LIC. ANTONIO LÓPEZ AGUIRRE
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO



| [Continúa texto de **CERTIFICACIÓN NOTARIAL** en el idioma inglés] | [Continúa texto de **CERTIFICACIÓN NOTARIAL** en el idioma español] |
|---|---|

Un notario público u otro funcionario que llene este certificado verifica únicamente la identidad de la persona que firmó el documento al que se adjunta este certificado, y no la veracidad, exactitud o validez de dicho documento.

ESTADO DE CALIFORNIA )
) ss:
CONDADO DE SAN DIEGO )

El día 17 de noviembre de 2022 ante mí, R. Marina Collins, Notario Público, compareció personalmente Román Israel Gómez Castruita, quién me demostró, sobre la base de evidencia satisfactoria, ser la(s) persona(s) cuyo nombre(s)aparece(n) suscrito(s) en el presente instrumento y quien(es) me reconoció/reconocieron haberlo firmado en su(s) capacidad(es) autorizada(s), y que mediante su(s) firma(s) en el instrumento la(s) persona(s), o la entidad en nombre de la cual actuó(aron) la(s) persona(s), firmó(aron) el instrumento.

Certifico bajo PENA DE PERJURIO de acuerdo con las leyes del Estado de California que el párrafo anterior es verdadero y correcto.

EN TESTIMONIO DE LO CUAL firmo y coloco mi sello oficial.

[Sello que reza: "NNA 1 | EL GRAN SELLO DEL ESTADO DE CALIFORNIA| R. MARINA COLLINS | Notario Público - California, Condado de San Diego | Comisión # 2370276 | Mi Comisión Vence el 9 de Agosto de 2025"]

[Firma ilegible]

Notario Público

DAVID SURO CARCAMO
PERITO TRADUCTOR
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX
DIRECTUM TRANSLATIONS

TRADUCCIÓN CERTIFICADA

El suscrito perito **David Suro Cárcamo**, autorizado por el **H. Tribunal Superior de Justicia de la Ciudad de México** para ejercer como **Perito Traductor** del idioma español e inglés, conforme se establece en el Acuerdo **16-44/2020**, publicado en el ***Boletín Judicial***, *Órgano Oficial del Tribunal Superior de Justicia de la Ciudad de México* **el 8 de marzo de 2021**, No. **11**, **Tomo CC**, registrado en la *Lista de Peritos Auxiliares de la Administración de Justicia* con el **No. 186**, **CERTIFICO** al estampar mi sello y firma autógrafa en cada foja traducida, que el presente documento que consiste en 09 (-nueve-) foja(s), es una traducción fiel, completa y fidedigna a mi leal saber y entender del documento fuente que tuve a la vista.

Ciudad de México a 23 de Noviembre de 2022.

DIRECTUM TRANSLATIONS

DAVID SURO CÁRCAMO PERITO TRADUCTOR TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX DIRECTUM TRANSLATIONS

31

LIC. ANTONIO LÓPEZ AGUIRRE
ESTADOS UNIDOS MEXICANOS
NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

B

GUILLERMO CARRANCO ROMERO
ESTADOS UNIDOS MEXICANOS
NOTARIA 65 CIUDAD DE MÉXICO







32

B

PASAPORTE
13602323

Estados Unidos Mexicanos



P MEX G32554181

MIZRAHI VILLARRUEL

SHANI

MEXICANA

19 10 1989

F DISTRITO FEDERAL

13 12 2018

13 12 2028

CUAJIMALPA

P<MEXMIZRAHI<VILLARRUEL<<SHANI<<<<<<<<<<<<<<

G325541819MEX8910196F2812139<<<<<<<<<<<<<<02

33

LIC. ANTONIO LÓPEZ AGUIRRE ESTADOS UNIDOS MEXICANOS NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

N250

ANTONIO LÓPEZ AGUIRRE

EXPIDO ESTE **QUINTO TESTIMONIO** EN SU ORDEN, EN **TREINTA Y CUATRO** PAGINAS UTILES, DENTRO DE LAS QUE SE INCLUYEN EN SU CASO, COPIAS DE LOS DOCUMENTOS QUE OBRAN EN SU APENDICE Y QUE POR LEY DEBAN REPRODUCIRSE, PARA LOS SEÑORES **ROGELIO ARTURO ISLAS PEREZ**, **JUAN COLIN DOMINGUEZ** y **ROMAN ISRAEL GOMEZ CASTRUITA** A TITULO DE **APODERADOS**.- DOY FE.- CIUDAD DE MEXICO, A **VEINTE DE FEBRERO DEL DOS MIL VEINTICINCO**.

HUSR/bov*

LIC. ANTONIO LÓPEZ AGUIRRE ESTADOS UNIDOS MEXICANOS NOTARIA No. 250 DE LA CIUDAD DE MÉXICO

TJCDMX PODER JUDICIAL CIUDAD DE MÉXICO
RECIBIDO
24 MAR. 2025
NUMERO 27
OFICIALÍA DE PARTES COMÚN PARA JUZGADOS Y SALAS