**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **FOX CORPORATION,** | § | |
| **FOX MEDIA LLC, and** | § | |
| **FOX SPORTS EN ESPAÑOL LLC,** | § | |
| ***Plaintiffs*** | § | |
| | § | **CAUSE NO. 4:25-MC-02271** |
| **v.** | § | |
| | § | |
| **MANUEL ARROYO,** | § | |
| ***Defendant.*** | § | |
| | § | |

**PLAINTIFFS' OPPOSED EXPEDITED MOTION TO HOLD MANUEL ARROYO IN CONTEMPT**

PLAINTIFFS
4:25-cv-4650
EXHIBIT 52

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. BACKGROUND ........ 3

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. Arroyo is in contempt of court ........ 6

B. The Court should dismiss Arroyo's pending Rule 60 motion as a sanction for his contempt of court ........ 7

1. Arroyo's violation is willful and was committed in bad faith ........ 7

2. Arroyo, not the attorney, is responsible for this violation ........ 8

3. The violation substantially prejudices Plaintiffs ........ 9

4. Lesser sanctions have proven ineffective ........ 9

V. CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adrian Shipholding Inc. v. Lawndale Grp. S.A.*,
2012 WL 104939 (S.D.N.Y. Jan. 13, 2012)........ 12

*Blessey Marine Servs., Inc. v. Jeffboat, LLC*,
2011 WL 3349844 (E.D. La. Aug. 3, 2011)........ 7

*Cruz v. Morris*,
2016 WL 7048054 (S.D. Tex. Feb. 12, 2016)........ 12

*FDIC v. Conner*,
20 F.3d 1376 (5th Cir. 1994)........ 6

*Fox Corporation, et al. v. Media Deportes Mexico*,
Case No. 25-cv-6703 (S.D.N.Y.), ECF No. 45........*passim*

*G.K. v. D.M.*,
2023 WL 2316213 (E.D. La. Jan. 25, 2023)........ 7

*Hamm v. Acadia Healthcare Co.*,
2024 WL 1463168 (E.D. La. Apr. 4, 2024)........ 7

*Haynes v. Otho*,
2017 WL 11645307 (W.D. Tex. Nov. 17, 2017)........ 12

*In re Bradley*,
588 F.3d 254 (5th Cir. 2009)........ 5

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982)........ 11, 12

*King v. Fidelity Nat'l Bank of Baton Rouge*,
712 F.2d 188 (5th Cir. 1983)........ 7

*La Banque Societe Generale v. Al Kasabi*,
46 F. App'x 225 (5th Cir. 2022) (per curiam)........ 12

*Law Funder, LLC v. Munoz*,
924 F.3d 753 (5th Cir. 2019)........ 6

*Maggio v. Zeitz*,
333 U.S. 56 (1948)........ 6

*Maness v. Meyers*,
419 U.S. 449 (1975) .......... 7

*Martin v. Trinity Indus., Inc.*,
959 F.2d 45 (5th Cir. 1992) .......... 5

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*,
112 F.3d 1296 (5th Cir. 1997) .......... 6

*Quinonez v. Alpha Air Conditioning, Heating & Electrical, LLC*,
2017 WL 6371724 (N.D. Tex. Nov. 27, 2017) .......... 12

*Taylor v. Sturgell*,
553 U.S. 880 (2008) .......... 2, 10, 13

*United States v. $49,000 Currency*,
330 F.3d 371 (5th Cir. 2003) .......... 11

*United States v. Fidanian*,
465 F.2d 755 (5th Cir.1972) .......... 5

**Other Authorities**

Fed. R. Civ. P. 37 .......... 5, 11, 12

Fed. R. Civ. P. 60 .......... *passim*

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Manuel Arroyo is in contempt of court. After the Court ordered that Plaintiffs could seek jurisdictional discovery against Arroyo, he responded to Plaintiffs' discovery requests in April 2026 with stonewalling and bad faith responses, producing virtually no information or documents. In response, the Court granted Plaintiffs' motion to compel Arroyo to produce full responses and make complete document productions without objection, as well as to respond to Plaintiffs' spoliation discovery. ECF No. 48. The deadline for his production was August 17, 2026. Arroyo produced nothing. That is flagrant contempt of the Court's authority—and, for Arroyo, it is part of a pattern.

