# EXHIBIT B

PLAINTIFFS
4:25-cv-4650
EXHIBIT 57

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| FOX CORPORATION; FOX MEDIA LLC; and FOX SPORTS EN ESPAÑOL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MANUEL ARROYO,<br><br>Defendant. | Cause No.: 4:25-MC-02271<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT MANUEL ARROYO REGARDING JURISDICTIONAL DISCOVERY** |

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1. This set of interrogatories ("Interrogatories") seeks information during the period beginning January 1, 2025 through the present, unless some other time period is specified in a particular request.

2. "AFFILIATE(S)" means, when used with respect to a specific PERSON, any PERSON that, in whole or in part, controls, is controlled by, or is under common control with, such specified PERSON, directly or indirectly through one or more PERSONS.

3. "ASSET(S)" means any property or thing of value, including but not limited to all real property, tangible personal property, and intangible personal property including intellectual property, accounts receivable, notes receivable, stocks, bonds, and other securities for which Defendant Manuel Arroyo ("Arroyo") may be a beneficiary.

4. "CONTROL" (including the terms "controlled by" and "under common control with"), as used with respect to any PERSON, means the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such PERSON, whether through the ownership of voting securities, by contract, or otherwise.

5. "DOCUMENT(s)" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate "DOCUMENT" within the meaning of this term. "DOCUMENT(s)" shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. "DOCUMENT(s)" expressly include all "ELECTRONIC RECORDS."

6. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical,

facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs, and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

7. "ENTITY" or "ENTITIES" means all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited duration companies, limited liability partnerships, and all other forms of organizations, partnerships, or associations that are not human beings.

8. "FOX SPORTS MEXICO" means the set of assets that make up the business currently operated by Media Deportes Mexico, S. de R.L. de C.V. and Mexico Sports Distribution, LLC, as set forth on page 3 footnote 1 of the pleading submitted by Media Deportes Mexico, S. de R.L. de C.V. and Mexico Sports Distribution, LLC on March 24, 2025 to the 42nd Civil Court of Mexico City, copies of which can be found at docket entry numbers 13-3 and 13-4 of the SDNY ACTION.

9. “FOX SPORTS TRADEMARKS” means the trademarks listed in the temporary restraining order found at docket entry number 26 of the SDNY ACTION.

10. “INTEREST(S)” includes any power, authority, responsibility, or obligations related to any ENTITY, as well as any legal, equitable, beneficial, or contingent direct or indirect interest in any ASSET.

11. “OWN” or “OWNERSHIP” means owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including as a partner (general or limited), limited liability member, fiduciary, equity or debt holder, or demand deposit holder.

12. “PERSON(S)” means and refers to any human being or any business, legal, or governmental entity or association.

13. “RELATING” or “RELATING TO” means referring to, regarding, describing, evidencing, constituting, reflecting, concerning, pertaining to, connected with, commenting on, responding to, showing, disclosing, demonstrating, discussing, analyzing, identifying, or in any way logically or factually relevant to the subject matter referenced.

14. “SDNY ACTION” means the litigation captioned *Fox Corp. et al. v. Media Deportes Mexico, S. de R.L. de C.V.*, No. 1:25-cv-06703-JSR, in the United States District Court for the Southern District of New York.

15. “YOU,” “YOURSELF,” and/or “YOUR” means Arroyo, as well as any attorney, agent, or representative acting on his behalf.

16. These Interrogatories apply to information contained within all DOCUMENTS in YOUR possession, custody, or control, regardless of whether such documents are held by YOU or YOUR affiliates, designees, alter egos, agents, managers, employees, representatives,

attorneys, custodians, nominees, or any other PERSON.

17. In the event that YOU contend that any part of the requests in these Interrogatories are objectionable, in whole or in part, state with particularity each such objection and the bases thereof, and respond to the remainder of the request to the extent that YOU are not objecting to it.

18. These requests are continuing. If, after responding to these Interrogatories, YOU become aware of additional information that is responsive to these requests, YOU are required to supplement YOUR responses immediately.

**INTERROGATORIES**

1. Describe the complete control and ownership structure of Mexico Sports Distribution, LLC, including YOUR direct or indirect ownership, voting rights, and authorities to direct or control the management, operations, or decision-making of Mexico Sports Distribution, LLC, its parents, subsidiaries, and any AFFILIATES thereof, including any changes thereto, if any, since January 1, 2025.

2. Describe each and every INTEREST YOU have or had in Mexico Sports Distribution, LLC—including voting rights, ownership interest, right to receive compensation or distributions, or debt obligations—directly or indirectly, including any indirect INTEREST YOU have or had in Mexico Sports Distribution, LLC through INTERESTS in Altener, S.A. de C.V., Grupo Lauman Holding, S. de R.L. de C.V., Media Deportes Mexico, S. de R.L. de C.V., FOX SPORTS MEXICO, Comtelsat, S.A. de C.V., or AFFILIATES thereof—and the manner in which YOU held that INTEREST(s), the dates it was held, and any changes thereto since January 1, 2025.

3. Describe the PERSONS, including their name, title, and affiliation, with whom YOU communicated RELATING TO the SDNY ACTION, including the date of the

communication and whether the communication was oral or written, and in what medium the written communication occurred.

4. Describe any titles, positions, and roles YOU hold, or have held, including the responsibilities, authority, and reporting structure associated with it, and the dates when those positions were held, in Mexico Sports Distribution, LLC and any of its parent companies, subsidiary companies, or AFFILIATES thereof, including but not limited to, Altener, S.A. de C.V., Grupo Lauman Holding, S. de R.L. de C.V., Media Deportes Mexico, S. de R.L. de C.V., FOX SPORTS MEXICO, and Comtelsat, S.A. de C.V., and any changes thereto since January 1, 2025.

5. Excluding any officer or director role you may have held with Mexico Sports Distribution, LLC, identify any INTEREST YOU have in the FOX SPORTS TRADEMARKS, including when such an interest began, ended, or is expected to end.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Marcus Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
910 Louisiana, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**

D. Michael Hurst Jr.*
MS State Bar No. 99990
Omid Abaei
Federal Bar No. 3850635
State Bar No. 24133303
1001 Fannin, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: mike.hurst@phelps.com
omid.abaei@phelps.com
**Admitted Pro Hac Vice*

**ELLIS GEORGE LLP**
Christopher T. Berg (Bar No. 24082682)
cberg@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of April 2026, the foregoing was electronically served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Marcus R. Tucker*
Of Phelps Dunbar LLP