This is the third time Arroyo has committed contempt in connection with this dispute. The Southern District of New York ("SDNY") held Arroyo in contempt for acting in concert with the defendant there, Media Deportes Mexico, to violate the SDNY's injunction. *Fox Corporation, et al. v. Media Deportes Mexico*, Case No. 25-cv-6703 (S.D.N.Y.) ("SDNY Action"), ECF No. 45. The SDNY imposed a $200,000 daily sanction on him, which has accrued to nearly $70,000,000. Arroyo has not paid a cent. This registration action is based on a judgment Plaintiffs secured against Arroyo for a portion of those accrued sanctions.

Arroyo was next held in contempt on August 11, 2026 for ignoring an SDNY order compelling him to produce information in response to a subpoena. SDNY Action, ECF No. 266. As a sanction, the SDNY court imposed an adverse inference on Arroyo deeming that he "personally directed and caused [one of the companies he

controls, Mexico Sports Distribution LLC] to transfer its assets after September 19, 2025," *id.*, in violation of the SDNY's September 19, 2025 asset freeze order, SDNY Action, ECF No. 95.

Arroyo is once again withholding access to evidence that bears directly on the issues he asks the Court to decide. By this point, Arroyo has a familiar playbook. He engages the U.S. legal system when he thinks it benefits him (i.e., his pending Rule 60 motion in this case), but he ignores the authority of that system when it is against his interests. That is intolerable gamesmanship and an abuse of the legal process. Arroyo does not want to produce the Court-ordered information and documents because that information is relevant to defeating his pending Rule 60 motion. The Court should not tolerate Arroyo's efforts to distort the proceedings in this case. The Court should sanction Arroyo by dismissing his pending Rule 60 motion in its entirety. In the alternative, the Court should deem as established the evidentiary propositions that the Court-ordered discovery sought to prove: (1) that the SDNY court had personal jurisdiction over Arroyo to hold him in contempt and issue a judgment based on the SDNY court's contempt sanction and (2) that Arroyo was "adequately represented," as set forth in *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008), in the SDNY Action by Mexico Sports Distribution LLC, which had the same interests as Arroyo.

Plaintiffs bring this motion on an expedited basis pursuant to the Court's March 27, 2026 directive that "[a]ny discovery disputes arising from jurisdictional

discovery shall be brought to the Court's attention on an expedited basis." ECF No. 13 at 2.

## II. BACKGROUND

On March 27, 2026, the Court granted Plaintiffs' motion for leave to serve jurisdictional discovery on Arroyo in light of his pending Rule 60 motion. ECF No. 13.

On April 3, 2026, Plaintiffs propounded interrogatories and requests for production on Arroyo pursuant to the Court's order. Plaintiffs received deficient responses from Arroyo and moved to compel, seeking an order compelling Arroyo to provide full and complete responses and production of documents without objection, as well as to respond to Plaintiffs' forthcoming spoliation discovery. ECF Nos. 14, 19, 28, 37.

On July 17, 2026, the Court held a hearing on Plaintiffs' motion and issued a ruling from the bench. The Court's ruling could not have been clearer:

> I'm going to grant the motion in full; and plaintiffs have filed their supplemental briefing or requests for additional discovery to explore potential spoliation and other violations of Arroyo's discovery obligations. I'm going to grant that too.

Declaration of Marcus Tucker ("Tucker Decl.") ¶ 3, Ex. A (7/17/2026 Hr'g Trans. 18:1–5).

On July 30, 2026, the Court issued a written order embodying its ruling on July 17. ECF No. 47. On August 3, 2026, the Court issued a corrected order addressing a few typos in the original order and vacating the earlier order. ECF No. 48. In that operative August 3, 2026 order, the Court ordered that Arroyo

> provide a full and complete supplemental production of documents in his possession, custody, or control in response to Plaintiffs' Requests for Production of Documents dated April 3, 2026 no later than fourteen (14) days from the date of this Order [and]
>
> provide full, complete, and accurate supplemental answers to Plaintiffs' interrogatories no later than fourteen (14) days from the date of this Order.

*Id.*

Fourteen days from August 3, 2026 is August 17, 2026.

On August 6, 2026, Arroyo's counsel emailed Plaintiffs' counsel and suggested that Arroyo would respond to the Court's order compelling discovery responses by asking that responses to all discovery be due on August 17, 2026.

> Marcus,
>
> I want to make sure we are on the same page on when the recent discovery sent is due.
>
> The Fox discovery was sent under a now vacated order. Dkt 47. On August 3, 2026, the court entered another discovery order, Dkt 48, stating 14 days to answer.
>
> Based on the orders, we intend to file our responses by August 17, 2026.
>
> Please let me know if you think it is another date.
>
> Regards,

ECF No. 54-2.

Despite that August 6 email from Arroyo's counsel, on August 16, 2026—the day before Arroyo's deadline to provide a supplemental document production and responses—Arroyo filed a motion seeking a stay from the August 17, 2026 deadline and asking the Court for an immediate ruling. ECF No. 51. Rather than comply with the deadline he had acknowledged, Arroyo waited until the eve of production to

seek expedited relief, in an attempt to further delay the discovery the Court had already ordered. Plaintiffs filed a brief response on August 17, 2026, explaining the frivolous basis of Arroyo's request for a stay and Arroyo's transparent gamesmanship of filing his stay request the day before his discovery deadline—despite knowing of the Court's ruling since July 17, 2026. ECF No. 54-2. August 17, 2026 came and went. The Court did not rule on Arroyo's Motion to Stay. And Arroyo produced nothing.

## III. LEGAL STANDARD

The Court has broad discretion to impose sanctions and grant remedies for a party's contumacious conduct. This power derives from its inherent authority and the Federal Rules of Civil Procedure. *In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009) ("'It is settled law that the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders.'" (*quoting United States v. Fidanian,* 465 F.2d 755, 757 (5th Cir. 1972)); Fed. R. Civ. P. 37(b)(2).

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

The severity of a contempt sanction must be reasonable in light of the circumstances. When considering whether to strike pleadings or dismiss a pending

motion as a sanction, as Plaintiffs request here, the court must find that "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *Law Funder, LLC v. Munoz*, 924 F.3d 753, 758–79 (5th Cir. 2019) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)).

A litigant opposing contempt cannot assert as a defense that the violated order was improper or wrongfully issued. "The Supreme Court has recognized 'the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1307 (5th Cir. 1997) (quoting *Maggio v. Zeitz,* 333 U.S. 56, 69 (1948)).

## IV. ARGUMENT

### A. Arroyo is in contempt of court

Arroyo easily meets the standard for civil contempt. The Court's order directing Arroyo to provide full and complete discovery responses was clear and unambiguous. The order plainly ordered Arroyo to produce documents and information in response to Plaintiffs' jurisdictional requests for production and interrogatories by August 17, 2026. And Arroyo plainly violated that order by not

producing any documents or any interrogatory answers by August 17, 2026. This is clear-cut contempt.[1]

### B. The Court should dismiss Arroyo's pending Rule 60 motion as a sanction for his contempt of court

The Court has seen this same violation before and now the remedy should be dismissal of Arroyo's Rule 60 motion. Arroyo has displayed the same disregard before multiple federal courts and has demonstrated an intentional, determined resistance to court orders.

#### 1. Arroyo's violation is willful and was committed in bad faith

Arroyo's failure to produce the ordered discovery was willful. There is no mistake or inadvertence about this failure. Arroyo's counsel acknowledged that the response date was August 17, 2026. *See* ECF No. 54-2. That acknowledgment shows that Arroyo's attorney recognized that Arroyo needed to comply with the Court's order by August 17. Arroyo's failure to produce the documents and information ordered by the Court on August 17 shows a willful disregard for the Court's order.

[1] Arroyo's last-minute motion to stay does not relieve him of his duty to comply with the Court's order compelling him to produce supplemental discovery. *See Hamm v. Acadia Healthcare Co.*, 2024 WL 1463168, at *5 (E.D. La. Apr. 4, 2024) ("In the absence of a stay, a party remains obligated to comply with the court's order unless and until the order is set aside." (citing *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2011 WL 3349844, at *4 (E.D. La. Aug. 3, 2011)); *G.K. v. D.M.*, 2023 WL 2316213, at *4 & n.23 (E.D. La. Jan. 25, 2023) ("[A]bsent a stay, a party is obligated to comply with a magistrate judge's discovery order until and unless the order is set aside." (gathering cases)); *cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."); *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 189 (5th Cir. 1983) ("[T]he greater error in [plaintiff's] analysis is that a motion to quash must be not only made but *granted* before the scheduled deposition to excuse compliance.").

It also shows bad faith because Arroyo's counsel previously suggested that Arroyo would comply. *See* ECF No. 54-2 ("I want to make sure we are on the same page of when the recent discovery sent is due. . . . Based on the orders, we intend to file our responses by August 17, 2026."). Bad faith is also present here because Arroyo's violation is part of a course of conduct of flagrant disregard of federal court orders. Less than a week ago, on August 11, Arroyo was held in contempt for exactly the same conduct—ignoring an order compelling Arroyo to produce information in response to a subpoena. *See* SDNY Action, ECF No. 266.

Arroyo violated the Court's order because he does not want to comply. Over the last two years, he has shown continual disregard for the authority of the U.S. legal system in federal courts across the country. Heightened sanctions—including dismissal—are warranted here because Arroyo's violation was deliberate, willful, and undertaken in bad faith.

**2. Arroyo, not the attorney, is responsible for this violation**

The responsibility for Arroyo's violation of the Court's order rests with Arroyo. As Arroyo's counsel conveyed to Plaintiffs' counsel on August 6 in email correspondence, Arroyo's counsel recognized that Arroyo needed to provide his responses to the Court's order on August 17. *See* ECF No. 54-2. In addition, Arroyo's counsel in this case does not represent Arroyo in the SDNY Action, where Arroyo also recently chose to ignore the SDNY court's order compelling him to comply with a subpoena and where the SDNY, as a sanction for Arroyo's contempt, deemed as an established fact that "Arroyo personally directed and caused" the transfer of assets

in violation of an asset freeze order. *See* SDNY Action, ECF No. 266. That course of conduct shows that Arroyo is making the noncompliance decisions here. This element supports heightened sanctions.

**3. The violation substantially prejudices Plaintiffs**

Arroyo's pending Rule 60 motion is premised on challenging the SDNY court's jurisdiction to issue a contempt judgment against Arroyo. Plaintiffs' jurisdictional discovery requests—ordered by the Court—are tailored to gather evidence to oppose that motion. By refusing to produce documents and information in response to those discovery requests, Arroyo is denying Plaintiffs the means with which to oppose his Rule 60 motion, including evidence showing that Mexico Sports Distribution LLC adequately represented Arroyo's interests in the SDNY Action—which would bar Arroyo's Rule 60 motion on res judicata grounds—and evidence showing that the SDNY court properly exercised personal jurisdiction over Arroyo for purposes of issuing judgment against Arroyo for his contempt—which would undermine the substantive basis for Arroyo's Rule 60 motion. That denial of discovery severely prejudices Plaintiffs because it deprives them of the very information needed to rebut Arroyo's arguments. This element favors heightened sanctions.

**4. Lesser sanctions have proven ineffective**

Arroyo is the paradigmatic example of a serial contemnor whose conduct warrants the severest sanctions. He has been sanctioned with a $200,000 daily fine, which has accrued to nearly $70,000,000. SDNY Action, ECF Nos. 45, 73. He has been sanctioned with an order freezing his assets in the United States. SDNY

Action, ECF No. 73. And he has been sanctioned again with an adverse inference deeming that he was personally involved in directing one of his companies to transfer its assets after an asset freeze was imposed on it. SDNY Action, ECF No. 266. None of those sanctions have coerced his compliance with these federal court orders. This course of conduct shows that less drastic sanctions are inadequate. Arroyo instead continues to engage the legal system to foist additional expense and delay upon Plaintiffs to prevent them from obtaining relief from his contempt. Here, his contumacious conduct appears calculated to deprive Plaintiffs of the evidence they need to defeat his Rule 60 motion. Arroyo should not be permitted to continue to abuse the legal process in this manner. If he is not willing to engage in the ordered discovery concerning his Rule 60 motion, he should not be permitted to obtain relief from that motion.

The elements above show that heightened sanctions are warranted here. The appropriate sanction is to dismiss Arroyo's Rule 60 motion, or, in the alternative, to deem established (1) that the SDNY court had jurisdiction over Arroyo for purposes of holding him in contempt and issuing a judgment based on the SDNY court's contempt sanctions and (2) that Arroyo was "adequately represented," as set forth in *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008), in the SDNY Action by Mexico Sports Distribution LLC, which had the same interests as Arroyo.

Either sanction would be appropriate, but Plaintiffs respectfully submit that dismissal is warranted given Arroyo's deliberate, willful, and repeated disregard of court orders. The only material difference between the two sanctions is that

dismissal is more efficient. If the Court were to deem established the two requested propositions, Plaintiffs would still need to undertake the time and expense of filing an opposition to Arroyo's Rule 60 motion explaining how those established propositions wholly defeat Arroyo's motion. Adjudicating Arroyo's motion would thus be a waste of judicial resources and play into Arroyo's strategy of delay. Dismissal is the better course.

Under Rule 37, a discovery sanction must be "just" and must be specifically related to the particular claim that was at issue in the order to provide discovery. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Here, the requested sanctions are just because Arroyo has defied a clear court order, which is a continuation of his serial defiance of court orders related to this dispute. The requested sanctions are also specifically related to the particular claim that was at issue in the order to provide discovery: dismissing Arroyo's Rule 60 jurisdictional motion is appropriate because Arroyo has denied Plaintiffs with the jurisdictional discovery required to contest his motion, and, in the case of the alternative relief deeming certain propositions established, those propositions are precisely the subjects for which the Court authorized discovery. *See* ECF No. 13. Accordingly, the requested sanctions are both just and proportional.

The Court would be on well-trod ground were it to impose the requested sanctions on Arroyo under these circumstances. *See, e.g., United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003) (upholding award of default judgment as a sanction for Claimants' "obstructive behavior as exemplified by their evasive and

incomplete responses"); *La Banque Societe Generale v. Al Kasabi*, 46 F. App'x 225 (5th Cir. 2022) (per curiam) (affirming Rule 37 sanction holding personal jurisdiction established for failure to engage in discovery); *Quinonez v. Alpha Air Conditioning, Heating & Electrical, LLC*, 2017 WL 6371724, at *2 (N.D. Tex. Nov. 27, 2017) (striking defendant's answer as a sanction for "refusal to comply with reasonable discovery requests and court orders"), *report and recommendation adopted by* 2017 WL 6343546 (N.D. Tex. Dec. 12, 2017); *Haynes v. Otho*, 2017 WL 11645307 (W.D. Tex. Nov. 17, 2017) (striking defendant's answer and granting default judgment as sanction for defendant's failure "to obey the Court's orders to provide or permit discovery"); *Cruz v. Morris*, 2016 WL 7048054, at *1 (S.D. Tex. Feb. 12, 2016) (same); *accord Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 704-09 (establishing presumption of personal jurisdiction as appropriate sanction for violation of jurisdictional discovery obligations); *Adrian Shipholding Inc. v. Lawndale Grp. S.A.*, 2012 WL 104939, at *6-8 (S.D.N.Y. Jan. 13, 2012) (same).

## V. CONCLUSION

Arroyo has again deliberately disregarded a U.S. federal court's authority. Arroyo should be held in contempt, and his pending Rule 60 motion should be dismissed. Or, if the Court deems a less severe sanction warranted, it should deem as established (1) that the SDNY court had jurisdiction over Arroyo for purposes of holding him in contempt and issuing a judgment based on the SDNY court's contempt sanctions and (2) that Arroyo was "adequately represented," as set forth in

*Taylor v. Sturgell*, 553 U.S. 880, 894 (2008), in the SDNY Action by Mexico Sports Distribution LLC, which had the same interests as Arroyo.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: */s/ Marcus R. Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
1001 Fannin St., Ste. 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**
D. Michael Hurst, Jr.**
MSB No. 99990
1905 Community Bank Way, Ste. 200
Flowood, MS 39232
Telephone: 601-352-2300
***Admitted Pro Hac Vice*

**STEPTOE LLP**
Katherine A. Petti**
kpetti@steptoe.com
Christopher T. Berg (Bar No. 24082682)
cberg@steptoe.com
633 West Fifth Street. Ste. 1900
Los Angeles, CA 90071
Telephone: 213-439-9400
***Admitted Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

Pursuant to Paragraph 15(a) of this Court's standing order, I certify that counsel for Plaintiffs conferred with Steven R. Shaver, counsel for Defendant, regarding the relief requested in this Motion. Defendant is opposed.

*/s/ Marcus R. Tucker*
Marcus R. Tucker

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send electronic notice of such filing to all counsel of record.

*/s/ Marcus R. Tucker*
Of Phelps Dunbar LLP